UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br>　　　　Defendants. | Civil Action No. 6:20-CV-01210-GAP-GJK |

**DEFENDANTS JOMY STERLING AND STAR STATUS GROUP'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Defendants Jomy Sterling and Star Status Group ("**SSG**") hereby respectfully request that the Court dismiss, with prejudice, Counts III, IV, and V of Plaintiffs David Ndalamba and Starline Media, Inc.'s Complaint [Dkt. No. 1] (the "**Complaint**") with respect to Ms. Sterling and SSG for failure to state a claim upon which relief can be granted[1].

**INTRODUCTION**

---

[1] Filing a partial motion to dismiss suspends the time to respond to the entire complaint. *See Jacques v. First Liberty Ins. Corp.*, No. 8:16-cv-1240-T-23TBM, 2016 U.S. Dist. LEXIS 80556, at *2-3 (M.D. Fla. June 9, 2016) ("The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending."); *see also Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:07-cv-30-RVEMT, 2007 U.S. Dist. LEXIS 104009, at *2 (N.D. Fla. July 9, 2017) (collecting cases).

Even if the Court assumes that the well-plead allegations in the Complaint are true, it fails to establish an entitlement to relief as a matter of law with respect to Counts III, IV, and V. The tortious interference with contractual relationship claim (Count III) fails because it is preempted by the Florida Uniform Trade Secrets Act ("**FUTSA**"). The Computer Fraud and Abuse Act ("**CFAA**") claim (Count IV) fails because the Complaint alleges only that the CFAA claim is based on an alleged trade secret taking, which does not provide a basis for an entitlement of relief under the CFAA. Last, the FUTSA claim (Count V) fails because the Complaint fails to plausibly allege that Ms. Sterling or SSG knew or had reason to know she or it acquired a trade secret by improper means. As such, Counts III, IV, and V should be dismissed with prejudice.

## **RELEVANT BACKGROUND**[2]

The Plaintiffs filed the Complaint against Ms. Sterling and SSG on July 8, 2020, which was subsequently served on Ms. Sterling and SSG on July 16, 2020. The Complaint alleges that a former software programmer hired by the Plaintiffs, defendant Elisha Trice ("**Trice**"), stole undefined "trade secret" information and works otherwise protected by copyright (namely, a "code snippet" and other publicly available visual assets) from Plaintiffs' game *Royale High* in violation of a Non-Disclosure Agreement and Plaintiffs' proprietary rights. It is alleged that Trice subsequently shared Plaintiffs' information with Ms. Sterling and SSG, which was allegedly incorporated into a video game being developed by Ms. Sterling and SSG called *Crown Academy*. It is because of these alleged events that Plaintiffs filed the Complaint against Ms. Sterling and SSG.

---

[2] At the motion to dismiss stage, the well-pleaded facts alleged in the complaint must be accepted as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). Defendants Ms. Sterling and SSG respectfully reserve their right to contest any of the facts raised in the Complaint at the appropriate time.

As discussed below, Counts III, IV, and V with respect to Ms. Sterling and SSG should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

To survive a motion to dismiss, Plaintiffs must set forth factual allegations that, if accepted as true, are sufficient to show that they are "entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To accomplish this goal, the pleader must provide enough factual allegations to raise a right to relief above the speculative level, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to indicate the presence of the required elements for each of the pleader's claims, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**1. PLAINTIFFS' COUNT III IS PREEMPTED BY THEIR CLAIM UNDER FUTSA.**

Plaintiffs' claim for tortious interference with a contractual relationship (Count III) is preempted by Plaintiffs' FUTSA claim (Count V). Count III is predicated on Ms. Sterling and

SSG's alleged misappropriation of Plaintiffs' alleged trade secret information and the allegations that form the basis of Count III are not materially distinct from Plaintiffs' FUTSA claim.[3] *Compare* Dkt. No. 1, ¶¶ 73-77 with ¶ 89.

Section 688.008, Florida Statutes, provides that the FUTSA "displace[s] conflicting tort, restitutionary, and other law[s] of this state providing civil remedies for misappropriation of trade secret." *See Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335-36 (S.D. Fla. 2002). However, FUTSA will not apply if the other alleged cause of action is "not based upon misappropriation of a trade secret." Fla. Stat. § 688.008(2)(b). The issue thus "becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008." *Allegiance*, 232 F. Supp. 2d. at 1335-36 (internal citations omitted).

Therefore, since Plaintiffs' Count III against Ms. Sterling and SSG is predicated upon their alleged misappropriation of information protected under the FUTSA that count is preempted and should be dismissed.

**2. THE COMPLAINT FAILS TO ALLEGE THE TYPE OF DAMAGE OR LOSS REQUIRED TO PURSUE RELIEF UNDER THE CFAA.**

Plaintiffs' CFAA claim (Count IV) lacks the factual allegations necessary to satisfy the Act's threshold injury requirement. Under 18 U.S.C. § 1030(g), a plaintiff must make a plausible showing that it has suffered "damage" and/or "loss." As this Court has held on more than one

---

[3] Preemption under the FUTSA applies whether or not Plaintiffs' information ultimately constitutes a trade secret worthy of protection under FUTSA. *See Am. Registry, LLC v. Hanaw*, No. 2:13-cv-352-FTM-29CM, 2014 U.S. Dist. LEXIS 101158, at *6 (M.D. Fla. July 16, 2014) (collecting cases and stating the majority position that "the FUTSA preempts all non-contract claims based on the misappropriation of confidential and/or commercially valuable information even if the information does not constitute a trade secret under the FUTSA."); *Jouria v. CE Resource, Inc.*, No. 0:15-cv-61165-WPD, 2017 U.S. Dist. LEXIS 111698, at *14-15 (S.D. Fla. July 12, 2017) (tortious interference claim related to a NDA is preempted by the FUTSA).

occasion, "the alleged wrongful taking of trade secrets does not, by itself, fit within the grouping of [CFAA] 'damage' or 'loss.'" *Lockheed Martin Corp. v. Speed*, 81 USPQ2d 1669, 1671 (M.D. Fla. Aug. 1, 2006) (Presnell, J.), *citing Resdev, LLC v. Lot Builders Ass'n*, 2005 U.S. Dist. LEXIS 19099, at *4 (M.D. Fla. Aug. 10, 2005) ("ResDev's position fails to acknowledge that allegedly ill-gotten revenues from a trade secret are neither a 'but-for' nor a proximate consequence of 'damage,' and nor they fit within the grouping of 'loss.'"). Here, the only damage or loss alleged under Count IV are damages and/or loss Plaintiffs allegedly sustained as a result of Ms. Sterling and SSG's alleged unlawful acquisition of "Plaintiffs' valuable business information, including confidential, proprietary, and trade secret information." [Dkt. No. 1 ¶¶ 80-81]. There are no allegations that Plaintiffs have been harmed beyond any lost profits stemming from the alleged theft of trade secrets. Thus, the Plaintiffs' Count IV should be dismissed.

3. **PLAINTIFFS' TRADE SECRET CLAIM FAILS BECAUSE IT DOES NOT PLAUSIBLY ALLEGE MISAPPROPRIATION ON THE PART OF EITHER MS. STERLING OR SSG.**

Plaintiffs' trade secret misappropriation claim under the FUTSA (Count V) fails because the Complaint fails to plausibly allege any misappropriation on the part of either Ms. Sterling or SSG. To establish a claim for misappropriation under the FUTSA, the "Plaintiffs must show that (1) they possessed valuable confidential information and took reasonable steps to protect it and (2) the information was 'misappropriated,' either by one who knew or had reason to know that secret was improperly obtained or by one who used improper means to obtain it." *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1077 (S.D. Fla. May 29, 2003) (internal citations omitted); Fla. Stat. § 688.002. "Improper means" is defined to mean "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Fla. Stat. § 688.002(1).

Here, other than the conclusory allegations that Defendants "had knowledge of the [NDA]," [Dkt. No. 1 ¶ 77][4], and "misappropriated and threatened to misappropriate trade secrets in violation of Florida's Uniform Trade Secrets Act, Fla. Stat. Ch. 688" [Dkt. No. 1 ¶ 89], there are no well-plead factual allegations in the Complaint that show that Ms. Sterling or SSG knew or had reason to know that Plaintiffs' alleged trade secrets were obtained by Trice by improper means. Specifically, no where in the Complaint does it plausibly allege Ms. Sterling or SSG knew about the NDA Trice signed, which means they could not have known that they were receiving any alleged trade secrets from Trice or otherwise using any trade secrets in violation of the Trice NDA. Thus, the Plaintiffs' Count V should be dismissed.

## CONCLUSION

Because Counts III, IV, and V of the Complaint fail to state claims upon which relief can be granted Ms. Sterling and SSG respectfully request that the Court dismiss them with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**[SIGNATURE PAGE FOLLOWS]**

---

[4] Conclusory allegations of a defendant's knowledge, without more, are legally insufficient allegations. *See Gonzalez v. Amazon.com, Inc.*, No. 19-23988-Civ-Scola, 2020 U.S. Dist. LEXIS 41718, at *6 (S.D. Fla. Mar. 10, 2020) (citing *Twombly*, 550 U.S. at 557) (the complaint's conclusory allegations "that the Defendants knowingly and intentionally trafficked in confiscated property…without any other allegations demonstrating the Defendants' knowledge, are legally insufficient to state a claim."); *see also Furnari v. Nuance Communs.*, No. 6:11-cv-01119-Orl-36GJK, 2012 U.S. Dist. LEXIS 207050, at *15 (M.D. Fla. Feb. 27, 2012) (plaintiff's conclusory allegation of defendant's knowledge of a contract insufficient under *Twombly*).

DATED: August 6, 2020                         Respectfully submitted,

                                                               Jomy Sterling AND
                                                                Star Status Group
                                                                By Their Attorney,
                                                                <u>/s/ Shaun P. Keough</u>
                                                                Shaun P. Keough (Trial Counsel)
                                                                Florida Bar # 1000985
                                                                PARKER KEOUGH LLP
                                                                3505 Lake Lynda Dr. Suite 200
                                                                Orlando, FL 32817
                                                                Tel.: (321) 262-1146
                                                                Fax.: (617) 963-8315
                                                                E-mail: skeough@parkerkeough.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on August 6, 2020 on all counsel of record.

                                                                BY: <u>s/ Shaun P. Keough</u>
                                                                Shaun P. Keough, Esquire
                                                                Fla. Bar No.: 1000985