# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br><br>               Plaintiffs,<br><br>    v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br><br>          Defendants. | Civil Action No. 6:20-CV-01210-GAP-GJK<br><br><br><br>**JURY DEMAND** |
| JOMY STERLING and STAR STATUS GROUP<br>          Counterclaim Plaintiffs,<br><br>    v.<br><br>DAVID NDALAMBA and TYLER GNASS<br><br>          Counterclaim Defendants. |  |

## DEFENDANTS JOMY STERLING AND STAR STATUS GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT TOGETHER WITH COUNTERCLAIMS AGAINST DAVID NDALAMBA AND TYLER GNASS

Defendants Jomy Sterling and Star Status Group ("**SSG**") hereby respectfully submit, by and through their undersigned counsel, this answer to Plaintiffs' complaint [Dkt. No. 1], with affirmative defenses and counterclaims to follow.

## I. NATURE OF THE ACTION

1.      Admit that David Ndalamba and Starline Media, Inc. initiated the above-referenced action against Elisha Trice, Jomy Sterling, and Star Status Group. The allegations set forth in Paragraph No. 1 are otherwise denied.

2.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 2.

3.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 3.

4.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 4.

5.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 5.

6.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 6. Further, Paragraph 6 purports to characterize the contents of a document, "Exhibit L," which speaks for itself, and thus no response is required.

7.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 7.

8.      Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 8.

9.      Denied.

10.     Ms. Sterling and SSG state that Crown Academy has not yet been released. The allegations in Paragraph 10 are otherwise denied.

11.     Denied.

## II. PARTIES

12.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 12.

13.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 13.

14.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 14.

15.     Denied.

16.     Denied.

## III. JURISDICTION AND VENUE

17.     Ms. Sterling and SSG state that the allegations in Paragraph 17 set forth legal conclusions to which no response is required.

## IV. GENERAL ALLEGATIONS

**A. Defendant TRICE's Breach of the Software Development Non-Disclosure Agreement.**

18.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 18. Further, Paragraph 18 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

19.     Paragraph 19 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

### A. Exhibits As Evidence In Support of General Allegations.

20.     Denied. Further, Paragraph 20 purports to characterize the contents of a document, "Exhibit A," which speaks for itself, and thus no response is required.

21.     Denied. Further, Paragraph 21 purports to characterize the contents of a document, "Exhibit A," which speaks for itself, and thus no response is required.

22.     Denied.

23.     Denied.

24.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 24.

25.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 25. Further, Paragraph 25 purports to characterize the contents of a document, "Exhibit F," which speaks for itself, and thus no response is required.

26.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 26. Further, Paragraph 26 purports to characterize the contents of a document, "Exhibit B," which speaks for itself, and thus no response is required.

27.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 27.

28.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 28. Further, Paragraph 28 purports to characterize the contents of a document, "Exhibit B," which speaks for itself, and thus no response is required.

29.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 29.

30.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 30.

31.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 31. Further, Paragraph 31 purports to characterize the contents of a document, "Exhibit C," which speaks for itself, and thus no response is required.

32.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 32.

33.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 33. Further, Paragraph 33 purports to characterize the contents of a document, "Exhibit D," which speaks for itself, and thus no response is required.

34.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 34.

35.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 35. Further, Paragraph 35 purports to characterize the contents of a document, "Exhibit E," which speaks for itself, and thus no response is required.

36.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 36. Further, Paragraph 36

purports to characterize the contents of a document, "Exhibit E," which speaks for itself, and thus no response is required.

37.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 37. Further, Paragraph 37 purports to characterize the contents of a document, "Exhibit F," which speaks for itself, and thus no response is required.

38.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 38.

39.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 39.

40.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 40. Further, Paragraph 40 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

41.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 41. Further, Paragraph 41 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

42.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 42.

43.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 43.

44.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 44.

45.     Denied. Further, Paragraph 45 purports to characterize the contents of a document, "Exhibit H," which speaks for itself, and thus no response is required.

46.     Denied. Further, Paragraph 46 purports to characterize the contents of a document, "Exhibit H," which speaks for itself, and thus no response is required.

47.     Denied. Further, Paragraph 47 purports to characterize the contents of a document, "Exhibit I," which speaks for itself, and thus no response is required.

48.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 48.

49.     Denied.

50.     Denied. Further, Paragraph 50 purports to characterize the contents of a document, "Exhibit J," which speaks for itself, and thus no response is required.

51.     Denied. Further, Paragraph 51 purports to characterize the contents of a document, "Exhibit K," which speaks for itself, and thus no response is required.

52.     Denied.

53.     Denied. Further, Paragraph 53 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

54.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 54.

55.     Paragraph 55 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

56.     Paragraph 56 purports to characterize the contents of a document, "Exhibit N," which speaks for itself, and thus no response is required.

57.     Denied. Further, Paragraph 57 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

58.     Denied.

## COUNT I – COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

### 17 U.S.C. § 106, et seq. (Direct, Contributory, Vicarious) (Against All Defendants)

58[1].     Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

59.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 59.

60.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 60.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

---

[1] The Complaint contained two paragraphs numbered 58.

## COUNT II – BREACH OF THE NON-DISCLOSURE AGREEMENT

69.     Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

70.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 70. Further, Paragraph 70 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

71.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 71.

72.     Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 72.

## COUNT III – FOR TORTIOUS INTERFERENCE OF A CONTRACTUAL RELATIONSHIP AGAINST DEFENDANTS STARLING AND STAR STATUS GROUP

73.     Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

74.     Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

75.     Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

76.     Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

77.     Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

78.     Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

## COUNT IV – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

79.     Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

80.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

81.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

82.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

83.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

84.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

85.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

86.     Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

## COUNT V – MISAPPROPRIATION OF TRADE SECRETS/VIOLATION OF FLORIDA'S UNIFORM TRADE SECRETS ACT

87.     Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

88.     Count V is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

89.     Count V is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

90.     Count V is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

91.     Count V is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

Ms. Sterling and SSG deny any and all relief sought by the Plaintiffs after Paragraph 91 of the complaint.

**[AFFIRMATIVE DEFENSES AND COUNTERCLAIMS BELOW]**

### AFFIRMATIVE DEFENSES[2]

Ms. Sterling and SSG further set forth the following defenses, without waiving any arguments that they may be entitled to assert regarding the burden of proof, legal presumptions, or other legal characterizations.

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Lack of Ownership

Plaintiffs' copyright infringement claim fails because Plaintiffs are not the owner of the alleged copyrights at issue.

### THIRD AFFIRMATIVE DEFENSE

#### Lack of Required Registration

Plaintiffs' copyright infringement claim fails because Plaintiffs lack the required registration(s) to bring their claim. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881 (2019).

---

[2] The affirmative defenses identified represent those Ms. Sterling and SSG have respect to Count I only, since the only other courts against them – Counts III, IV, and V – are subject to a pending motion to dismiss. Ms. Sterling and SSG reserve the right to amend their answer should all or part of their motion to dismiss be denied.

**FOURTH AFFIRMATIVE DEFENSE**

No Originality

Plaintiffs' copyright infringement claim fails because the alleged infringed software lacks the originality required for copyright protection under the Copyright Act.

**FIFTH AFFIRMATIVE DEFENSE**

No Substantial Similarity

There is no substantial similarity between Plaintiffs' alleged works and any works owned or created by Ms. Sterling or SSG.

**SIXTH AFFIRMATIVE DEFENSE**

No Copyrightable Subject Matter

Plaintiffs' alleged works are not subject to copyright protection because they represent ideas, procedures, methods, systems, processes, concepts, principles, or discoveries.

**SEVENTH AFFIRMATIVE DEFENSE**

Merger Doctrine

Plaintiffs' alleged works represent the only way to express an idea; therefore they are not protectable works under the merger doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

Waiver

Plaintiffs' claims are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## NINTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are estopped by their own conduct from claiming any right to damages or other relief from Ms. Sterling or SSG.

## TENTH AFFIRMATIVE DEFENSE

### No Willful Conduct

Neither Ms. Sterling nor SSG took any action with respect to Plaintiffs' alleged rights or intellectual property willfully, knowingly, or intentionally and therefore cannot be subjected to a claim for willful infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

### Vague and Indefinite Allegations

Many of the allegations set forth in the complaint are vague, ambiguous, unintelligible, and incoherent. No relief can be granted to Plaintiffs based on such vague and indefinite allegations.

## TWELFTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiffs' copyright infringement claim is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Speculative Losses

Plaintiffs' losses, if any, are speculative and/or uncertain and, therefore, not compensable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Reservation of Affirmative Defenses

Ms. Sterling and SSG expressly reserve the right to supplement their Answer to the complaint to include Affirmative Defenses which may become known to them during the course of these proceedings.

## DEFENDANTS JOMY STERLING AND STAR STATUS GROUP'S COUNTERCLAIMS AGAINST DAVID NDALAMBA AND TYLER GNASS

Pursuant to Rules 13 and 20 of the Federal Rules of Civil Procedure, Defendants Jomy Sterling and Star Status Group ("**SSG**") bring the following Counterclaims against David Ndalamba (as an individual and as a purported agent of Starline Media, Inc.) and Tyler Gnass for damages caused by their illegal conduct.

## INTRODUCTION

The lawsuit filed against Ms. Sterling and her Roblox group is part of a smear campaign engineered by Mr. Ndalamba and Mr. Gnass to destroy Ms. Sterling's reputation and business all

because she is developing and about to publish a game on the Roblox platform called *Crown Academy* that will directly compete with a game Mr. Ndalamba is associated with called *Royale High*. Not only that, Mr. Gnass' actions are revenge for being justifiably let go by Ms. Sterling for willfully violating the basic terms of the parties' working relationship. Prior to Mr. Ndalamba's filing of the lawsuit, he and Mr. Gnass made defamatory and disparaging statements about Ms. Sterling and her Roblox group to many in the Roblox community (including Ms. Sterling's business associates and extensive fan base) by way of a YouTube video, Discord chats, social media posts, and direct online and phone communications. At one point, Mr. Gnass orchestrated a false and defamatory Twitter post by enlisting the help of an innocent bystander so that he could harm Ms. Sterling and her business without actually getting any blood on his hands. As a direct consequence and proximate cause of Mr. Ndalamba and Mr. Gnass' actions Ms. Sterling's reputation in the Roblox community has been irreparably shattered and the impending release of her game *Crown Academy* has been effectively sabotaged. Ms. Sterling has suffered and is expected to suffer substantial lost profits and related damages (including extensive damage to her reputation) in an amount exceeding $75,000.

## PARTIES

1.      Counterclaim Plaintiff Jomy Sterling, in her individual capacity and as the sole owner of the Roblox group called Star Status, is a Florida resident and resides in this District.

2.      Counterclaim Plaintiff Star Status Group is a Roblox group.

3.      Counterclaim Defendant David Ndalamba ("**Mr. Ndalamba**") is an individual that resides in Ontario, Canada.

4.      Counterclaim Defendant Tyler Gnass ("**Mr. Gnass**") is an individual that resides in the State of Michigan.

## JURISDICTION AND VENUE

5.      This Court has both subject matter and personal jurisdiction over Mr. Ndalamba. The Court has supplemental subject matter jurisdiction over Mr. Ndalamba because the claims he has asserted against Ms. Sterling are so related to Ms. Sterling's claims that they form part of the same case or controversy. Diversity jurisdiction also exists with respect to Mr. Ndalamba because he is a resident of Canada and the damages in this case are in excess of $75,000 with respect to his conduct alone.

6.      Mr. Ndalamba is a plaintiff in this action and as such has already availed himself to the jurisdiction and venue of this Court.

7.      This Court has both subject matter and personal jurisdiction over Mr. Gnass. The Court has supplemental subject matter jurisdiction over Mr. Gnass because the claims Mr. Ndalamba and Starline Media, Inc. have asserted against Ms. Sterling are so related to Ms. Sterling's claims that they form part of the same case or controversy. Diversity jurisdiction also exists with respect to Mr. Gnass because he is a resident of Michigan and the damages in this case are in excess of $75,000 with respect to his conduct alone. Venue is appropriate with respect to Mr. Gnass because the Court has personal jurisdiction over him.

## FACTS

8.      Ms. Sterling is the owner of a Roblox group called Star Status.

9.      Ms. Sterling goes by the persona Pixelated Candy and is well known in the Roblox community largely because of her popular Roblox game *Fashion Famous*, the creation of other popular Roblox game assets, and significant community engagement since at least as early as 2014.

10.     In or around June of 2018, Ms. Sterling began the process of developing a new Roblox game, a game that she plans to release soon under the name *Crown Academy*. To date, development of the *Crown Academy* game has required in excess of 100+ man-hours and has cost Ms. Sterling at least $200,000 in related costs and expenses.

11.     As part of the *Crown Academy* development process, Ms. Sterling enlists the help of independent contractors that help her design and code certain aspects of the game. Enlisting the help of independent contracts is standard industry practice.

12.     In or around October 2018, Ms. Sterling enlisted the help of Mr. Gnass as an independent contractor. He was responsible for, *inter alia*, writing code for the *Crown Academy* game, which was in development at the time.

13.     Despite an amicable working relationship when the relationship first started, Mr. Gnass began to engage in conduct that violated the basic terms of the working relationship he had established with Ms. Sterling. As a result of this misconduct, Ms. Sterling was forced to part ways with Mr. Gnass. Mr. Gnass became enraged with Ms. Sterling because of this and knew exactly how he was going to get his revenge.

14.     Upon information and belief, Ms. Sterling would learn after parting ways with Mr. Gnass that he had engineered a scheme sometime during his time as an independent contractor for her to make it look like Ms. Sterling stole video game code and other information from her competitor, the team behind the game *Royale High*. He did this (a) by surreptitiously uploading *Royale High* code and other assets to Ms. Sterling's joint Discord channel and her proprietary game code, and then after he parted ways with Ms. Sterling, (b) by publicly disclosing to others in the Roblox community that Ms. Sterling had stole *Royale High* code (when in fact he was the one that surreptitiously put it in the Discord channel and Ms. Sterling's code in the first place). Mr.

Gnass knew that the statements he made about Ms. Sterling and her game were false when he made them.

15.      Mr. Gnass was not alone. Like Mr. Gnass, Mr. Ndalamba, knowing of Mr. Gnass' meddling and smear campaign, publicly disclosed to others in the Roblox community false, defamatory, and disparaging statements about Ms. Sterling and her game, namely that she had stolen code and other assets from *Royale High*. Mr. Ndalamba knew the statements he made were false when he made them.

16.      On or about February 2, 2020, Mr. Gnass and Mr. Ndalamba participated in a group call with one other person, which was recorded, and then subsequently uploaded and publicly published on YouTube for many in the Roblox community to see.

17.      During the call Mr. Gnass made the following statements (among others):

         a.      Ms. Sterling is a "shitty person."

         b.      Ms. Sterling has "stolen shit from other people" and "scammed people."

         c.      Ms. Sterling "stole the *Royale High* shop."

18.      During the call Mr. Ndalamba made the following statements (among others):

         a.      Ms. Sterling "has ruined" other peoples' lives.

         b.      "Nothing good happens" when people associate themselves with Ms. Sterling.

         c.      Ms. Sterling has stolen stuff and "gotten people to steal stuff" for her.

         d.      Ms. Sterling and her group got caught stealing.

         e.      We have a mass amount of evidence of Ms. Sterling's theft.

         f.      I wouldn't be surprised if she swatted someone or physically harmed someone.

19.      Both Mr. Gnass and Mr. Ndalamba made the statements on the call (in addition to other similar statements made outside the call) with the express purpose of ruining Ms. Sterling's repu-

tation in the Roblox community and to sabotage the release of her games, particularly her soon-to-be-released game *Crown Academy*. They both knew these statements would induce others not to associate themselves with Ms. Sterling and/or pay to play her new *Crown Academy* game.

20.     Upon information and belief, the information screen-shared during the February 2, 2020 call and subsequently disseminated privately and publicly through platforms like Twitter were taken out of context and/or fabricated.

21.     Statements similar to the statements made by Mr. Gnass and Mr. Ndalamba during the February 2, 2020 call have been published to others in private chats and phone calls, and publicly through Twitter and other social media posts.

22.     The statements made by Mr. Gnass and Mr. Ndalamba were heard or read by individuals in Florida who watched the YouTube video, read such statements in social media posts, or otherwise received such statements through direct messages from the Counterclaim Defendants via a phone call or chat.

23.     Mr. Gnass and Mr. Ndalamba's defamatory and disparaging statements have spread rapidly through the Roblox community to the point that there are now many high-profile videos on YouTube (many with 100,000 + views) discussing the false accusations.

24.     Mr. Gnass and Mr. Ndalamba's actions have irreparably damaged Ms. Sterling's reputation as a Roblox developer and have sabotaged the impending release of her new game *Crown Academy*. For example, since the defamatory and disparaging statements have been made, Ms. Sterling has been unfollowed and unfriended by many business contacts that have a substantial influence over the success of games published on the Roblox platform. Many of Ms. Sterling's fans (now former fans) have also indicated they will no longer support her or her games because of the false accusations.

## COUNT I - DEFAMATION

25.     Ms. Sterling repeats and re-alleges each of the allegations in the paragraphs above as though they were fully set forth herein.

26.     The Counterclaim Defendants each published false statements about Ms. Sterling, her game, and her group Star Status to others by way of a YouTube video, social media posts, and direct messages and phone calls.

27.     The Counterclaim Defendants made the statements identified herein knowing they were false, with reckless disregard as to their falsity, or at the very least with negligence.

28.     The statements made by the Counterclaim Defendants have subjected Ms. Sterling to hatred, distrust, ridicule, contempt, and disgrace within the Roblox community and have injured her in her trade and profession.

29.     Ms. Sterling has been injured as a direct and proximate cause of the Counterclaim Defendants' statements.

## COUNT II – TRADE LIBEL

30.     Ms. Sterling repeats and re-alleges each of the allegations in the paragraphs above as though they were fully set forth herein.

31.     The Counterclaim Defendants each published false statements about Ms. Sterling, her game, and her group Star Status to others by way of a YouTube video, social media posts, and direct messages and phone calls.

32.     When the Counterclaim Defendants made the statements alleged herein they knew or had reason to know that the statements would likely induce others not to deal with Ms. Sterling, her games, or her group Star Status.

33.     The Counterclaim Defendants' statements that Ms. Sterling and her group stole code and other video game assets from a competitor have materially and substantially induced others not to deal with Ms. Sterling, her game, or her group Star Status.

34.     The Counterclaim Defendants' statement have proximately caused and will continue to cause Ms. Sterling to lose substantial profits, in addition to a loss of business relationships and a fan base that are required to publish a successful game on Roblox.

WHEREFORE, Ms. Sterling and SSG respectfully request that the Court:

A.  Enter judgment in Ms. Sterling and SSG's favor on each of Plaintiffs' claims, dismissing the claims with prejudice.

B.  Award defendants Ms. Sterling and SSG their reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505.

C.  Enter judgment in Ms. Sterling and SSG's favor on each of their counterclaims.

D.  Order the Counterclaim Defendants to retract all defamatory statement published to date and to issue a statement to the Roblox community through whatever means required indicating that all of the defamatory statements made by them were false, namely that Ms. Sterling and SSG did not steal any code or other assets from *Royale High*.

E.  Grant Ms. Sterling and SSG such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Ms. Sterling and SSG demand a jury trial on all claims so triable.

DATED: August 7, 2020                    Respectfully submitted

                                         Jomy Sterling AND
                                         Star Status Group
                                         By Their Attorney,
                                         /s/ Shaun P. Keough
                                         Shaun P. Keough (Trial Counsel)
                                         Florida Bar # 1000985
                                         PARKER KEOUGH LLP
                                         3505 Lake Lynda Dr. Suite 200
                                         Orlando, FL 32817
                                         Tel.: (321) 262-1146
                                         Fax.: (617) 963-8315
                                         E-mail: skeough@parkerkeough.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on August 7, 2020 on all counsel of record.

                                         BY: s/ Shaun P. Keough
                                         Shaun P. Keough, Esquire
                                         Fla. Bar No.: 1000985