UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br><br>        Defendants. | Civil Action No. 6:20-CV-01210-GAP-GJK<br><br><br><br>**JURY DEMAND** |
| JOMY STERLING and STAR STATUS GROUP<br><br>        Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID NDALAMBA and TYLER GNASS<br>        Counterclaim Defendants. | |

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | Oct. 30, 2020 |

1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Disclosure of Expert Reports**  **Plaintiff:** **Defendant:** [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | March 1, 2021 April 15, 2021 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 30, 2021 |
| **Dispositive Motions** [Court recommends 5 months before trial] | July 31, 2021 |
| ***Daubert* Motions** [Court recommends 4 months before trial] | August 30, 2021 |
| **Mediation**  **Deadline:** **Mediator:** **Address:** **Telephone:** [Court encourages early mediation; however, mediation shall be conducted no later than 3 months before trial.] | July 20, 2021 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | Oct. 22, 2021 |
| **Joint Final Pretrial Statement** [Court recommends 6 weeks before Final Pretrial Conference] | Nov. 1, 2021 |
| **All Other Motions Including Motions *In Limine*** [Court recommends 3 weeks before Final Pretrial Conference] | Nov. 15, 2021 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | Dec. 13, 2021 |
| **Trial Term Begins** | Jan. 10, 2022 |
| **Estimated Length of Trial** [trial days] | 10 days |
| **Jury / Non-Jury** | Jury |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No_X__  <br><br>**Likely to Agree in Future** _____ |

I. **Preparation of the Case Management Report**

The parties may communicate with each other electronically or by telephone as long as they can agree on all significant aspects of this Report. Otherwise, lead counsel must meet in person for the purpose of preparing and filing the Report. Unless the parties agree to meet elsewhere, the meeting must be held in the Orlando Division of the Middle District of Florida.

II. **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court.

The parties ____ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on ____ by ____ (check one)  Sept. 14, 2020 (date).

Below is a description of information disclosed or scheduled for disclosure.

[The parties intend to provide disclosures in accordance with Fed. R. Civ. P. 26(a)]

III. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in

3

Section II above, and agree that (check one):

__no party anticipates the disclosure or discovery of ESI in this case;

X one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

    A.  The form or forms in which ESI should be produced.

[I. All emails, word processor documents, physical documents (i.e., documents that do not originally have an electronic counterpart), and native PDFs will be produced in searchable PDF form with Bates numbers. I suggest that Defendants/Counterplaintiffs use the prefix JS and Plaintiffs/Counterdefendant use the prefix DN.

II. Excel files will be produced in their native format (w/ a Bates number in the file name).

III. The parties will meet and confer to discuss production of any other electronic file type not referenced above on a case-by-case basis.]

    B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

[The parties intend to produce ESI that is responsive to proper and timely served discovery requests within the discovery time period ordered by the Court in the CMSO.]

---

[1] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

[I. The following metadata for emails will be produced (to the extent such information is not apparent on the face of the PDF produced): date and time sent or received, sender, and all recipients (including all cc recipients and bcc recipients if known).

II. The following metadata for excel files, word processor documents, and other similar electronic files will be produced (to the extent available): creation date and the identity of the creator and any other authors of the document or file.

III. Applicable metadata shall be included in a separate PDF index that lists each electronic document/file by Bates Number and the required metadata that corresponds to each listed document.]

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information. [The parties' electronic devices, including without limitation, computers, mobile devices, servers, etc. to the extent such devices contain responsive ESI. Whether the burden or cost of retrieving responsive ESI outweighs the needs of the case will largely depend on the specific requests propounded by the parties. The parties will confer in good faith if such issues arise to resolve and/or narrow the issues, and if they cannot, the aggrieved party has the option of filing an appropriate motion for protective order.]

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

[See above.]

  F. Any issues relating to preservation of discoverable ESI.

[The parties are unaware of any issues at this time.]

  G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a motion with the court requesting entry of such an order. A proposed protective order may be attached to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

  H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

[The parties do not see any reason that the production of ESI needs to be conducted in phases, limited, or focused upon particular issues. The parties intend to propound and respond to discovery requests (which may include the discovery of responsive ESI) in accordance with the CMSO issued in this case, the Federal Rules of Civil Procedure, and the Court's Local Rules.]

  Please state if there are any areas of disagreement on these issues and if so, summarize the parties' positions on each:

_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

___all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X___   Yes (note: Defendant Elisha Trice and Counterclaim Defendant Tyler Gnass have not made an appearance yet)

_____   No                               Amended Certificate will be filed by

_____ (party) on or before

_____ (date).      B.Discovery Not Filed —

**B.   Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

[I. The parties shall serve written discovery requests and responses by email.

II. The parties agree that an emailed copy of any interrogatories propounded in this action will satisfy the requirements set forth in Local Rule 3.03(b).

III. When serving interrogatories, document requests, and requests for admission, the parties agree to send two copies of such discovery to the other side, as follows: (1) a PDF copy and (2) a Microsoft Word copy. The receiving party shall insert its response to each discovery request directly into the Microsoft Word copy and then convert the final Microsoft Word document to PDF for service to the propounding party.]

**C.   Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates,

deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.   Depositions

2.   Interrogatories

3.   Document Requests

4.   Requests to Admit

5.   Supplementation of Discovery

    **D.**    **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

    **E.**    **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the

parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

F.   **Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the

parties agree as follows:

[Before the production of any discovery in this action, the parties shall meet and confer regarding a confidentiality agreement.]

      G.      **Other Matters Regarding Discovery** —

V.      **Settlement and Alternative Dispute Resolution.**

      A.      **Settlement** —

At this time, the parties agree that settlement is

\_\_\_\_\_ likely \_\_\_\_\_ unlikely       (check one)

[The parties find it premature to indicate whether settlement is likely, but are open to having settlement discussions once the facts of this case are more fully developed.]

The parties request a settlement conference before a United States Magistrate Judge.

    yes    no        X  likely to request in future

      B.      **Arbitration** —

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    yes    X    no        likely to agree in future

_____ Binding         _____Non-Binding

  C. **Mediation** —

The parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties should select a mediator from the Court's approved list of mediators and indicate that selection in the table above. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov. If the parties fail to designate a mediator in the table above, the Court will select the mediator for this case.

  D. **Other Alternative Dispute Resolution** —

The parties intend to pursue the following other methods of alternative dispute resolution:

**Date: August 28, 2020**

**Signature of Counsel (*with information required* by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

| | |
|---|---|
| Jomy Sterling AND | David Ndalamba AND |
| Star Status Group | Starline Media, Inc. |
| By Their Attorney, | By Their Attorney, |
| /s/ Shaun P. Keough | /s/ Louis R. Gigliotti |
| Shaun P. Keough (Trial Counsel) | Louis R. Gigliotti, Esq. (Trial Counsel) |
| Florida Bar # 1000985 | Louis R. Gigliotti, PA |
| PARKER KEOUGH LLP | Florida Bar # 71935 |
| 3505 Lake Lynda Dr. Suite 200 | 1605 Dewey Street |
| Orlando, FL 32817 | Hollywood, FL 33020 |
| Tel.: (321) 262-1146 | Tel.: (954) 471-4392 |
| Fax.: (617) 963-8315 | E-mail: lgigliotti@bellsouth.net |
| E-mail: skeough@parkerkeough.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on August 27, 2020 on all counsel of record and a mailed notice to Tyler Gnass at 2198 Chancery Drive, Troy, MI 48085.

BY: /s/ Shaun P. Keough
Shaun P. Keough (Trial Counsel)
Florida Bar # 1000985
PARKER KEOUGH LLP
3505 Lake Lynda Dr. Suite 200
Orlando, FL 32817
Tel.: (321) 262-1146
Fax.: (617) 963-8315
E-mail: skeough@parkerkeough.com
