# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC. <br>         Plaintiffs, <br><br> v. <br><br> ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP <br><br>         Defendants. | Civil Action No. 6:20-CV-01210-GAP-GJK <br><br><br> **JURY DEMAND** |
| JOMY STERLING and STAR STATUS GROUP <br>         Counterclaim Plaintiffs, <br><br> v. <br><br> DAVID NDALAMBA and TYLER GNASS <br><br>         Counterclaim Defendants. | |

**DEFENDANTS JOMY STERLING AND STAR STATUS GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Jomy Sterling and Star Status Group ("**SSG**") hereby respectfully submit, by and through their undersigned counsel, this answer to Plaintiffs' Amended Complaint [Dkt. No. 24], with affirmative defenses to follow.

**I. NATURE OF THE ACTION**

1. Admit that David Ndalamba and Starline Media, Inc. initiated the above-referenced action against Elisha Trice, Jomy Sterling, and Star Status Group. The allegations set forth in Paragraph No. 1 are otherwise denied.

2. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 2.

3. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 3.

4. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 4.

5. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 5.

6. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 6. Further, Paragraph 6 purports to characterize the contents of a document, "Exhibit L," which speaks for itself, and thus no response is required.

7. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 7.

8. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 8.

9. Denied.

10. Ms. Sterling and SSG state that a beta version of *Crown Academy* was released on August 15, 2020. The allegations in Paragraph 10 are otherwise denied.

11. Denied.

12. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 12.

## II. PARTIES

13. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 13.

14. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 14.

15. Denied.

16. Denied.

## III. JURISDICTION AND VENUE

17. Ms. Sterling and SSG state that the allegations in Paragraph 17 set forth legal conclusions to which no response is required.

## IV. GENERAL ALLEGATIONS

**A. Defendant TRICE's Breach of the Software Development Non-Disclosure Agreement.**

18. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 18. Further, Paragraph 18 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

19. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 19.

### A. Exhibits As Evidence In Support of General Allegations.

20. Denied. Further, Paragraph 20 purports to characterize the contents of a document, "Exhibit A," which speaks for itself, and thus no response is required.

21. Denied. Further, Paragraph 21 purports to characterize the contents of a document, "Exhibit A," which speaks for itself, and thus no response is required.

22. Denied.

23. Denied.

24. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 24.

25. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 25. Further, Paragraph 25 purports to characterize the contents of a document, "Exhibit F," which speaks for itself, and thus no response is required.

26. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 26. Further, Paragraph 26 purports to characterize the contents of a document, "Exhibit B," which speaks for itself, and thus no response is required.

27. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 27.

28. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 28. Further, Paragraph 28 purports to characterize the contents of a document, "Exhibit B," which speaks for itself, and thus no response is required.

29. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 29.

30. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 30.

31. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 31. Further, Paragraph 31 purports to characterize the contents of a document, "Exhibit C," which speaks for itself, and thus no response is required.

32. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 32.

33. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 33. Further, Paragraph 33 purports to characterize the contents of a document, "Exhibit D," which speaks for itself, and thus no response is required.

34. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 34.

35. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 35. Further, Paragraph 35 purports to characterize the contents of a document, "Exhibit E," which speaks for itself, and thus no response is required.

36. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 36. Further, Paragraph 36

purports to characterize the contents of a document, "Exhibit E," which speaks for itself, and thus no response is required.

37. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 37. Further, Paragraph 37 purports to characterize the contents of a document, "Exhibit F," which speaks for itself, and thus no response is required.

38. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 38.

39. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 39.

40. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 40. Further, Paragraph 40 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

41. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 41. Further, Paragraph 41 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

42. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 42.

43. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 43.

44. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 44.

45. Denied. Further, Paragraph 45 purports to characterize the contents of a document, "Exhibit H," which speaks for itself, and thus no response is required.

46. Denied. Further, Paragraph 46 purports to characterize the contents of a document, "Exhibit H," which speaks for itself, and thus no response is required.

47. Denied. Further, Paragraph 47 purports to characterize the contents of a document, "Exhibit I," which speaks for itself, and thus no response is required.

48. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 48.

49. Denied.

50. Denied. Further, Paragraph 50 purports to characterize the contents of a document, "Exhibit J," which speaks for itself, and thus no response is required.

51. Denied. Further, Paragraph 51 purports to characterize the contents of a document, "Exhibit K," which speaks for itself, and thus no response is required.

52. Denied.

53. Denied. Further, Paragraph 53 purports to characterize the contents of a document, "Exhibit G," which speaks for itself, and thus no response is required.

54. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 54. Further, Paragraph 54 purports to characterize the contents of a document, "Exhibit O," which speaks for itself, and thus no response is required.

55. Paragraph 55 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

56. Paragraph 56 purports to characterize the contents of a document, "Exhibit N," which speaks for itself, and thus no response is required.

57. Denied. Further, Paragraph 57 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

58. Denied.

## COUNT I – COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### 17 U.S.C. § 106, et seq. (Direct, Contributory, Vicarious) (Against All Defendants)

58[1]. Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

59. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 59.

60. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 60. Further, Paragraph 60 purports to characterize the contents of a document, "Exhibit O," which speaks for itself, and thus no response is required.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

---

[1] The Amended Complaint contains two paragraphs numbered 58.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT II – BREACH OF THE NON-DISCLOSURE AGREEMENT

69. Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

70. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 70. Further, Paragraph 70 purports to characterize the contents of a document, "Exhibit M," which speaks for itself, and thus no response is required.

71. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 71.

72. Ms. Sterling and SSG lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations set forth in Paragraph 72.

## COUNT III – FOR TORTIOUS INTERFERENCE OF A CONTRACTUAL RELATIONSHIP AGAINST DEFENDANTS STARLING AND STAR STATUS GROUP

73. Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

74. Count III is subject to a renewed motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

75. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

76. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

77. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

78. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

79. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

80. Count III is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS/VIOLATION OF FLORIDA'S UNIFORM TRADE SECRETS ACT

81. Ms. Sterling and SSG repeat and re-allege their responses to the foregoing paragraphs as through fully set forth herein.

82. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

83. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

84. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

85. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

86. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

87. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

88. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

89. Count IV is subject to a motion to dismiss that was contemporaneously filed by Ms. Sterling and SSG in this action, therefore no response is required at this time.

Ms. Sterling and SSG deny any and all relief sought by the Plaintiffs after Paragraph 89 of the Amended Complaint.

**[AFFIRMATIVE DEFENSES BELOW]**

## AFFIRMATIVE DEFENSES[2]

Ms. Sterling and SSG further set forth the following defenses, without waiving any arguments that they may be entitled to assert regarding the burden of proof, legal presumptions, or other legal characterizations.

### FIRST AFFIRMATIVE DEFENSE

<u>Failure to State a Claim</u>

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

<u>Lack of Ownership</u>

Plaintiffs' copyright infringement claim fails because Plaintiffs are not the owner of the alleged copyrights at issue.

### THIRD AFFIRMATIVE DEFENSE

<u>Lack of Required Registration</u>

Plaintiffs' copyright infringement claim fails because Plaintiffs lack the required registration(s) to bring their claim. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019).

---

[2] The affirmative defenses identified represent those Ms. Sterling and SSG have respect to Count I only, since the only other courts against them – Counts III and IV – are subject to a pending motion to dismiss. Ms. Sterling and SSG reserve the right to amend their answer should all or part of their motion to dismiss be denied.

## FOURTH AFFIRMATIVE DEFENSE

### No Originality

Plaintiffs' copyright infringement claim fails because the alleged infringed software lacks the originality required for copyright protection under the Copyright Act.

## FIFTH AFFIRMATIVE DEFENSE

### No Substantial Similarity

There is no substantial similarity between Plaintiffs' alleged works and any works owned or created by Ms. Sterling or SSG.

## SIXTH AFFIRMATIVE DEFENSE

### No Copyrightable Subject Matter

Plaintiffs' alleged works are not subject to copyright protection because they represent ideas, procedures, methods, systems, processes, concepts, principles, or discoveries.

## SEVENTH AFFIRMATIVE DEFENSE

### Merger Doctrine

Plaintiffs' alleged works represent the only way to express an idea; therefore they are not protectable works under the merger doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiffs' claims are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## NINTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are estopped by their own conduct from claiming any right to damages or other relief from Ms. Sterling or SSG.

## TENTH AFFIRMATIVE DEFENSE

### No Willful Conduct

Neither Ms. Sterling nor SSG took any action with respect to Plaintiffs' alleged rights or intellectual property willfully, knowingly, or intentionally and therefore cannot be subjected to a claim for willful infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

### Vague and Indefinite Allegations

Many of the allegations set forth in the complaint are vague, ambiguous, unintelligible, and incoherent. No relief can be granted to Plaintiffs based on such vague and indefinite allegations.

## TWELFTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiffs' copyright infringement claim is barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Speculative Losses

Plaintiffs' losses, if any, are speculative and/or uncertain and, therefore, not compensable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Reservation of Affirmative Defenses

Ms. Sterling and SSG expressly reserve the right to supplement their Answer to the complaint to include Affirmative Defenses which may become known to them during the course of these proceedings.

Ms. Sterling and SSG demand a jury trial on all issues so triable.

DATED: September 18, 2020　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　　Jomy Sterling AND
　　　　　　　　　　　　　　　　　　　　Star Status Group
　　　　　　　　　　　　　　　　　　　　By Their Attorney,
　　　　　　　　　　　　　　　　　　　　/s/ Shaun P. Keough
　　　　　　　　　　　　　　　　　　　　Shaun P. Keough (Trial Counsel)
　　　　　　　　　　　　　　　　　　　　Florida Bar # 1000985
　　　　　　　　　　　　　　　　　　　　PARKER KEOUGH LLP
　　　　　　　　　　　　　　　　　　　　3505 Lake Lynda Dr. Suite 200
　　　　　　　　　　　　　　　　　　　　Orlando, FL 32817
　　　　　　　　　　　　　　　　　　　　Tel.: (321) 262-1146
　　　　　　　　　　　　　　　　　　　　Fax.: (617) 963-8315
　　　　　　　　　　　　　　　　　　　　E-mail: skeough@parkerkeough.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on September 18, 2020 on all counsel of record.

BY: s/ Shaun P. Keough<br>
Shaun P. Keough, Esquire<br>
Fla. Bar No.: 1000985