UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:20-CV-01210-GAP-GJK

**DAVID NDALAMBA, an individual resident
of Canada, and STARLINE MEDIA, INC., a
Canadian corporation,
Plaintiffs,
v.
ELISHA TRICE, an individual resident of Florida,
JOMY STERLING, an individual resident of Florida,
and STAR STATUS GROUP, a company of
unknown residency,
Defendants.**
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOMY STERLING AND STAR STATUS GROUP'S RENEWED MOTION TO DISMISS**

COME NOW, Plaintiffs, DAVID NDALAMBA and STARLINE MEDIA, INC., and file their Response to Defendants' JOMY STERLING and STAR STATUS GROUP'S Renewed Motion to Dismiss, as follows:

**I.   INTRODUCTION.**

This case is based on three theories, namely, 1) that Defendants STERLING and STAR STATUS created a video game that competes with Plaintiffs' game by luring Plaintiffs' former programmer, who despite being bound by a Non-Disclosure Agreement, unlawfully accessed and shared the protected computer code owned by and created by Plaintiffs; and 2) were able to use certain information and know how to create a competing computer video game through the use of Plaintiffs' trade secrets, and 3) were able to develop the CROWN ACADEMY video at such an accelerated pace that Defendants were able to bypass the long, laborious, and expensive process by expediting the creation, and did so by inducing Plaintiffs' former programmer who was subject to an NDA, to violate its terms.

1

The first constitutes copyright infringement, which is the use of certain computer code, copying it, making derivative works, and have done so in such a blatant manner that certain of the graphics and "computer code snippets" displayed in the game are identical. The second theory, the trade secret theft, permitted the former programmer, Defendant TRICE, to use what he gained during his employment with Plaintiffs, to create a competing game using the trade secret information, with complete knowledge and encouragement from Defendants STERLING and SATR STATUS. Thirdly, with remarkable speed, by simply eliminating the detailed and exhaustive process of fresh creation, Defendants benefitted by interfering with the NDA entered into by TRICE. Simply, Defendants stole both Plaintiffs' copyrighted materials, and their trade secret information, and were able to use the services of TRICE, who had executed a covenant not to do so, to create the Crown Academy game and to earn un unlawful advantage in the market by getting to the market at a substantially reduced time frame, earning an advantage that they do not deserve.

Lastly, and importantly, is that Defendants were served with a Cease and Desist Letter prior to the filing of the lawsuit, and were specifically notified that Defendant TRICE had executed a Non-Disclosure Agreement ("NDA"), so the defense raised in the Motion to Dismiss that there is no allegation of knowledge of the NDA is simply false. (Exhibit A, Cease and Desist Letter). To boot, attached to the Complaint are Exhibits detailing the theft, misappropriation, and the efforts by Defendants STERLING and STAR STATUS GROUP to hide their efforts after being discovered. These Exhibits certainly, if taken as true, demonstrate evidence that the Tortious Interference (Claim III) and FUTSA (Claim IV) claims are independent of each other, and legitimately pled.

## II. CLAIM III- TORTIOUS INTERFERENCE.

Defendants seek dismissal of Claim III, for Tortious Interference, claiming that Claim III for tortuous interference is barred because it is based on the same allegations as the misappropriation of trade secrets claim.

In *Audiology Distribution, LLC v. Simmons*, 2014 U.S. Dist. LEXIS 72010 (M.D. Fla. May. 27, 2014), the Court denied a Motion to Dismiss a Claim for tortuous interference on similar facts.

In that case, Plaintiffs alleged that Defendants tortiously interfered with Audiology's business relationships by using Audiology's confidential information. Defendants argue that this claim is also preempted by the FUTSA.  As alleged in this case, the crux of Count III is not the misappropriation of trade secrets, but the use of that information to interfere with Plaintiffs' business relationships. Accordingly, Count III is not preempted by the FUTSA.  *Accord Office Depot, Inc. v. Impact Office Prods., LLC,* 821 F. Supp. 2d 912, 921 (N.D. Ohio 2011*)* ( tortious interference claim not preempted by Ohio UTSA because claim possesses an "independent factual basis"); *Precision Automation, Inc. v. Technical Servs., Inc.,* No. 07-CV-707-AS, 2007 U.S. Dist. LEXIS 94555, 2007 WL 4480736, at *2 (D. Or. Dec. 14, 2007)  (tortious interference claim not preempted because the "claim is not dependant on allegations of misappropriated trade secrets"); *Jenkins v. APS Ins., LLC,* 431 S.W.3d 356, 2013 Ark. App. 746 (Ark. Ct. App. Dec. 18, 2013) (tortious interference claim no preempted by Arkansas UTSA because claim based on in-person solicitation of clients); *Raven Indus., Inc. v. Lee*, 2010 SD 49, 783 N.W.2d 844, 848-49 (S.D. 2010) (tortious interference claim not preempted by South Dakota UTSA); *Mortgage Specialists, Inc. v. Davey,*  153 N.H. 764, 904 A.2d 652, 667 (N.H.2006) (tortious interference with advantageous relations claim not preempted by New Hampshire UTSA);

3

The FUTSA does not preempt, however, contractual remedies (whether or not they are based upon misappropriation of a trade secret, or other civil remedies that are "not based upon misappropriation of a trade secret. *Id.* § 688.008(2). If there are "material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim," then the additional torts are not preempted. *New Lenox Industries, Inc. v. Fenton*, 510 F. Supp. 2d at 908 (citing *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335-36 (S.D. Fla. 2002)).

Here, Plaintiffs correctly argues that Count III is not preempted because the misappropriation of trade secrets alone does not comprise the entirety of the underlying wrong. The crux of Plaintiffs' claim is that Defendants inducement of THRICE to breach the NDA resulted in an accelerated development process that wrongly advantaged Defendants. Instead of having to dedicate the time and resources needed create afresh, Defendants gained an advantage by inducing THRICE to provide assistance, knowledge, and experience to expedite and circumvent the fair play required to create the Crown Academy game under a normal development process. THRICE's experience was defined in the NDA, and he was not to disclose his knowledge and experience to Defendants. He did so, and that is a separate tort from the theft of trade secrets. The use of the alleged trade secrets is a subsidiary allegation in support of the claim, not its main factual basis. *Id*. Counts III and IV do not "involv[e] the *same* underlying factual allegations," and Count III is therefore not preempted by the FUTSA. *New Lenox*, 510 F. Supp. 2d at 908. *Accord Mortgage Now, Inc. v. Stone*, No. 3:09-cv-80-MCR-MD, 2009 U.S. Dist. LEXIS 110222, 2009 WL 4262877, at *7 (N.D. Fla. Nov. 24,

2009) (no preemption where additional breach of fiduciary duty claim arises from relationship between employer and employee, which is distinct from misappropriation of trade secrets).

For these reasons, Defendants Motion to Dismiss Count III should be denied.

### III. **CLAIM IV IS A WELL PLED COUNT FOR FUTSA**.

Defendants allege in the Motion to Dismiss that Plaintiffs have failed to plausibly allege misappropriation of trade secrets. Not surprisingly, there is no law or authority cited by Defendants to support that these allegations fail, but instead, merely conclude that they do not.

Specifically, Plaintiff makes the requisite elemental allegations, supported by both facts and Exhibits in support. Plaintiffs allege 1) that Defendants possessed valuable information and took reasonable steps to protect it. The Amended Complaint alleges that Defendants received a Cease and Desist Letter (Exhibit N) specifically informing them that Defendant TRICE was subject to an NDA, and that information being disseminated to them was unlawful and in violation of the NDA. (DE 24, Amended Complaint, ¶56, amongst others). The Amended Complaint also alleges that Defendants actually made efforts to erase evidence of their misappropriation of trade secrets but were caught. (DE 24, ¶20-58). With explicit detail, and with Exhibits as evidence, Plaintiff has established the requisite evidence to support, if taken as true, that the Amended Complaint, Claim IV, satisfies the pleading requirements.

The Amended Complaint alleges that Defendants received a Cease and Desist letter pre-suit, were notified of the allegations of trade secret misappropriation and tortuous interference, that Defendants took measures to erase screen shots, and evidence to hide their bad acts, and the Exhibits demonstrate specific acts of copyright infringement, trade secret theft, and interference

5

with an NDA.  Plaintiffs contend that as pled, the Amended Complaint, on its face, makes the requisite allegation as required.

Defendants' Motion to Dismiss Claim IV is not founded on law or authority, but rather, requires the Court to evaluate the legitimacy of the allegations. The standard thus, is that of taken as true, the allegations make a case of a FUTSA claim.  It does.

## IV. CONCLUSION.

For the following reasons, and under applicable law, Claims III and IV are valid claims, properly brought before this Court and should not be dismissed based on preemption (Claim III), or failure to adequately plead (Claim IV.).

WHEREFORE, Plaintiffs request an Order denying Defendant Renewed Motion to Dismiss.

Respectfully submitted,

Date:   October 2, 2020 /s/Louis R. Gigliotti

Louis Gigliotti

Louis R. Gigliotti, PA
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
P: 954-471-4392
lgigliotti@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed via ECF this 2nd day of October, 2020.

By:  s/Louis R. Gigliotti,Esq./
Louis R. Gigliotti, Esq.