UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:20-CV-01210-GAP-GJK

**DAVID NDALAMBA, an individual resident
of Canada, and STARLINE MEDIA, INC., a
Canadian corporation,
Plaintiffs,
v.
ELISHA TRICE, an individual resident of Florida,
JOMY STERLING, an individual resident of Florida,
and STAR STATUS GROUP, a company of
unknown residency,
Defendants.**
_____/

**UNOPPOSED MOTIONTO SET ASIDE CLERK'S DEFAULT**

**RULE 3.1 CERTIFCIATION**

Counsel for Defendants does not oppose this Motion to Set Aside Clerk's Default. In turn, undersigned counsel has agreed to accept service on behalf of Third Party Defendant TYLER GNASS, via an executed Waiver of Service. GNASS does not dispute or otherwise object to the sufficiency of service of process of the Counterclaims/Third Party Complaint. By not opposing the relief sought, Defendants' do not endorse or agree with any argument or factual allegation (including allegations made in the Gnass Declaration) made in the motion in support of the relief sought.

I. **INTRODUCTION**.

Defendants, JOMY STERLING and STAR STATUS GROUP filed a Counterclaim and sought to serve TYLER GNASS, who is not a litigant in this case. (DE 20). Defendants attempted service on Mr. Gnass, and filed a Proof of Service. (DE 32). Defendants then filed a Motion for Clerk's Default (DE 33), and a Clerk's Default was entered by the Court. (DE 34).

1

Mr. Gnass, through sworn testimony attached as Exhibit A hereto, was never served, and the Return Receipt proffered to the Court as proof of service was not executed by Mr. Gnass. The address was incorrect, and the name on the Return of Service is misspelled. (Exhibit A, Gnass Decl. ¶¶3-7).

## II.     MR. GNASS HAS DEMONSTRATED GOOD CAUSE.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a liberal standard that varies from situation to situation. <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). Here, the Clerk's Default should be set aside for three principle reasons. First, the Court generally prefers that cases be resolved on their merits, rather than by default judgment. <u>Fl. Physician's Ins. Co., Inc. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993). Defaults are seen with disfavor because of the strong policy of determining cases on their merits. <u>Id</u>.

Second, Mr. Gnass was never served. In his Declaration attached as Exhibit A, he confirms that he was anticipating being served, but in this case, and under Michigan law, Mr. Gnass was served by US Mail, which requires an executed Return Receipt. Mr. Gnass did not execute that Return Receipt, the address was not his, and the name on the Return Receipt is misspelled. Simply, and without casting aspersion, someone unknown to Mr. Gnass executed the Return Receipt. (Exhibit A, Gnass Decl. ¶¶1-8)

Third, the Motion is unopposed.

## III.     CONCLUSION.

For the above-stated reasons, Third Party Defendant respectfully requests an Order setting aside the Clerk's Default.

Dated: November 13, 2020                               Respectfully submitted,

By:/s/ Louis R. Gigliotti/
Louis R. Gigliotti, Esq.
Louis R. Gigliotti, PA
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph: (954) 471 4392
lgigliotti@bellsouth.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed ECF on this 13th day of November, 2020.

      By: /s/Louis R. Gigliotti
         Louis R. Gigliotti, Esq.