UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID NDALAMBA and
STARLINE MEDIA, INC.,

          Plaintiffs,

-vs-                                          Case No. 6:20-cv-1210-Orl-31GJK

ELISHA TRICE, JOMY STERLING,
and STAR STATUS GROUP,

          Defendants.
_____

JOMY STERLING, and STAR
STATUS GROUP,

          Counterclaimants.

-vs-

DAVID NDALAMBA and
TYLER GNASS,

          Counter Defendants.
_____

ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT (Doc. No. 35)
>
> **FILED:** November 13, 2020

> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 27, 2020, Defendants Jomy Sterling and Star Status Group (collectively, "Counterclaimants") filed an amended counterclaim against Plaintiff David Ndalamba and Tyler Gnass. Doc. No. 20. On October 30, 2020, Counterclaimants filed a proof of service and motion for entry of clerk's default against Gnass. Doc. Nos. 32, 33. The proof of service included a statement made under penalty of perjury by Counterclaimants' counsel stating that the amended counterclaim was mailed to Gnass in Michigan via certified mail, return receipt requested, in accordance with Michigan Rule of Civil Procedure 2.105. Doc. No. 32 at ¶¶ 3, 4. Attached to the proof of service was the return receipt bearing a signature by the recipient. *Id.* at 5. On November 2, 2020, the Clerk entered a default against Gnass. Doc. No. 34.

On November 13, 2020, Gnass filed an unopposed motion to set aside the default (the "Motion"). Doc. No. 35. Attached to the Motion is Gnass's declaration, in which he states that he was never served, he does not reside at the address to which the amended counterclaim was mailed, and the signature on the return receipt is not his signature. Doc. No. 35-1 at ¶¶ 5, 6.

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside a default for good cause. The Eleventh Circuit has explained that the good cause standard under Rule 55(c) is a liberal one. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Gnass demonstrates good cause for setting aside the Clerk's default.

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. No. 35) is **GRANTED**;

2. The Clerk is directed to vacate the default entered at Docket No. 34; and

3. Gnass shall file his answer to the amended counterclaim as a separate docket entry on or before November 30, 2020.

**DONE** and **ORDERED** at Orlando, Florida, on November 16, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Unrepresented Parties