# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STARLINE MEDIA, INC. and DAVID NDALAMBA,**

                **Plaintiffs,**

**v.**                                             **Case No:   6:20-cv-1210-Orl-31GJK**

**STAR STATUS GROUP, ELISHA TRICE and JOMY STERLING,**

                **Defendants.**

## ORDER

This matter comes before the Court without oral argument on the Defendants Jomy Sterling's ("Sterling") and Star Status Group's ("SSG") Motion to Dismiss (Doc. 29) and the Plaintiffs' Response in Opposition (Doc. 31).

## I.   Background[1]

David Ndalamba and his company, Starline Media, Inc., (together, "Ndalamba") created and operate an online video game called Royale High. Royale High is distributed on the Roblox gaming platform. This lawsuit stems from Ndalamba's hiring of Defendant Elisha Trice ("Trice") to help develop this game. Upon his hiring, Trice signed a non-disclosure agreement (the "NDA"). *See* Doc. 24-13. Ndalamba hired Trice to work on external systems, including those that back up the game, track player purchases, report errors, and store players' in-game communications. To enable Trice to work on these systems, Ndalamba granted him access to the source code for these systems, along with the game's servers and databases.

---

[1] This factual summary is based on the allegations in the Amended Complaint (Doc. 24).

Ndalamba now alleges that at some point after Trice completed his work on Royale High, he disclosed confidential information about the game to Sterling and SSG. Ndalamba alleges that this cohort then created a competitor—another game called Crown Academy, which operated on the same platform—that used identical information and assets to Royale High.

Ndalamba filed this lawsuit on July 8, 2020. *See* Doc. 1. After Defendants moved to dismiss the original complaint, Ndalamba filed an amended complaint. That amended complaint seeks recovery for (i) copyright infringement under 17 U.S.C. § 106 et seq.; (ii) breach of contract; (iii) tortious interference with a contractual relationship; and (iv) violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 et seq. ("FUTSA"). Sterling and SSG now seek to dismiss Ndalamba's tortious interference claim and FUTSA claim.

## II.   Legal Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a

liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

## III.   Analysis

Sterling and SSG move to dismiss Ndalamba's claims for tortious interference with a contractual relationship (Count III) and for violation of FUTSA (Count IV).

### a.   Count III – Tortious Interference With a Contractual Relationship

Defendants first argue that FUTSA preempts Count III—for tortious interference with contract—because it is "predicated upon their alleged misappropriation of information protected under the FUTSA." Doc. 29 at 4. Ndalamba responds that Count III "is not preempted because the misappropriation of trade secrets alone does not compromise the entirety of the underlying wrong." Doc. 31 at 4. Instead, Trice "was not to disclose his knowledge and experience to Defendants," but Sterling and SSG induced him to do so anyway. *Id.*

FUTSA preempts "conflicting tort, restitutory, and other law[s] of this state providing civil remedies for misappropriation of a trade secret." Fla. Stat. § 688.008(1). Common law claims based on a theory of misappropriation of trade secrets are preempted by FUTSA unless the allegations are separate and have material distinctions. *ThinkLite LLC v. TLG Sols., LLC*, No. 16-civ-24417, 2017 WL 5972888, at *4 (S.D. Fla. Jan. 31, 2017). Whether FUTSA preempts a cause

of action "appears to be a case-by-case determination" and "there do not appear to be causes of action that are per-se preempted by FUTSA." *Measured Wealth Private Client Grp., LLC v. Foster*, No. 20-CV-80148, 2020 WL 3963716, at *5 (S.D. Fla. July 13, 2020). To determine if a tortious interference claim is preempted, the Court must compare it to Ndalamba's FUTSA claim and examine whether there is a "material distinction" between the claims. *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1180 (M.D. Fla. 2005). If the trade secret misappropriation alone comprises the underlying wrong, the claim is preempted. *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002).

Here, Ndalamba's tortious interference claim is based on Sterling and SSG's alleged actions that "induced [Trice] breach the agreement and to disclose to them confidential information covered by that agreement." Doc. 24 ¶ 75. The information covered by the NDA includes "software source codes or any related codes in all formats" and "analytical data, documentation, and correspondences that have not otherwise been made publicly available." Doc 24-13 at 1. Ndalamba also alleges that this tortious interference allowed Sterling and SSG to "obtain the value of the services required to actually create the Crown Academy game from scratch" and "were able to bring to market the Crown Academy game at a much faster pace." Doc. 24 ¶ 78; *see also* Doc. 31 at 4 (arguing that receiving Trice's knowledge gave the moving defendants an unfair advantage). However, the NDA is broad and is not limited to just this information. *See* Doc. 24-13 at 1 (defining "Confidential Information" as "includ[ing], but not limited to," several categories of information). Ndalamba's FUTSA claim is based on "[c]onfidential information . . . including but not limited to, [Ndalamba's] know-how, and development of the [Royale High] game, technical information, screen shots, images, computer code not otherwise covered by copyright, and other technical information." Doc. 24 ¶ 82.

While it appears that the information that undergirds Ndalamba's FUTSA claim overlaps that which forms the basis for his tortious interference claim, the extent of that overlap is not apparent from the pleadings. To decide that issue now would require the Court to delineate the exact scope of the parties' NDA, which is inappropriate on a motion to dismiss. *Hess v. Coca-Cola Refreshments USA, Inc.*, No. 8:13-CV-3136-T-33EAJ, 2014 WL 6909439, at *3 (M.D. Fla. Dec. 9, 2014) ("The court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment"). Thus, at this stage of the pleadings, there is no basis to conclude that the FUTSA and tortious interference claims are materially the same. *Sentry Data Systems, Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1295 (S.D. Fla. 2018) (citations omitted).

**b.  Count IV – FUTSA**

Sterling and SSG also argue that Ndalamba's FUTSA claim should be dismissed because it fails to allege that either Sterling or SSG misappropriated trade secrets. Specifically, the moving defendants argue that Ndalamba does not allege "how [Sterling] or SSG knew or had reason to know that [Ndalamba's] alleged trade secrets were obtained by Trice by improper means." Doc. 29 at 5. Ndalamba responds that his complaint "makes the requisite elemental allegations, supported by both facts and [e]xhibits in support." Doc. 31 at 5.

To state a claim under FUTSA, the plaintiff must allege that: (1) it possessed secret information and took reasonable steps to protect its secrecy; and (2) the secret information was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. *See, e.g., Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007). FUTSA defines "misappropriation" as:

(a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

- 5 -

(b) Disclosure or use of a trade secret of another without express or implied consent by a person who:

1. Used improper means to acquire knowledge of the trade secret; or
2. At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:

a. Derived from or through a person who had utilized improper means to acquire it;

b. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

3. Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Fla. Stat. § 688.002(2).

Here, Ndalamba alleges that Sterling and SSG "knew that [Trice] had obtained and stolen the trade secrets" (Doc. 24 at ¶ 86) and that they "knew, and had actual knowledge that [Trice] had in his possession the trade secrets" (*id.* ¶ 85). These allegations sufficiently set forth a claim for misappropriation. Ndalamba also alleges that Sterling and SSG "use[d] a trade secret" by alleging that the moving defendants "us[ed] the trade secrets to develop the Crown Academy game without the need to create an independent work." Doc. 24 ¶ 85. Finally, Ndalamba also pleads that Sterling and SSG "knew that [Trice] had obtained and stolen" these trade secrets that they later allegedly used. *Id.* ¶ 86.

The moving defendants argue that Ndalamba's allegations of knowledge are all conclusory, and "[c]onclusory allegations of a defendant's knowledge, without more, are legally insufficient allegations." Doc. 29 at 5. On a motion to dismiss the Court will liberally construe the complaint's allegations in the Plaintiff's favor, *Jenkins*, 395 U.S. at 421, and several of Ndalamba's exhibits—when viewed in the light most favorable to Ndalamba—tend to show that Sterling and SSG had knowledge that the materials at issue constituted confidential information. *E.g.*, Doc. 24-12 (JoJo "PixelatedCandy" telling "Tyler" "[h]e def. shouldnt be streaming [a more

recent file] with us here.");[2] Doc. 24-8 (screenshot of Sterling allegedly sending Royale High files on October 3, 2019). These allegations are sufficient to plead misappropriation.

## IV.      Conclusion

For the foregoing reasons, Sterling and SSG's Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 17, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Ndalamba alleges that "PixelatedCandy" is Sterling's screen name. *See* Doc. 24 ¶ 58 (explaining an exhibit with a chat from "PixelatedCandy" as "[Sterling] admit[ting] that the sharing of Plaintiffs' material is unlawful").