UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:20-CV-01210-GAP-GJK

**DAVID NDALAMBA, an individual resident
of Canada, and STARLINE MEDIA, INC., a
Canadian corporation,
Plaintiffs,
v.
ELISHA TRICE, an individual resident of Florida,
JOMY STERLING, an individual resident of Florida,
and STAR STATUS GROUP, a company of
unknown residency,
Defendants.**
_____/

**PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER**

**DECLARATION OF LOUIS R. GIGLIOTTI, ESQ.**

Pursuant to 28 U.S.C. §1746, under penalty of perjury, the undersigned, Louis R. Gigliotti, Esq., as attorney of record for Plaintiffs, swears that the following statements are true and correct:

### I. **INTRODUCTION.**

Defendants have file a Motion for Protective Order for a subpoena Plaintiffs sent to Roblox Corporation, a gaming platform located in California. The parties to this case use Roblox as the platform for producing video games. Plaintiffs' game is "ROYALE HIGH" and Defendants' game is "CROWN ACADEMY." These games run through Roblox, all revenues are created through Roblox, Roblox maintains the games, has copies of all the variations and iterations of the computer code used in the games, collects monies from players, and distributes revenues to the games' owners. Roblox has almost every relevant document needed in this case.

Plaintiffs allege that Defendants hired at least one of its former programmers and used specific files that were stolen by the programmer, Eli Trice to develop a competing game.

1

Plaintiffs have attached a series of exhibits of the theft to the Complaint and are of record. Defendants' game attempts to mirror Plaintiffs game by using substantially similar motifs, characters, and functions, and did so by stealing Plaintiff's code through Mr. Trice. Mr. Trice has defaulted, and has apparently run for the hills. There is no dispute that Mr. Trice worked for Defendants during the developmental period of the infringing CROWN ACADEMY game.

Since Roblox Corporation is the singular best source for most all of the relevant information needed to establish the claims, on March 16, 2021, Plaintiffs issued a subpoena for Roblox, and served Notice of Subpoena on Defendants counsel. (Exhibit A). The undersigned contacted a process server in California to serve Roblox. Due to COVID, California relaxed service requirements, and efforts to serve Roblox were unsuccessful as the Registered Agent was not present during this time period. As a result, the process server provided an Affidavit of Non-Service, and the subpoena was never served. (Exhibit B).

Plaintiffs, through David Ndalamba, then contacted a source at Roblox, and notified them that the undersigned was trying to serve Roblox with a subpoena, and that Roblox' Registered Agent was not making himself available for service. Roblox' attorney then contacted the undersigned and expressed a willingness to accept service of the subpoena. (Exhibit C).

Defendants' counsel objected to the scope of the subpoena. In an effort to accommodate Defendants' concerns regarding the Roblox subpoena, the undersigned then sent an email to opposing counsel agreeing to send a copy of the produced documents to him, and to permit opposing counsel to express any concerns before permitting any other person or party to review them. (Exhibit B). That accommodation was an attempt to avoid unnecessary motion practice.

Now, 3 months later, Roblox, despite expressing a willingness to produce the documents

2

have not produced a single document as we are awaiting court resolution. Importantly, it should be noted that Defendants have produced very little information, and very few documents, and the documents sought through Roblox are important to telling the entire story, as Defendants have not produced very many relevant documents despite efforts to obtain them. Plaintiffs' Motion to Compel is shelved for a later day, and will likely not be necessary if the Roblox documents are produced.

Lastly, and most importantly, the parties have executed a Confidentiality Agreement ("CA"), and Defendants have attached a copy as Exhibit 2 to its Motion. (DE52-2) Thus, any concerns Defendants may have are covered by the agreed terms of the Confidentiality Agreement, and coupled with the undersigned's pledge to hold the Roblox documents until Defendants can make appropriate designation under the CA.

Defendants' Motion, at paragraph 5, seeks the very relief that the undersigned has already agreed to, namely, the opportunity to designate the documents pursuant to the CA. (DE52, ¶4-5)

## II. **DEFENDANTS HAVE NOT DEMONSTRATED GOOD CAUSE.**

The Motion fails to address any specific objections to the categories of documents in the subpoena. The only mention of any objected to category is for "any and all documents referring or relating to any Roblox account name….PixelatedCandy." (DE 52, Motion, ¶4.) The Motion makes no effort to demonstrate good cause as to why this information should be protected from disclosure. The Motion does not even argue that the information sought is from Defendants, or that the PixelatedCandy ID belongs to any of them. There is no proffer of any kind as to any specific objections, and the only noted objections fails to address any legitimate reason why the information should be protected.

Defendants' Motion (DE52) is merely an effort to obstruct and slow the dissemination of relevant information. The Motion fails to even make a proffer as to why any category of information in the subpoena should not be produced, and does not reference any specific categories for objection.

### III. CONCLUSION.

The undersigned has already offered Defendants the protection it asks for in its Motion. The Motion is wholly unnecessary and a waste of judicial resources and attorneys time. It does not even offer the Court any specific objections to any specific numbered category in the subpoena. Secondly, there is a Confidentiality Agreement in place that permits designation of any materials. The undersigned offered to wait for the designation prior to using, or showing the documents. That is the actual relief Defendants seek in the Motion, and it was already offered weeks ago.

For the afore-stated reason, the Motion for Protective Order should be denied, the Roblox should produce the documents sought, and as promised, Defendants will have the opportunity to make designations before the information received from Roblox is used or disseminated.

Dated: June 4, 2021                                        Louis R. Gigliotti, PA

By:/Louis R. Gigliotti, Esq./
Louis R. Gigliotti, Esq.
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph: (954) 471 4392
Email: lgigliotti@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBYCERTIFY that a true and correct copy of the foregoing was filed via ECF,

this 4th of June 2021.

                                                    By:    /Louis R. Gigliotti/
                                                              Louis R. Gigliotti, Esq.