UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:20-CV-01210-GAP-GJK

**DAVID NDALAMBA, an individual resident
of Canada, and STARLINE MEDIA, INC., a
Canadian corporation,
Plaintiffs,**
v.
**ELISHA TRICE, an individual resident of Florida,
JOMY STERLING, an individual resident of Florida,
and STAR STATUS GROUP, a company of
unknown residency,
Defendants.**
_____/

**PLAINTIFFS' RESPONSE TO MOTION TO COMPEL AND FOR A TWO DAY EXTENSION OF TIME TO FILE RESPONSE**

COME NOW, Plaintiffs, DAVID NDALAMBA, STARLINE MEDIA, INC., and Third-Party Defendant, TYLER GNAUSS, pursuant to Fed.R.Civ.P. 6, respectfully move the Court to extend the time by 2 days, up to and including today, July 12, 2021, to file the Response to Motion to Compel, and as for good cause, states as follows:

**DECLARATION OF LOUIS R. GIGLIOTTI, ESQ.**

I, LOUIS R. GIGLIOTTI, ESQ., on this 12th day of July, 2021, declare, pursuant to 28 USC §1746, under penalty of perjury, and Local Rule 3.01(g), that I conferred with opposing counsel, Shaun Keough, Esq., and he opposes the Motion.

I. **INTRODUCTION.**

The undersigned, during the last week, has been at a somewhat remote location near the Adirondack Mountains, and internet access, while usually reliable, was sketchy due to the excessive rain received from storm Elsa. For reasons unknown, Defendants' Motion to Compel was not received through the traditional ECF email, and no courtesy copy was served by Defendants' counsel.

1

Last Friday, July 9, while conducted a routine PACER check on the undersigned's case load, the Motion to Compel was discovered and opposing counsel was contacted about an extension of time to respond of two business days, and opposing counsel opposed.

Importantly, the undersigned does not believe that opposing counsel met his obligation to meet and confer on the Motion to Compel. During the course of the litigation, counsel has been generally cooperative with each other, and the Court has had little involvement in discovery disputes. Opposing counsel sent an email (attached to their Defendants' Motion as Exhibit K, DE57-11) stating that he was going on vacation and would return on July1, and if he did not receive a response, would file a Motion to Compel. The undersigned was expecting a meet and confer conference upon his return. Instead, Defendants filed a Motion to Compel, as July 1, 2021 was the date for the close of discovery.

Plaintiffs have been compliant in all respects regarding document production, and Plaintiffs will offer to produce, if the Court so permits, the remaining documents within 10 days, to the extent that they exist. Plaintiffs have already produced, and bate stamped a substantial number of documents and the documents have been served on Defendants. To the extent that some documents remain, they will be produced.

As for the depositions, Plaintiffs object to their being taken after the close of discovery. Defendants noticed Plaintiffs' depositions and the deposition of Third-Party Defendant for the last week of the discovery period. Mr. Gnauss, who is not a Plaintiff, lives in Michigan, and the Notice required the deposition to be taken in Orlando, which makes the deposition notice faulty on its face, as Mr. Gnauss cannot be required to travel outside of 100 miles, and he is not a Plaintiff. The Plaintiffs are Canadian residents, and travel from Canada is currently banned by the Canadian government, making it both illegal, and now impossible to travel to Orlando. The

Notices were not for a ZOOM deposition and Plaintiffs could not travel to the United States from Canada by law.

Defendants waited for the last moment to take depositions, and they requested no relief from the Courts at any time, nor was it warranted, as Plaintiffs have fully complied with its discovery obligations. Defendants' own Notices for Deposition were deficient on their face, or otherwise violated the law. Discovery closed on July 1, 2021.

## II. **CONCLUSION.**

Due to the circumstances, Plaintiff respectfully requests that the Court grant Plaintiffs a two day extension of time and to deem this Response to be timely filed. Secondly, Defendants did not meet the meet and confer obligations. Thirdly, Plaintiffs will produce the remaining documents, to the extent that they exist, within 10 days. Lastly, Plaintiffs and Mr. Gnauss respectfully request that the Court deny Defendants Motion to take depositions after the close of discovery, as it was Defendants lack of diligence during the discovery period, and faulty Notices of Deposition at the deadline that required the re-scheduling of the depositions.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:   July 12, 2021 | /s/Louis R. Gigliotti |
|  |  |
|  | Louis Gigliotti *pro hac vice* |
|  | Louis R. Gigliotti, PA |
|  | Florida Bar No.: 71935 |
|  | 1605 Dewey Street |
|  | Hollywood, FL 33020 |
|  | P: 954-471-4392 |
|  | lgigliotti@bellsouth.net |

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing has been filed via ECF this 12th day of July, 2021.

                                       By: _s/Louis R. Gigliotti,Esq./_
                                            Louis R. Gigliotti, Esq.