UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:20-CV-01210-GAP-GJK

DAVID NDALAMBA, an individual resident
of Canada, and STARLINE MEDIA, INC., a
Canadian corporation,
Plaintiffs,
v.
ELISHA TRICE, an individual resident of Florida,
JOMY STERLING, an individual resident of Florida,
and STAR STATUS GROUP, a company of
unknown residency,
Defendants.
_____/

**PLAINTIFFS' DAVID NDALAMABA, STARLINE MEDIA INC.'S AND THIRD PARTY DEFENDANT TYLER GNASS' MOTION TO AMEND ADMISSION AND TO DEEMS THEM TIMELY SERVED
AND
MOTION FOR HEARING**

COME NOW, Plaintiffs' DAVID NDALAMBA, STARLINE MEDIA INC., and Third Party Defendant TYLER GNASS, and move the Court to enter an Order deeming the Responses to Requests for Admission to be withdrawn, amended, or deemed timely served, and as for grounds, state as follows:

**DECLARATION OF LOUIS R. GIGLIOTTI, ESQ.**

Pursuant to 28 U.S.C. §1746, under penalty of perjury, the undersigned, swears that the following statement is true and correct:

1. My name is Louis R. Gigliotti, and I am attorney of record for Plaintiffs and for Third Party Defendant Tyler Gnass.

2. In March 2021, my 26 year old son died unexpectedly. I was devastated. I was now tasked with helping my family manage their grief, while managing my own. I also had to conclude his affairs, including gathering his remains, his employment issues, life insurance, return of, and repair of his automobile, closing bank accounts, and the like.

3. I am a member of large caring family and there were people at the house almost daily for about 2 months.

1

4. I was not aware that Defendants propounded Requests for Admissions, and it was only while reading the Motion for Summary Judgment that I noticed that they were served. They were served via email, and I never received a copy in the mail, nor were they ever mentioned during the course of the litigation.

5. After reviewing the Motion for Summary Judgment (Doc. 59), I checked my email and I discovered that I received the email on May 12, 2021, and that on the same day I immediately responded by stating that I would like to address Defendants' discovery failures. Attached as Exhibit A is the Response to the email.

6. At no time do I recall ever seeing the Requests for Admission, and certainly never responded in time under the Rules.

7. I have litigated at least 125 federal court cases, and have never previously failed to timely respond to Requests for Admissions, but under the circumstances, I did not even realize that they were propounded, and I did not docket the date to respond.

## I. **INTRODUCTION.**

On May 12, 2021, Defendants propounded Requests for Admissions on Plaintiffs and on Third Party Defendant Tyler Gnass. The Responses were due June 12, 2021. Discovery closed on July 1, 2021. (Doc. No. 57 at 1-2). The Responses were due a mere 18 days before the close of discovery.

A few weeks before, in March 2021, the undersigned's 26 year old son died unexpectedly. While grieving, the undersigned was able to manage his workload, but on this case, the undersigned does not recall seeing any attachments to the email received from opposing counsel on May 12, 2021, despite immediately responding by email on a different discovery matter. (Exhibit A). The matter was never raised again, until it was discovered in Defendants' Motion for Summary Judgment on August 2, 2021. (Doc. No. 59).

Plaintiffs and Mr. Gnass have since served Responses to Requests for Admissions on opposing counsel. Defendants did not take any depositions. Plaintiffs produced over 15,000 documents during the discovery period. Also, prior to filing suit, Plaintiffs had done substantial investigation into the allegations of copyright infringement, and trade secret misappropriation.

The Complaint comprises 15 Exhibits of evidence in support of Plaintiffs' claims, and Defendants have been on notice of these claims from Day 1.  Plaintiffs' Response to Motion for Summary Judgment is due September 3, 2021, and that Motion will contain many other Exhibits in support of Plaintiffs' allegations.  Noticeably, Defendants' Motion for Summary Judgment is scarce on evidence, and relies mostly on the Admissions that were due a mere 18 days (June 12, 2021)  before the close of discovery.  Even if the Admissions were responded to timely, and with appropriate denials,  no time remained for Defendants to further discovery, as the deadline for discovery was July 1, 2021.

The Responses to Requests for Admission were due a mere 18 days from the close of discovery, and discovery had otherwise been substantially concluded.   The failure to timely serve the Responses to Requests for Admissions served only to permit Defendants an opportunity to avoid liability where the clear evidence that has been of record from the beginning suggests otherwise.

This case should be heard on the merits of the substantial evidence.  Attached as Exhibit B are the Requests for Admission to NDALAMBA,  Exhibit C are the Responses, Exhibit D are Requests for Admission to STARLINE MEDIA.   Exhibit E are the Responses.  Exhibit F are Requests for Admission to GNASS.  Exhibit G are the Responses.

Plaintiff, STARLINE MEDIA denies Requests for Admission Nos. 1,2,4-5,7,10,14.16.18.22,25,28,30,35,39.

Plaintiff NDALAMBA denies Requests for Admission Nos.1-2,5,8,11,15,17,19,23,26,28,30,32-34, 37, 39.

Third Party Defendant GNASS denies Requests for Admission Nos. 1-2,6,8-9,11,16-17,19-20,22.

3

## II. THE COURT APPLIES A TWO PART TEST

District Courts are entitled to broad discretion in managing pretrial discovery matters. Johnson v. Board of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). Nevertheless, this discretion over discovery issues is not wholly unfettered. Id., at 1360.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, allowing a party to serve on "any other party a written request for the admission . . . of the truth of any matters within the general scope of discovery set forth in the request that relate to statements or opinions of fact or of the application of law to fact. Fed. R. Civ. P. 36(a).

The served party has thirty days after service to respond to the request by a written answers specifically denying the matter or setting forth in detail the reasons why it cannot truthfully admit or deny the matter, or by objecting to the request. Fed. R. Civ. P. 36(a). If a party fails to respond within thirty days, then the matter is admitted. Id. Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). A court may permit withdrawal or amendment of an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Id.

District Courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw or amend admissions. Smith v. First Nat'l Bank, 837 F.2d 1575, 1577 (11th Cir. 1988). First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. Id.

Rule 36(b)'s two part test is much more than merely hortatory; it "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Smith, 837 F.2d at 1577-78 (quoting Fed. R. Civ. P. 36 advisory committee's note) (emphasis added).

While District Courts stop short of holding that movants have an absolute right to have their admissions withdrawn, to best fulfill the purposes of Rule 36, a District Court must abide by the two-part test of Rule 36(b).

**A. Part I-Whether the Presentation of the Merits Will be Subserved.**

The first prong of the two-part test from Rule 36(b) calls for a determination of whether "the presentation of the merits will be subserved" by allowing a withdrawal or amendment of the admissions. This part of the test "emphasizes the importance of having the action resolved on the merits," Smith, 837 F.2d at 1577, and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. Where the court found that two of the admissions essentially admitted the necessary elements of the claims, withdrawal was proper. Id.

Thus, granting the motion to withdraw the admissions would have certainly aided in the "'ascertainment of the truth and the development of the merits.'" Smith, 837 F.2d at 1577

(quoting with approval the district court's opinion in that case); see also Manatt v. Union Pac. R.R. Co., 122 F.3d 514, 517 (8th Cir. 1997) ("In the circumstances of this case, the prospect of deeming the controverted fact as having been admitted seems to be anathema to the ascertainment of the truth.")   The first prong of the two-part test is therefore easily met here. Plaintiffs have already submitted to the Court, 15 Exhibits demonstrating screen shots of computer code theft, communications regarding knowledge of the theft, copyright registrations and materials, and snippets of code shown to have been misappropriated and stolen (Doc. No. 1, Exhibits A-O).   Defendants have proffered no defense except that the Admissions support it. The Admissions fly in the face of the evidence already of record from Day 1.

**B.  Part II- Prejudice to Defendants.**

Rule 36(b)'s second prong requires the court to ascertain whether the nonmoving party would be prejudiced by a withdrawal or amendment of admissions.  The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.   Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously admitted. Smith, 837 F.2d at 1578. (11th Cir. 1988)). For this reason, a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun. See, e.g., 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985) ("Had the defendant made this argument that there was no prejudice while moving for withdrawal of the admission before trial, it would have been more persuasive.").   Summary Judgment is inappropriate when it is awarded as a result of matters deemed admitted.   Smith, 837 F.2d at 1578. (11th Cir. 1988)).

Essentially, Rule 36 is a time-saver, designed "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994) (emphasis added). That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When parties like Defendants, however, use the rule with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already established in the Complaint and through production of documents and Exhibits filed with the Complaint), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.

A matter that the court deems admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b). At its discretion, a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); _Perez v. Miami-Dade Cty_., 297 F.3d 1255, 1263 (11th Cir. 2002) (stating that the Eleventh Circuit reviews decisions regarding motions to withdraw or amend admissions for abuse of discretion).

The Eleventh Circuit has held that "district courts should apply a 'two-part test' in deciding whether to grant or deny a motion to withdraw or amend admissions." _Perez_, 297 F.3d at 1264. First, the court should consider whether withdrawal will promote the presentation of the merits of the case; second, the court should determine whether "the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." Id.

The relevant two-part test requires the court to assess whether withdrawal or amendment will help the court consider the merits of the case and whether withdrawal or amendment will

prejudice the nonmoving party. Id. In this case, allowing Plaintiffs and Mr. Gnass to amend their admissions with their late responses will ultimately allow the court to have a better understanding of the parties' positions in the case and will promote consideration of the merits of the case. Moreover, Defendants cannot successfully argue that the withdrawal or amendment of the deemed admissions and subsequent consideration of the Responses will create any significant prejudice. The Responses were due only 18 days from the close of discovery. Defendants did not otherwise obtain any credible evidence that they had not committed the acts of copyright infringement and trade secret theft, along with the knowing breach of the NDA by hiring Plaintiffs' former computer programmer who accessed Plaintiffs' materials. Also, Defendants are on a taped conversation admitting that they had indeed known that Defendant TRICE had stolen Plaintiffs' materials, and that they were used in the development of Defendants computer game.

Defendants have offered no substantial evidence to the contrary, despite having received over 15,000 documents, and producing over 500 of their own. The Motion for Summary Judgment (Doc. No. 59), relies almost entirely on the last minute failure to respond to admissions. The prejudice factor must consider the timing of the admissions, and if the Defendants were otherwise precluded from gathering evidence to support their defenses, then prejudice would lean more in their favor. Instead, the Requests for Admissions were a last second throw in, and the benefit of Plaintiffs' failure to respond is a windfall not otherwise found in the facts or in the evidence. Defendants seek to win their case on the admissions, and not on any competent evidence, despite the existence of evidence in support of Plaintiffs' position that was filed at the inception of the case with the Complaint. (Doc. No. 1, Exhibits A-O). If

8

Plaintiffs had timely denied the Requests for Admissions, Defendants could not have gathered any further evidence as discovery closed days after the due date of June 12, 2021.

Consistent with Rule 36(b), however, Plaintiffs and Mr. Gnass seek permission to withdraw its deemed admissions, and to have them deemed timely filed, as they have subsequently been served. Under Rule 36(b) the court may permit a party to withdraw or amend its admissions. Therefore, before allowing a party to withdraw or amend its admissions, the court must determine whether: (1) withdrawing or amending the admissions would promote a presentation on the merits of the case; and (2) there would be prejudice to the party who obtained the admissions in its presentation of the case. *Perez,* 297 F.3d at 1264. The first step emphasizes the importance of having cases decided on the merits and is satisfied when the admissions—before withdrawal or amendment—eliminate presentation of the merits of the case. Id. at 1266. The second step relates to the difficulty the party who obtained the admissions might face in proving its case because of a "sudden need" to obtain evidence with respect to the items deemed admitted. Id. at 1266-67.

Since Defendants would not have otherwise been able to obtain any other evidence of note, since discovery closed within days of the due date for the Responses, the prejudice is almost wholly minimized. The last minute Requests for Admissions, and the untimely Responses, are the greatest factor supporting Defendants' position on Summary Judgment. They certainly do not rely on an established defense of non-infringement, or that they did not hire the former programmer who stole Plaintiffs' assets. Importantly, Third Party Defendant, Mr. Gnass is being sued for allegedly making false statements attributing theft of Plaintiffs' assets to Defendants. The Admissions may be used to support what the evidence of record has already demonstrated, that Mr. Gnass' statements are true.

In this case, Plaintiffs have laid out a clear case of copyright infringement, trade secret misappropriation, and the breach of an NDA, as Defendants hired Plaintiffs' former programmer to develop a game so similar that it failed. Defendants Crown Academy game failed because the Players did not want to play a game that is a copy of Plaintiffs' Royale High game when they would rather play the original. As better explained in Plaintiffs Response to Motion for Summary Judgment to be filed, a snapshot demonstrated that while **45,000** players were at that moment playing Plaintiffs' Royale High game, about **307** were playing Defendants' Crown Academy game. Defendants Motion for Summary Judgment (Doc. No. 59), contains very little other evidence in support, and relies mostly on the Admissions that were obtained as the very last part of discovery near the deadline. Had the Admissions been timely responded to, then Defendants would have not been able to take any other discovery anyway, as the discovery period would expire in 18 days. Also, Defendants moved the Court for an Order compelling depositions after the close of discovery, which was denied by the Court. (Doc. No. 63). Defendants were trying to take depositions after the close of discovery even after relying on the Admissions.

Thus, in greater detail, Plaintiffs have provided substantial supporting evidence in its Response to Motion for Summary Judgment. The Complaint contains 15 Exhibits supporting a prima facie case for Plaintiffs. The prejudice factor simply cannot be weighed in Defendants' factor, as the Admission were due only 18 from the close of discovery, and they could not have taken any other discovery even if the Admissions were fully denied. Defendants were not deprived of any effort to obtain information during discovery.

While Plaintiff and Mr. Gnass may argue that many of the matters deemed admitted may not necessarily be deemed dispositive, they certainly contradict evidence that is already

submitted as part of the record, and specifically, thorough the 15,000 documents produced, and the 15 Exhibits attached to the Complaint. The Admissions may deem evidence in the record to be false. The Complaint and its Exhibits have been part of the record from Day 1, and Defendants ultimately denied the allegations and had notice of their assertion. This neither meets the requirement that cases be decided on the merits, nor does false truth through admissions serve the interests of justice.

### III. CONCLUSION

The undersigned's son died unexpectedly in March 2021. As a result, the emailed discovery, the Requests for Admission that were served by Defendants, went unnoticed by counsel on May 12, 2021. Despite the efforts to keep up with all this, and all other cases, the Requests for Admission were not answered. Thankfully, while the excuse is valid, the prejudice to Defendants is virtually nonexistent. The Responses were due 18 from the close of discovery, and Defendants would not have been able to take any further discovery in that period, even if each Request was denied and timely. Defendants moved the Court for discovery past the deadline, but that was denied by the Court. (Doc. No. 3), and that Motion was not based on admissions.

Thankfully, despite counsel's misfortune, there is no prejudice to Defendants.

### IV. PLAINTIFFS INCORPORATE ITS RESPONSE TO DEFEDANTS' MOTION FOR SUMMARY JUDEGMENT IN SUPPORT.

Defendants' filed a Motion for Summary Judgment (Doc. No. 59) and relies extensively on the Admissions in support of Summary Judgment. Therefore, many of the documents and Declarations of Plaintiffs are included in the Response to Summary Judgment, so the Response

and this Motion are intertwined, in that Summary Judgment should be denied based on similar arguments in support of evidence, judging the merits, and no prejudice, instead of admissions.

## V. PLAINTIFFS RESPECTFULLY REQUEST A HEARING SHOULD THE COURT SO DEEM IT PROPER AND NECESSARY.

Many of the arguments in support of this Motion are also related to the evidence in support of Plaintiffs' Response to Motion for Summary Judgment, as the Motion for Summary Judgment relies on the admissions, instead of evidence already in the record, as the basis for relief.  Plaintiffs respectfully request that if there are issues of concern for the Court that a hearing be scheduled for further clarification, as this Motion and Plaintiffs' Response to Motion for Summary Judgment have similar facts and circumstances, as they rely on evidence instead of last minute admissions.

### Local Rule 3.01(g) Certification

The undersigned contacted opposing counsel, Shaun Keough, regarding his position on consent for the filing of this Motion.  Mr. Keough specifically does not consent.

Respectfully submitted,

Date:   September 2, 2021

/s/Louis R. Gigliotti
Louis Gigliotti
Louis R. Gigliotti, PA
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
P: 954-471-4392
lgigliotti@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed via ECF, this 2nd day of September, 2021.

By: /s/Louis R. Gigliotti,Esq./
Louis R. Gigliotti, Esq.