UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br>　　　Plaintiffs,<br><br>v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br><br>　　　Defendants. | C.A. No. 6:20-CV-01210-GAP-GJK |
| JOMY STERLING and STAR STATUS GROUP<br>　　　Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID NDALAMBA and TYLER GNASS<br><br>　　　Counterclaim Defendants. | |

**JOMY STERLING D/B/A STAR STATUS GROUP'S OPPOSITION TO MOTION FOR MISCELLANEOUS RELIEF AT [DOC. 64]**

Jomy Sterling d/b/a Star Status Group (collectively, "**Ms. Sterling**"), by and through her undersigned counsel, hereby submits an opposition to the Motion for Miscellaneous Relief at [Doc. 64] (the "**Motion**"). Ms. Sterling provides the following in support of her opposition to the Motion:

## FACTUAL BACKGROUND

As agreed to by the parties in the case management report jointly submitted to this Court, counsel for Ms. Sterling served on opposing counsel written requests for admission pursuant to Fed. R. Civ. P. 36 (the "**RFAs**") via email with the subject line "Ndalamba v. Sterling – Written Discovery" (the "**Discovery Email**") [Doc. 64-1].[1] Less than an hour after the Discovery Email was sent, counsel for the opposing parties, Louis R. Gigliotti, replied to it, suggesting (if not indicating) that he had received and read the email. *Id.* Plaintiffs David Ndalamba ("**Mr. Ndalamba**") and Starline Media Inc. ("**Starline**"), and Counterclaim Defendant Tyler Gnass ("**Mr. Gnass**") had until June 11, 2021 to respond to the RFAs.

Because Mr. Gigliotti promptly replied to the Discovery Email to which the RFAs were clearly attached, Ms. Sterling's counsel reasonably assumed Mr. Gigliotti received the RFAs and his clients would respond accordingly on or before June 11, 2021. As such, Ms. Sterling's counsel had to plan for a scenario in which Mr. Ndalamba, Starline, and Mr. Gnass denied some or all of the RFAs served on them. On June 9, 2021, Ms. Sterling's counsel served notices of deposition on Mr. Ndalamba, Starline, and Mr. Gnass indicating that Mr. Gnass was required to attend a deposition in this District on June 23, 2021 and Mr. Ndalamba/Starline on June 24, 2021. [Doc. 57-2 and 52-3].[2] The depositions were to take place prior to July 1, 2021, which

---

[1] The parties agree discovery requests would be served by email. [Doc. 21, p. 8].
[2] This District's Civil Discovery Handbook at Section II(A)(3) states that "[a] non-resident plaintiff may reasonably expect to be deposed at least once in this district during the dis-

was the end of the discovery period. [Doc. 22]. At the last minute – on June 22, 2021, a day before Mr. Gnass' duly noticed deposition – Mr. Gigliotti emailed Ms. Sterling's counsel saying that the depositions needed to be rescheduled because Mr. Ndalamba could not legally enter the US and Mr. Gnass did not live in Florida. [Doc. 57-9, p. 2]. In the same email Mr. Gigliotti said he would work with Ms. Sterling's counsel to reschedule the depositions via Zoom. *Id.* Ms. Sterling's counsel immediately replied to Mr. Gigliotti with options for rescheduling the duly noticed depositions via Zoom. [Doc. 57-10, p. 2]. Mr. Gigliotti never responded to these options and in so doing reneged on his agreement to reschedule the depositions, which effectively denied Ms. Sterling an opportunity to depose Mr. Ndalamba, Starline, and Mr. Gnass before the discovery deadline as set forth in her timely served notices of deposition.

Meanwhile, Mr. Ndalamba, Starline, and Mr. Gnass failed to respond to the RFAs on or before June 11, 2021. Even though Ms. Sterling was denied the opportunity to depose Mr. Ndalamba, Starline, and Mr. Gnass through the deliberate inaction of their counsel, the RFAs operating as admissions have fortunately enabled Ms. Sterling with other uncontroverted summary judgment evidence to make a showing that she is entitled to summary judgment on all of the claims at issue in this case. Now, at the 11th hour once again, Mr. Gigliotti seeks to unduly prejudice Ms. Sterling by claiming he never saw the RFAs (which were clearly attached to the Discov-

---

covery stages of the case and a non-resident defendant who intends to be present in person at trial may be deposed at least once in this district during discovery."

ery Email) in order to submit late-filed responses to the RFAs (many of which are demonstrably false as discussed below). This simply cannot stand especially since discovery is over, the dispositive motions deadline has passed, and we are in the thick of summary judgment briefing.

## ARGUMENT

The Court should deny the Motion because it does not satisfy the two-part test employed in the 11th Circuit with respect to written requests for admission responses that are submitted or otherwise relied upon after the 30-day response period prescribed under Fed. R. Civ. P. 36.

In any event, and assuming *arguendo*, the Court agrees that the Motion does satisfy the applicable two-part test, many of Mr. Ndalamba, Starline, and Mr. Gnass' new denials should still operate as admissions because they are demonstrably false based on other admissions made by Mr. Ndalamba, Starline, and Mr. Gnass and/or discovery materials Ms. Sterling was able to obtain during the discovery period.

1. **The Motion Does Not Satisfy the Applicable Two-Part Test.**

Withdrawal of admissions is subject to a two-part test as follows: First, the Court must consider "whether the withdrawal will subserve the presentation of the merits." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Second, the Court must "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citations omitted). The second prong of the test "relates to the difficulty a party may face in proving its case,

e.g., caused by the unavailability of key witnesses, [or] because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (per curiam), *quoting Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982).

The Motion does not satisfy the applicable two-part test here because allowing Mr. Ndalamba, Starline, and Mr. Gnass to change the admissions Ms. Sterling has reasonably relied on into denials (or in some cases qualified admissions) will unduly prejudice Ms. Sterling at this stage in the proceedings. The RFAs were timely served on Mr. Ndalamba, Starline, and Mr. Gnass via email through counsel. The email to which the RFAs were attached was clearly labeled "Ndalamba v. Sterling – Written Discovery" and only related to the written discovery being served. Mr. Gigliotti promptly responded to the email suggesting (if not indicating) that he received and read the content of the email. This reasonably led counsel for Ms. Sterling to believe that the RFAs would be responded to in accordance with Rule 36. As such, when the RFAs went unanswered, Ms. Sterling reasonably relied on the non-responses (operating as admissions) together with other evidence in support of summary judgment in her favor. The non-responses became especially important in light of the fact Ms. Sterling was denied the opportunity to take depositions of Mr. Ndalamba, Starline, and Mr. Gnass during the discovery period. Not only that the deadline for dispositive motions has already passed. Granting the Motion now would create a "sudden need to obtain evidence with respect to the questions previously answered by the

admissions." *See Smith*, 837 F.2d at 1578; *see also Fox v. Safeco Ins. Co.*, No. 8:16-cv-2665-T-23JSS, 2017 U.S. Dist. LEXIS 149978, at *14-15 (M.D. Fla. Sept. 15, 2017) (motion to supplement admission responses denied because the non-moving party relied on the admissions in filing its motion for summary judgment and both the discovery and dispositive motion deadlines had already passed).

2. **Many of the New Denials are Demonstrable False and as a Result Should Operate as Admissions Regardless of Whether the Motion Satisfies the Applicable Two-Part Test.**

   a. **Mr. Ndalamba's Demonstrably False New RFA Responses**

**RFA No. 1**: Mr. Ndalamba's denial of this request is demonstrably false. First, he admits he does not have access to or possess actual Crown Academy source code or assets [Doc. 64-2, ¶ 38; Doc. 64-3, ¶ 38] and admits on behalf of Starline that it does not have actual Crown Academy source code authored prior to January 1, 2020 [Doc. 64-4, ¶ 37; Doc. 64-5, ¶ 37]. Further, the Court ordered Mr. Ndalamba to produce Crown Academy source code or files in his possession by September 7, 2021. [Doc. 63]. Mr. Ndalamba did not produce any such source code or files by September 7, 2021. If Mr. Ndalamba and Starline do not possess actual Crown Academy source code (namely, source code containing or otherwise incorporating Royale High source code or assets) from any relevant time period, as they admit, then Mr. Ndalamba cannot in good faith claim that he has evidence that shows Crown Academy in fact contained or otherwise incorporated Royale High source or assets as of January 1, 2020. One must actually have Crown Academy source code containing Royale

High source code or assets to – not only take screenshots of it – but to credibly claim Crown Academy in fact contains Royale High source code or assets. Second, Mr. Ndalamba admitted in a May 12, 2020 conversation with Ms. Sterling's current scripter that he is "not convinced there is anything from our game [*i.e.*, Royale High] that is being used…" *See* **Exhibit 1**, attached hereto.

**RFA No. 2**: Mr. Ndalamba's denial of this request is demonstrably false for the same reasons his denial of RFA No. 1 is false. Further, neither Mr. Ndalamba nor Mr. Gnass had access to Crown Academy source code after December 23, 2019. [Doc. 66-4, ¶ 20]. Last, the uncontroverted testimony of Ms. Sterling's current scripter, Max Gartung, states that none of the current Crown Academy source code from January 1, 2020 to present is based on or otherwise incorporates Royale High source code or other related materials. [Doc. 62-12, ¶¶ 4-6].

**RFA No. 11**: Mr. Ndalamba's denial of this request is demonstrably false. For context, "Starline Response 14887" is attached to the Amended Complaint at [Doc. 24-2]. Mr. Ndalamba admits that "Starline Response 14887" shows a private Github repository owned by Elisha Trice, which Mr. Ndalamba now claims Mr. Trice called "CrownServer" and Mr. Gnass admits was never used in Crown Academy (*see* discussion, *infra*). He and Starline also admit, as discussed above, that they do not have access or possess actual Crown Academy source code (namely, source code containing the code depicted in "Starline Response 14887"). Common sense dictates that one cannot take a screenshot of source code that he or she does not have access to or oth-

erwise possess; therefore, Mr. Ndalamba cannot in good faith claim that the screenshot identified as "Starline Response 14887" shows actual Crown Academy source code (*i.e.*, code actually used in the Crown Academy game build).

**RFA No. 23**: Mr. Ndalamba's denial of this request is demonstrably false. For context, "Starline Response 15002" is attached to the Amended Complaint at [Doc. 24-8] and the excerpt of code depicted in "Starline Response 15002" is filed at [Doc. 66-3, p. 8 "Ex. J"]. The lines of code depicted in this screenshot consist of publicly available Roblox asset IDs that are used by all Roblox game developers to call (aka "fetch") Roblox game assets (such as faces for characters in Roblox games). These game assets are created by users of the Roblox platform and made publicly available to all developers of Roblox games through Roblox's massive database of game assets. The "rbxassetid://" string of text found in each line of code is a standard Roblox developer protocol used to "fetch[] a user-created asset on the Roblox website." *See* **Exhibit 2**, attached hereto, at p. 2. The Roblox developer documentation found at Ex. 3, p. 3 provides an example: it says using the "rbxassetid://607948062" protocol "points to an image created by Roblox." This is the exact same protocol depicted in the "Starline Response 15002" lines of code (also found at [Doc. 66-3, p. 8]), the only difference being the numbers after the "rbxassetid://" protocol, which represent each specific user-created asset found on the Roblox website. The code in "Starline Response 15002" also identifies each user-created asset by "name," "category," "creator," and "tags." It should be noted here that the "creators" identified in the code in

"Starline Response 15002" are not Mr. Ndalamba (aka Ice7) or Starline. Each of the Roblox assets identified in the code found in "Starline Response 15002" were or are readily ascertainable by anyone that publicly plays Royale High. *See* **Exhibit 3**, attached here, at ¶¶ 3-7 (includes true and accurate screenshots showing that the following face assets, which are identified in the "Starline Response 15002" lines of code, are publicly available on the Roblox website: "Freckles" by "UnixornPrince"; "Crystal Diamond" by "UnixornPrince"; "Makeup – Glamour" by "k0maki"; "Albina" by "k0maki"; "★!Happy Purple!★" by "pepe_desu"; "Lani Base" by "Nutest"; and "Green" by "Mrsquishyjellyfish05").

### b. Starline's Demonstrably False New RFA Responses

**RFA No. 1**: Starline's denial of this request is demonstrably false. It admits it does not have access to or possess actual Crown Academy source code or assets [Doc. 64-4, ¶ 36; Doc. 64-5, ¶ 36] and admits it does not have actual Crown Academy source code authored prior to January 1, 2020 [Doc. 64-4, ¶ 37; Doc. 64-4, ¶ 37]. Further, the Court ordered Starline to produce Crown Academy source code or files in its possession by September 7, 2021. [Doc. 63]. Starline did not produce any such source code or files by September 7, 2021. If Starline does not possess actual Crown Academy source code (namely, source code containing or otherwise incorporating Royale High source code or assets) from any relevant time period, as it admits, then Starline cannot in good faith claim that it has evidence that shows Crown Academy in fact contained or otherwise incorporated Royale High source code or assets as of

January 1, 2020. One must actually have Crown Academy source code containing Royale High source code or assets to – not only take screenshots of it – but to credibly claim Crown Academy in fact contains Royale High source code or assets.

**RFA No. 2**: Starline's denial of this request is demonstrably false for the same reasons its denial of RFA No. 1 is false. Further, neither Starline nor Mr. Gnass had access to Crown Academy source code after December 23, 2019. [Doc. 66-4, ¶ 20]. Last, the uncontroverted testimony of Ms. Sterling's current scripter, Max Gartung, states that none of the current Crown Academy source code from January 1, 2020 to present is based on or otherwise incorporates Royale High source code or other related materials. [Doc. 62-12, ¶¶ 4-6].

**RFA No. 4**: Starline's denial of this request is demonstrably false. Starline explicitly states in its opposition to Ms. Sterling's motion for summary judgment that it "do[es] not dispute that Secret Waterfall owns the Royale High game, and it also owns whatever code it may contain." [Doc. 66, p. 10].

**RFA No. 10**: Starline's denial of this request is demonstrably false. For context, "Starline Response 14887" is attached to the Amended Complaint at [Doc. 24-2]. Starline admits that "Starline Response 14887" shows a private Github repository owned by Elisha Trice, which Mr. Ndalamba now claims Mr. Trice called "CrownServer" and Mr. Gnass admits was never used in Crown Academy (*see* dicussion, *infra*). Starline also admits, as discussed above, that it does not have access or possess actual Crown Academy source code (namely, source code containing the code depicted in

"Starline Response 14887"). Common sense dictates that one cannot take a screenshot of source code that it does not have access to or otherwise possess; therefore, Starline cannot in good faith claim that the screenshot identified as "Starline Response 14887" shows actual Crown Academy source code (*i.e.*, code actually used in the Crown Academy game build).

**RFA No. 22**: Starline's denial of this request is demonstrably false for the same reasons Mr. Ndalamba's denial of his RFA No. 23 is demonstrably false.

c. **Mr. Gnass' Demonstrably False New RFA Responses**

**RFA No. 2**: Mr. Gnass' denial of this request is demonstrably false. Mr. Gnass admits that his access to Crown Academy source code and assets was terminated on December 23, 2019. [Doc. 66-4, ¶ 20]. Further, the uncontroverted testimony of Ms. Sterling's current scripter, Max Gartung, states that none of the current Crown Academy source code from January 1, 2020 to present is based on or otherwise incorporates Royale High source code or other related materials. [Doc. 62-12, ¶¶ 4-6].

**RFA No. 8**: Mr. Gnass' denial of this request is demonstrably false. First, he admits that the screenshot identified as "Starline Response 14887"[3] shows Mr. Trice's private Github repository. [Doc. 64-6, ¶ 10; Doc. 64-7, ¶ 10]. Mr. Gnass would not be in a position to admit this unless he had access to Mr. Trice's private Github repository. Second, both Mr. Ndalamba and Mr. Gnass claim this private Github code repository is called "CrownServer." [Doc. 66-1, ¶¶ 43-45; Doc. 66-4, ¶ 13]. Exhibit F to

---

[3] "Starline Response 14887" is also attached to the Amended Complaint at [Doc. 24-2].

Mr. Gnass' declaration at [Doc. 66-5, p. 4] shows that Mr. Gnass had access to this "CrownServer" code repository, which is evidenced by the fact that the "Current branch" lists "tyler" as the branch's creator. Github branches can only be created by users with read and write access. These users are called Github collaborators. *See* **Exhibit 4**, attached hereto, which consists of Github documentation stating that a user "must have write access to a repository to create a branch," only collaborators have write access, and collaborator access/status gives a user both read and write permissions with respect to a Github code repository. Without full access to this private Github repository, Mr. Gnass would not have been able to create the "tyler" branch and/or access the repository to take the screenshots that are attached to the Amended Complaint at [Doc. 24-2] and being used in support of Mr. Gnass and Mr. Ndalamba's declarations at [Doc. 66-5, p. 4 and Doc. 66-3, pg. 11, respectively].

**RFA No. 9**: Mr. Gnass' denial of this request is demonstrably false for the reasons his denial to RFA No. 8 is false. He would not have had the ability to make the "tyler" branch in the "CrownServer" code repository and/or take screenshots of the code in the repository unless he had both read and write access with respect to the repository as a Github collaborator.

**RFA No. 11**: Mr. Gnass' denial of this request is demonstrably false. Mr. Gnass admitted to Mr. Ndalamba that the code in Mr. Trice's (aka "rbxrootx"'s)[4] private Github repository called "CrownServer" is not being used in Crown Academy. *See*

---

[4] Mr. Ndalamba admits that Mr. Trice's Github user name is "rbxrootx." [Doc. 66-1, ¶ 45].

**Exhibit 5**, attached hereto. Further, if the "CrownServer" Github repository consisted of actual Crown Academy source code (*i.e.*, code actually used in the Crown Academy game build) then files containing such code (such as the CrownServer file identified in **Exhibit 5**) should have been produced pursuant to the Court's order at [Doc. 63], but no such files were produced. This implies the Github code repository called "CrownServer" did not contain actual Crown Academy source code, otherwise files like the CrownServer file should have been produced. Therefore, Mr. Gnass cannot in good faith claim that the code depicted in "Starline Response 14887" shows actual Crown Academy source code.

**RFA No. 23**: Mr. Gnass' denial of this request is demonstrably false. Through this denial Mr. Gnass effectively claims that the "ui.rbxl" file was incorporated or used in Crown Academy, however he also claims in the same response that the file "was never used by me." [Doc. 64-6, ¶ 23; Doc. 64-7, ¶ 23]. If Mr. Gnass never used the "ui.rbxl" file, then it was never used in Crown Academy because Mr. Gnass admits that he authored all of the source code for Crown Academy in 2019. [Doc. 64-6, ¶ 5; Doc. 64-7, ¶ 5]. Further, the uncontroverted testimony of Ms. Sterling's current scripter, Max Gartung, states that all of Mr. Gnass' code from 2019 was replaced in 2020 and none of the current Crown Academy source code from January 1, 2020 to present is based on or otherwise incorporates Royale High source code or other related materials. [Doc. 62-12, ¶¶ 4-6].

## CONCLUSION

WHEREFORE, the Motion should be denied in its entirety or at the very least the denials shown to be demonstrably false should continue to operate as admissions.

DATED: September 13, 2021          Respectfully submitted

                                               Jomy Sterling AND
                                               Star Status Group
                                               By Their Attorney,
                                               /s/ Shaun P. Keough
                                               Shaun P. Keough (Trial Counsel)
                                               Florida Bar # 1000985
                                               PARKER KEOUGH LLP
                                               3505 Lake Lynda Dr. Suite 200
                                               Orlando, FL 32817
                                               Tel.: (321) 262-1146
                                               Fax.: (617) 963-8315
                                               E-mail: skeough@parkerkeough.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on September 13, 2021 on all counsel of record.

                                               BY: /s/ Shaun P. Keough
                                               Shaun P. Keough (Trial Counsel)
                                               Florida Bar # 1000985