UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br>          Plaintiffs,<br><br>v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br><br>          Defendants. | C.A. No. 6:20-CV-01210-GAP-GJK |
| JOMY STERLING and STAR STATUS GROUP<br>          Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID NDALAMBA and TYLER GNASS<br><br>          Counterclaim Defendants. | |

**JOMY STERLING D/B/A STAR STATUS GROUP'S MOTION TO STRIKE MATERIALS SUBMITTED IN OPPOSITION TO HER MOTION FOR SUMMARY JUDGMENT**

Jomy Sterling d/b/a Star Status Group (collectively, "**Ms. Sterling**"), by and through her undersigned counsel, hereby respectfully requests an order striking the following testimony and/or documents filed by David Ndalamba, Starline Media, Inc., and Tyler Gnass in support of their opposition to Ms. Sterling's Motion for

Summary Judgment, such testimony and/or documents found at [Docs. 66-1, 66-3, 66-4, and 66-5]:

**David Ndalamba Declaration (Doc. 66-1)[1]**

1. Paragraph 8 and Exhibit H (*see* Doc. 66-1, ¶ 8 and 66-3, p. 7 "Ex. H") (hearsay);

2. Paragraph 11 (see Doc. 66-1, ¶ 11) (no personal knowledge);

3. Paragraph 12 and Exhibit L (*see* Doc. 66-1, ¶ 12 and Doc. 66-3, p. 9 "Ex. L") (inadmissible recorded conversation);

4. Paragraph 13 (*see* Doc. 66-1, ¶ 13) (inadmissible recorded conversation);

5. Paragraph 14 (*see* Doc. 66-1, ¶ 14) (no personal knowledge; inadmissible recorded conversation);

6. Paragraph 15 (see Doc. 66-1, ¶ 15) (no personal knowledge);

7. Paragraph 16 (see Doc. 66-1, ¶ 16) (no personal knowledge);

8. Paragraph 17, to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 17) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

9. Paragraph 18, to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the

---

[1] References to the numbered items listed in connection with Mr. Ndalamba's declaration will be cited to in the argument section below as "Ndalamba Dec. No. ____".

same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 18) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

10. Paragraph 20 (see Doc. 66-1, ¶ 20) (no personal knowledge);

11. Paragraph 21, with respect to why the file names are different (see Doc. 66-1, ¶ 21) (no personal knowledge) and to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 21) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);[2]

12. Paragraph 22 and Exhibit L (*see* Doc. 66-1, ¶ 22 and Doc. 66-3, p. 6 "Ex. L") (no personal knowledge; inadmissible recorded conversation) and to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 22) (failed to produce "roy-

---

[2] Mr. Ndalamba also failed to produce the Royale High place file he provided to Mr. Trice on June 19, 2019, so Ms. Sterling could not compare the file called "royalehigh_1_940838533.rbxl" that Mr. Gnass gave to Mr. Ndalamba with the file Mr. Ndalamba gave to Mr. Trice on June 19, 2019.

alehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);[3]

13. Paragraph 24 (see Doc. 66-1, ¶ 24) (no personal knowledge) and to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 24) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

14. Paragraph 25, to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 25) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

15. Paragraph 28, the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 28) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr.

---

[3] *See* FN 2, above.

Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);[4]

16. Paragraph 32 and Exhibit V (see Doc. 66-1, ¶ 32 and Doc. 66-3, pp. 14-15 "Ex. V") (hearsay);

17. Paragraph 35 and Exhibit W, with respect to hours worked through Upwork (see Doc. 66-1, ¶ 35 and Doc. 66-3, p. 15 "Ex. W") (hearsay);

18. Paragraph 37 to the extent it relies on Exhibit V (see Doc. 66-1, ¶ 32 and 66-3, pp. 14-15 "Ex. V") (hearsay);

19. Paragraph 45, to the extent he testifies the file called "royalehigh_1_940838533.rbxl" is a Royale High place file or otherwise contained the same information as the file Mr. Trice received from Mr. Ndalamba on June 19, 2019 (see Doc. 66-1, ¶ 45) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

20. Paragraph 46, to the extent he claims to know for what purpose Elisha Trice was using the code purportedly depicted in Exhibits P and Q (see Doc. 66-1, ¶ 46) (no personal knowledge);

21. Paragraph 49, with respect to the recorded call at Exhibit L (see Doc. 66-1, ¶ 49 and Doc. 66-3, p. 6 "Ex. L") (inadmissible recorded conversation) and with respect to

---

[4] *See* FN 2, above.

knowing what Ms. Sterling told Mr. Trice or Mr. Gnass during or after the screen-share incident (see Doc. 66-1, ¶ 49) (no personal knowledge);

22. Paragraph 51 (see Doc. 66-1, ¶ 51) (no personal knowledge);

23. Paragraph 52 (see Doc. 66-1, ¶ 52) (no personal knowledge);

24. Paragraph 54 (see Doc. 66-1, ¶ 54) (no personal knowledge);

25. Paragraph 55 (see Doc. 66-1, ¶ 55) (no personal knowledge);

26. Paragraph 56 (see Doc. 66-1, ¶ 56) (no personal knowledge);

27. Paragraph 60 and Exhibit AA (see Doc. 66-1, ¶ 60 and Doc. 66-3, pp. 17-19 "Ex. AA") (hearsay; no personal knowledge);

28. Paragraph 61 with respect to alleged statements made by players about why they are disinterested in playing Crown Academy (see Doc. 66-1, ¶ 61) (hearsay);

29. Paragraph 66 (see Doc. 66-1, ¶ 66) (no personal knowledge);

30. Exhibit A (see 66-3, p. 1 "Ex. A") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests);

31. Exhibit T (see 66-3, p. 14 "Ex. T") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests);

32. Exhibit U (see 66-3, p. 14 "Ex. U") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests);

33. Exhibit X (see Doc. 66-3, p. 15 "Ex. X") (hearsay);

34. Exhibit Y (see Doc. 66-3, p. 16 "Ex. Y") (hearsay);

35. Exhibit Z (see Doc. 66-3, pp. 9-10 "Ex. Z") (hearsay);

36. Exhibit EE (see 66-3, p. 23 "Ex. EE") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests); and

37. Exhibit FF (see 66-3, p. 24 "Ex. FF") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests).

**Tyler Gnass Declaration (Doc. 66-4)[5]**

1. Paragraph 5, to the extent Mr. Gnass claims to know what Royale High game code looked like prior to receiving a file called "royalehigh_1_940838533.rbxl" from Ms. Sterling on October 3, 2019 (see Doc. 66-4, ¶ 5) (no personal knowledge) and to the extent he testifies that "royalehigh_1_940838533.rbxl" contained Royale High game code or otherwise contained information beyond the snippet of code in the October 3, 2019 text (see Doc. 66-4, ¶ 5) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

2. Paragraph 6, to the extent Mr. Gnass claims to know what was contained on a Royale High place file prior to receiving a file called "royalehigh_1_940838533.rbxl" from Ms. Sterling on October 3, 2019 (see Doc. 66-4, ¶ 6) (no personal knowledge) and to the extent he testifies that "royalehigh_1_940838533.rbxl" contained Royale High game code or otherwise contained information beyond the snippet of code in the October 3, 2019 text (see Doc. 66-4, ¶ 6) (failed to produce "roy-

---

[5] References to the numbered items listed in connection with Mr. Gnass' declaration will be cited to in the argument section below as "Gnass Dec. No. ____".

alehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

   3.  Paragraph 12, to the extent Mr. Gnass' testimony describes the content of a file called "ui.rbxl" (see Doc. 66-4, ¶ 12) (failed to produce "ui.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

   4.  Paragraph 13, to the extent Mr. Gnass claims to know what Royale High's web server looked like in light of his new RFA response that he did not have access to Mr. Trice's private Github repository [Doc. 64-6, ¶ 8; Doc. 64-7, ¶ 8], the respository where the Royale High web server code was allegedly stored (see Doc. 66-4, ¶ 13) (no personal knowledge);

   5.  Paragraph 14 and Exhibit X (see Doc. 66-4, ¶ 14 and Doc. 66-5, p. 16 "Ex. X") (inadmissible recorded conversation);

   6.  Paragraph 15 and Exhibit X (see Doc. 66-4, ¶ 15 and Doc. 66-5, p. 16 "Ex. X") (inadmissible recorded conversation);

   7.  Paragraph 20 and Exhibit K (see Doc. 66-4, ¶ 20 and Doc. 66-5, p. 6 "Ex. K") (hearsay);

   8.  Paragraph 26, to the extent Mr. Gnass claims to know what Royale High game code looked like prior to receiving a file called "royalehigh_1_940838533.rbxl" from Ms. Sterling on October 3, 2019 (see Doc. 66-4, ¶ 26) (no personal knowledge) and to the extent he testifies that "royalehigh_1_940838533.rbxl" contained Royale High

game code or otherwise contained information beyond the snippet of code in the October 3, 2019 text (see Doc. 66-4, ¶ 26) (failed to produce "royalehigh_1_940838533.rbxl" – the file Mr. Gnass gave to Mr. Ndalamba [Doc. 64-6, ¶ 12; Doc. 64-7, ¶ 12] – and not the best evidence in violation of Fed. R. Evid. 1002);

9. Exhibit D (see Doc. 66-5, p. 3 "Ex. D") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests); and

10. Exhibit E (see Doc. 66-5, p.3 "Ex. E") (never produced during discovery despite being responsive to Ms. Sterling's written discovery requests).

Ms. Sterling provides the following in support of her request:

### LEGAL BASES FOR STRIKING THE SUMMARY JUDGMENT MATERIALS IDENTIFIED ABOVE

**A.    Ndalamba Dec. Nos. 3-5, 12, & 21 and Gnass Dec. Nos. 5 & 6 should be struck to the extent they violate Fla. Stat. §§ 934.01 *et seq.* (the "Florida Wire Tap Act").**

Fla. Stat. § 934.06 states "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court…if the disclosure of that information would be in violation of this chapter." Fla. Stat. § 934.03 prohibits the electronic recording of an "oral communication" without the consent of all parties to the communication. Further, "[t]he law is clear that an 'interception' occurs 'where the words or the communication is uttered, not where it is recorded or heard.'" *Stalley v. ADS Alliance Data Sys.*, 997 F. Supp. 2d 1259, 1265 (M.D. Fla. 2014), *quoting Koch v. Kimball*, 710 So. 2d 5, 7 (Fla. 2d

DCA 1998) (finding the Florida Wire Tap Act applicable because, even though the calls were "ultimately heard and recorded outside of Florida, the communications in those calls were uttered in Florida, and therefore "intercepted" in Florida); *see also State v. Mozo*, 655 So. 2d 1115, 1117 (Fla. 1995) (finding that the actual interception of a communication occurs not where such is ultimately heard or recorded but where the communication originates); *Hentz v. State*, 62 So. 3d 1184, 1191-92 (Fla. 4th DCA 2011) (holding interception occurred where communication originated in home of defendant).

Here, the call Mr. Ndalamba and Mr. Gnass attempt to rely at [Doc. 66-3, p. 9 "Ex. L" and Doc. 66-5, p. 16 "Ex. X"] consists of oral communications made by Ms. Sterling to Mr. Gnass in the privacy of her own home located in the State of Florida. *See* Sterling Declaration, attached hereto as **Exhibit 1**, at ¶¶ 3-4. Mr. Gnass admits he recorded his conversation with Ms. Sterling without her consent. [Doc. 64-6, ¶ 15; Doc. 64-7, ¶ 15]. Therefore, Mr. Gnass "intercepted" Ms. Sterling's oral communications in the State of Florida without her consent in violation of Fla. Stat. § 934.03, and as a result, the recorded conversation and any evidence derived therefrom are inadmissible under Fla. Stat. § 934.06, all of which should be struck from the summary judgment record. *See* Ndalamba Dec. Nos. 3-5, 12, & 21 and Gnass Dec. Nos. 5 & 6.

### B. Ndalamba Dec. Nos. 1, 16-18, 27-28, & 33-35 and Gnass Dec. No. 7 should be struck because they consist of or rely on hearsay in violation of Fed. R. Evid. 802.

"Hearsay" is inadmissible under Rule 802 of the Federal Rules of Evidence unless an exception applies. "Hearsay" consists of out-of-court statements that are offered by a party "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Ndalamba Dec. Nos. 1, 16-18, 27-28, & 33-35 and Gnass Dec. No. 7 consist of or rely on out-of-court statements that are offered "to prove the truth of the matter asserted in [those] statement[s]." Accordingly, Ndalamba Dec. Nos. 1, 16-18, 27-28, & 33-35 and Gnass Dec. No. 7 consist of or rely on inadmissible hearsay and must be struck from the summary judgment record.

### C. Ndalamba Dec. Nos. 2, 5-7, 10-13, & 20-29 and Gnass Dec. Nos. 1-2, 4, & 8 should be struck for violation Fed. R. Civ. P. 56(c)(4)'s "personal knowledge" requirement.

Rule 56(c) of the Federal Rules of Civil Procedure clearly states that "[a] party asserting that a fact cannot be or is genuinely disputed **must** support the assertion by…[*inter alia*] (4) [a]n affidavit or declaration…made on **personal knowledge**." (emphasis added). A review of Ndalamba Dec. Nos. 2, 5-7, 10-13, & 20-29 and Gnass Dec. Nos. 1-2, 4, & 8 clearly shows much of Mr. Ndalamba and Mr. Gnass' respective testimony submitted in support of opposition to summary judgment is not based on personal knowledge and should be struck as not meeting the requirement for declarations under Fed. R. Civ. P. 56(c)(4).

### D. Ndalamba Dec. Nos. 8-9, 11-15, & 19 and Gnass Dec. Nos. 1-3, & 8 should be struck pursuant to Fed. R. Civ. P. 37(c) and Fed. R. Evid. 1002.

Rule 37(c) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to

use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Rule 1002 of the Federal Rules of Evidence states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."

Here, Mr. Ndalamba and Mr. Gnass attempt to provide testimony about the content of electronic files (called ".rbxl" files) that the Court ordered them to produce by September 7, 2021 but never did. [*See* Doc. 63]. As a result, Ms. Sterling never had the opportunity to see the content of these files, which Mr. Ndalamba and Mr. Gnass now seek to rely through mere testimony. Ms. Sterling was entitled to compare the content of the relevant files to confirm their authenticity and to determine if the files in fact contained the content Mr. Ndalamba and Mr. Gnass said they did. This was a legitimate concern of Ms. Sterling because many (if not all) of the screenshots Mr. Ndalamba and Mr. Gnass have provided throughout this litigation depict code and other things she has never seen. Indeed, both Mr. Ndalamba and Mr. Gnass admit that they had the ability to edit one of the relevant files called "ui.rbxl" prior to the commencement of this action. [Doc. 64-2, ¶ 40; Doc. 64-3, ¶ 40; Doc. 64-6, ¶ 24; Doc. 64-7, ¶ 24]. And, Mr. Gnass admits that he had the ability to modify or otherwise edit the Royale High place file he had access to. [Doc. 64-6, ¶ 13; Doc. 64-7, ¶ 13]. Because the relevant ".rbxl" files were not produced, Mr. Ndalamba and Mr. Gnass cannot satisfy the requirement under Fed. R. Evid. 1002 that original writings or recordings

be provided in order to prove their content. Accordingly, any testimony concerning or implicating those files or describing the content of those files should be struck from the summary judgment record. *See* Ndalamba Dec. Nos. 8-9, 11-15, & 19 and Gnass Dec. Nos. 1-3, & 8.

### E. Ndalamba Dec. Nos. 30-32, & 36-37 and Gnass Dec. Nos. 9-10 should be struck pursuant to Fed. R. Civ. P. 37(c).

Ndalamba Dec. Nos. 30-32, & 36-37 and Gnass Dec. Nos. 9-10 should also be struck from the summary judgment record because they were never produced during discovery despite being responsive to Ms. Sterling's timely served written requests for production of documents ("**RFPs**"). *See* **Exhibit 2** (Requests for Production of Documents Propounded on Mr. Ndalamba) and **Exhibit 3** (Requests for Production of Documents Propounded on Mr. Gnass).

**Exhibit A to Ndalamba Dec. (Doc. 66-3, p. 1 "Ex. A")**: This document was responsive to RFPs propounded on Mr. Ndalamba and Mr. Gnass. *See* **Ex. 2**, ¶ 59; **Ex. 3**, ¶ 5.

**Exhibit T to Ndalamba Dec. (Doc. 66-3, p. 14 "Ex. T")**: This document was responsive to RFPs propounded on Mr. Ndalamba. *See* **Ex. 2**, ¶¶ 24, 59.

**Exhibit U to Ndalamba Dec. (Doc. 66-3, p. 14 "Ex. U")**: This document was responsvie to a RFP propounded on Mr. Gnass. *See* **Ex. 3**, ¶ 12.

**Exhibit EE to Ndalamba Dec. (Doc. 66-3, p. 23 "Ex. EE")**: This document was responsive to RFPs propounded on Mr. Ndalamba. *See* **Ex. 2**, ¶¶ 1, 59.

**Exhibit FF to Ndalamba Dec. (Doc. 66-3, p. 24 "Ex. FF")**: This document was responsive to RFPs propounded on Mr. Ndalamba. *See* **Ex. 2**, ¶¶ 19, 59.

**Exhibit D to Gnass Dec. (Doc. 66-5, p. 3 "Ex. D")**: This document was responsive to RFPs propounded on Mr. Gnass. *See* **Ex. 3**, ¶¶ 5, 12.

**Exhibit E to Gnass Dec. (Doc. 66-5, p. 3 "Ex. E")**: This document was responsive to RFPs propounded on Mr. Gnass. *See* **Ex. 3**, ¶¶ 5, 12.

## CONCLUSION

WHEREFORE, Ms. Sterling respectfully requests that the Court strike the portions of Mr. Ndalamba and Mr. Gnass' declarations identified above from the summary judgment record.

## Local Rule 3.01(g) Certification

I hereby certify that I conferred with opposing counsel in an effort to resolve or narrow the issues raised by the instant motion. We were unable to do so prior to the summary judgment briefing deadline. As such, opposing counsel and his clients remain opposed to the instant motion. Should anything change, I will update the Court accordingly.

DATED: September 17, 2021           Respectfully submitted

                                    Jomy Sterling AND
                                    Star Status Group
                                    By Their Attorney,
                                    /s/ Shaun P. Keough
                                    Shaun P. Keough (Trial Counsel)
                                    Florida Bar  # 1000985
                                    PARKER KEOUGH LLP

                    3505 Lake Lynda Dr. Suite 200
                    Orlando, FL 32817
                    Tel.: (321) 262-1146
                    Fax.: (617) 963-8315
                    E-mail: skeough@parkerkeough.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's ECF System which will electronically serve a copy on September 17, 2021 on all counsel of record.

                    BY: /s/ Shaun P. Keough
                    Shaun P. Keough (Trial Counsel)
                    Florida Bar  # 1000985