UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID NDALAMBA and
STARLINE MEDIA, INC.,

                                                                Case No. 6:20-cv-1210-GAP-GJK

           Plaintiffs,

-vs-

ELISHA TRICE, JOMY STERLING,
and STAR STATUS GROUP,

           Defendants.
_____

JOMY STERLING, and STAR
STATUS GROUP,

           Counterclaimants.

-vs-

DAVID NDALAMBA and
TYLER GNASS,

           Counter Defendants.
_____

ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** PLAINTIFFS' DAVID NDALAM[]BA, STARLINE MEDIA INC.'S AND THIRD PARTY DEFENDANT TYLER GNASS' MOTION TO AMEND

|  | ADMISSION AND TO DEEM[] THEM TIMELY SERVED AND MOTION FOR HEARING (Doc. No. 64) |
|---|---|
| **FILED:** | September 2, 2021 |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND.

On August 31, 2020, David Ndalamba and Starline Media, Inc. filed an amended complaint against Elisha Trice, Jomy Sterling, and Star Status Group, asserting claims for copyright infringement, breach of a nondisclosure agreement, tortious interference with a contractual relationship, and misappropriation of trade secrets. Doc. No. 24. Ndalamba and his company Starline Media are lead programmers for the video game Royale High on the Roblox platform. *Id.* at ¶ 2. Ndalamba and Starline Media hired Trice to perform programming services related to developing Royale High and to work on external systems. *Id.* at ¶ 3. On June 19, 2020, Trice signed a nondisclosure agreement and "was provided access to the confidential portions of the game." *Id.* at ¶ 6.

After Trice's services were completed, Ndalamba and Starline Media allege that he stole aspects of Royale High and disclosed the confidential information to Sterling and Star Status Group. *Id.* at ¶¶ 7, 8. Trice, Sterling, and Star Status Group allegedly developed a game named Crown Academy "that uses the identical

information in its development[,]"copyrighted material, and information protected by the nondisclosure agreement. *Id.* at ¶¶ 8, 9.

On August 27, 2020, Sterling and Star Status Group filed an amended counterclaim against Ndalamba and Tyler Gnass. Doc. No. 20. Sterling alleges that in October 2018, she engaged Gnass to develop Crown Academy. *Id.* at ¶ 12. Sterling "was forced to part ways with Gnass" because he "began to engage in conduct that violated the basic terms of the working relationship he had established with Ms. Sterling." *Id.* at ¶ 13.

Sterling alleges that Gnass engineered a scheme to make it appear that she stole video game code and other information from the team behind Royale High. *Id.* at ¶ 14. Sterling asserts that Ndalamba knew of the scheme and the two "publicly disclosed to others in the Roblox community false, defamatory, and disparaging statements about Ms. Sterling and her game, namely that she had stolen code and other assets from Royale High." *Id.* at ¶ 14-15. Sterling contends Gnass's and "Ndalamba's actions have irreparably damaged Ms. Sterling's reputation as a Roblox developer and have sabotaged the impending release of her new game Crown Academy." *Id.* at ¶ 24. Sterling alleges claims against Ndalamba and Gnass for defamation and trade libel. *Id.* at 7-8.

On May 12, 2021, Sterling and Starline Status Group propounded Requests for Admissions (the "Requests") on Ndalamba, Starline Media, and Gnass. Doc.

Nos. 64-2, 64-4, 64-6. The Requests contained such requests as admitting that they "do not have any evidence that shows Crown Academy contained or otherwise incorporated any Royale High source code or assets as of January 1, 2020[,]" and that Gnass "told David Ndalamba prior to February 2020 that Ms. Sterling did not know about Elisha Trice's alleged use of Royale High source code, assets, and information." Doc. No. 64-2 at 8; Doc. No. 64-4 at 8; Doc. No. 64-6 at 8, 10. Ndalamba, Starlight Media, and Gnass did not respond to the Requests because their counsel was dealing with a recent family tragedy. Doc. No. 64 at 1-2.

On August 2, 2021, Sterling moved for summary judgment, substantially relying on Ndalamba's, Starlight Media's, and Gnass's failure to respond to the Requests to establish "undisputed facts." Doc. No. 59. For example, Sterling cites to the Requests to support as an undisputed fact that Ndalamba and Starline Media do not own "any copyrights in and to Royale High's source code or related assets." *Id.* at 2-3, 17-18.

On September 2, 2021, Ndalamba, Starlight Media, and Gnass filed a motion to allow responses to the Requests and have them deemed timely served (the "Motion"). Doc. No. 64. Attached to the Motion are their responses to the Requests. Doc. Nos. 64-3, 64-5, 64-7. In the Motion, Ndalamba, Starlight Media, and Gnass request a hearing. Doc. No. 64 at 12.

On September 3, 2021, Ndalamba, Starlight Media, and Gnass filed a response to the motion for summary judgment. Doc. No. 66. On September 13, 2021, pursuant to the Court's Order, Doc. No. 65, Sterling filed a response to the Motion (the "Response"), Doc. No. 67. The Court finds that a hearing is unnecessary.

## II.   ANALYSIS.

Federal Rule of Civil Procedure 36(a)(1) permits a party to serve on "any other party a written request to admit . . . the truth of any matters within scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." "The purpose of the rule is 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994)).

The served party has thirty days after service to respond, and if the party fails to respond within thirty days, then "[t]he matter is admitted." Fed. R. Civ. P. 36(a)(3). Upon motion, however, the court may "permit the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and

if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* at 46(b).

The Eleventh Circuit "held that district courts should apply a 'two-part test' in deciding whether to grant or deny a motion to withdraw or amend admissions." *Perez*, 297 F.3d at 1264. The test mirrors the requirements in Rule 36(b): "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* "[A] district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling." *Id.* at 1265.

In *Perez*, the defendant failed to timely respond to requests for admissions because its counsel "was under the care of a psychologist for a serious mental health condition that had rendered him incapable of carrying out his professional responsibilities . . . ." *Id.* at 1261. The plaintiff filed a motion for summary judgment that relied on the requests being admitted by virtue of the non-responses. *Id.* at 1259. Based on the admissions, the district court granted the motion for summary judgment. *Id.* at 1261. The defendant then filed a motion to withdraw the admissions, which the district court denied. *Id.*

The Eleventh Circuit reversed because the district court did not apply the two-part test, and if it had, then "it would have found that withdrawal was not only appropriate but necessary." *Id.* at 1265-66. The first "part of the test 'emphasizes the importance of having the action resolved on the merits,' and is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case' . . . ." *Id.* at 1266 (quoting *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988), and *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Because the admissions in *Perez* "conclusively established the liability of both defendants[,]" the first part of the test was met. *Id.*

The second part of the test "'relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'" *Id.* (quoting *Smith v. First Nat'l Bank*, 837 F.2d at 1578). The defendant met this part of the test because it had denied the allegations in the complaint, which were the same as the requests for admissions, and thus the plaintiff knew from the litigation's start that he would have to prove the elements of his case. *Id.* at 1267-68. The plaintiff had only relied on the admissions for six days, and when the withdrawal was requested, the trial had not begun. *Id.* at 1268. "[A] court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Id.* at 1267. The Eleventh Circuit stated

that the only prejudice the plaintiff "would have likely suffered would have been the inconvenience in having to gather evidence, and this '[does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion.'" *Id.* at 1268 (quoting *Hadley v. United States*, 45 F.3d at 1349).

Applying the first part of the two-part test here—whether the withdrawal will subserve the presentation of the merits—Ndalamba, Starline Media, and Gnass meet the first part. The motion for summary judgment relies on the Requests being admitted to establish facts as undisputed such as, among other things, Ndalamba and Starline Media's lack of ownership of the copyrighted works and Gnass's knowledge of the falsity of his statements regarding Sterling stealing code from the Royale High team. Doc. No. 59 at 2-3, 13-15, 17-21, 23, 24-26. If established, these facts negate Ndalamba and Starline Media's claims and establish Gnass's liability to Sterling under the amended counterclaim. Sterling does not contest the first part of the test in the Response. Doc. No. 67 at 5-6. Because upholding the admissions would practically eliminate any presentation of the merits of the case, Ndalamba, Starline Media, and Gnass meet the first part of the test.

Sterling focuses on the second part of the test—whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. Doc. No. 67 at 5-6. Sterling states that the admissions are "especially important in

light of the fact Ms. Sterling was denied the opportunity to take depositions of Mr. Ndalamba, Starline, and Mr. Gnass during the discovery period." *Id.* at 5. She also argues that because the deadline for filing dispositive motions passed, granting the Motion would create a sudden need to obtain evidence. *Id.* at 5-6. Sterling gives no examples of the evidence that she would need to obtain.

Sterling states that she served notices of deposition for Ndalamba, Starline Media, and Gnass depositions on June 9, 2021, twenty-one days before the discovery deadline, but their counsel emailed her counsel on June 22, 2021, stating that the depositions needed to be rescheduled. *Id.* at 2-3. Sterling's counsel replied with options to reschedule the depositions, and Sterling states that counsel for Ndalamba, Starline Media, and Gnass "never responded to these options and in so doing reneged on his agreement to reschedule the depositions, which effectively denied Ms. Sterling an opportunity to depose Mr. Ndalamba, Starline, and Mr. Gnass before the discovery deadline as set forth in her timely served notices of deposition." *Id.* at 3. Sterling's failure to file a proper motion to compel the depositions she wished to take does not demonstrate prejudice resulting from Ndalamba, Starline Media, and Gnass being allowed to amend their responses to the Requests. *See* Doc. No. 63.

Regarding the argument that the dispositive deadlines motion passed, in *In re Fancher*, 802 F. App'x 538, 541 (11th Cir. 2020),[1] the motion to permit the party to untimely respond to the requests for admissions was filed after the dispositive motions deadline and after the opposing party filed a motion for summary judgment relying on the requests being deemed admitted. The Eleventh Circuit held that the district court correctly permitted the admissions to be withdrawn because both parts of the two-part test were met, including that it did not overly prejudice the opposing party. *Id.* at 533. "The withdrawal occurred well before the trial date and allowed [the opposing party] sufficient time to gather evidence and thus did not prejudice [him]." *Id.*

Trial is scheduled in this case for January 2022. Doc. No. 22 at 2. Sterling does not argue that evidence that existed at the time the responses to the Requests were due no longer exists. Doc. No. 67. She does not argue that before Ndalamba, Starline Media, and Gnass failed to respond to the Requests she did not know of any evidence supporting Ndalamba and Starline Media's case or that she would have to prove the elements of her defamation and trade libel claims. *Id.* Sterling is also not precluded from moving to extend the discovery deadline based on Ndalamba's, Starline Media's, and Gnass's September 2, 2021 responses to the

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Requests.[2] The Court is not persuaded that Sterling will suffer prejudice if Ndalamba, Starline Media, and Gnass are permitted to amend their admissions with their September 2, 2021 responses to the Requests.

Sterling's final argument is that the September 2, 2021 responses are demonstrably false and therefore should operate as admissions. *Id.* at 6-13. In *Perez*, the Eleventh Circuit stated that the district court abuses its discretion if it goes beyond the two-part test in determining whether a motion to amend or withdraw responses to requests for admission should be granted. *Perez*, 297 F.3d at 1265. Sterling's argument that the September 2, 2021 responses are demonstrably false goes well beyond the two-part test of whether the withdrawal will subserve the presentation of the merits and prejudice her, and therefore will not be considered.

### III.    CONCLUSION.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 64) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Requests deemed admitted by Ndalamba's, Starline Media's, and Gnass's failure to timely respond are amended to Ndalamba's, Starline Media's, and Gnass's responses served on September 2, 2021; and

---

[2] No opinion is expressed as to whether such a motion would be granted.

2. In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 7, 2021.

 _____
 GREGORY J. KELLY
 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties