# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA and STARLINE MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ELISHA TRICE, <br> JOMY STERLING, <br> and STAR STATUS GROUP, <br><br> Defendants. <br><br> JOMY STERLING and STAR STATUS GROUP, <br><br> Counterclaimants, <br><br> v. <br><br> DAVID NDALAMBA and TYLER GNASS, <br><br> Counterclaim Defendants. | C.A. No. 6:20-cv-1210-GAP-GJK |

## PLAINTIFFS' AND COUNTERCLAIM DEFENDANT'S MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiffs STARLINE MEDIA, INC. ("Starline") and DAVID NDALAMBA ("Ndalamba") (collectively, "Plaintiffs"),[1] and Counterclaim Defendant TYLER GNASS ("Gnass"), by and through the undersigned counsel and pursuant to

---

[1] Throughout this Motion, undersigned counsel will refer to DAVID NDALAMBA as "Ndalamba" or within the collective definition of "Plaintiffs." However, DAVID NDALAMBA is also a Counterclaim Defendant in this action and this Motion is also being made on his behalf in his capacity as a Counterclaim Defendant, and all of the arguments and allegations herein apply with equal force to DAVID NDALAMBA's capacity as a Counterclaim Defendant.

1

Federal Rules of Civil Procedure 6 and 16, file this Motion to Amend Case Management and Scheduling Order, and state as follows:

## Background

On July 8, 2020, Plaintiffs filed their original complaint against Defendants JOMY STERLING and STAR STATUS GROUP (collectively, "Sterling").[2] Plaintiffs filed the operative complaint in this matter on August 31, 2020 (the "Complaint"), alleging copyright infringement, trade secret misappropriation, and tortious interference of a contractual relationship against Sterling.

On August 27, 2020, Sterling filed her first amended counterclaims against Ndalamba and Gnass (the "Counterclaim"), alleging defamation and trade libel. D.E. 20.

On August 31, 2020, the Court entered its Case Management and Scheduling Order (the "CMSO"), setting, in part, the following deadlines:

- Discovery Deadline – July 1, 2021
- Dispositive Motions Deadline – August 2, 2021
- Daubert Motions Deadline – September 2, 2021
- Mediation Deadline – October 4, 2021
- Meeting *In Person* to Prepare Joint Final Pretrial Statement – November 2, 2021
- Joint Final Pretrial Statement – November 12, 2021
- All Other Motions Including *Motions in limine* – November 26, 2021
- Trial Briefs and Color-Coded Deposition Designations – December 27, 2021
- Trial Term Begins – January 3, 2022

---

[2] Star Status Group is a Roblox developer group owned and controlled by Ms. Sterling. This Court has agreed with Defendants that Ms. Sterling and Star Status Group are effectively the same. *See* D.E. 60.

D.E. 22.

Due to the impact of a personal tragedy, former counsel for Plaintiffs and Gnass ("Former Counsel") had issues managing this case, the full scope of which issues were not previously known to Plaintiffs and Gnass. *See* D.E. 64 at 1-2; D.E. 77 at 4. As a result, Plaintiffs retained undersigned counsel on October 7, 2021 to assume the management of this case. *See* D.E. 78.[3]

Undersigned counsel immediately began a thorough review of the status of this matter. However, undersigned counsel's review has been and continues to be significantly complicated by the fact that Former Counsel suffered a ransomware attack against his information systems, apparently causing *all* files and emails related to this case (and Former Counsel's other cases) to be destroyed. *See* D.E. 82. As noted by Former Counsel in his sworn filing, "[he] was the victim of a cyber attack whereby all my files and correspondence regarding the matter have been deleted. All discovery [he] either received or sent is gone from [his] records as a result of the attack, including all communications with opposing counsel, attachments, documents, and productions. [He is] thus unable to provide these records to Losey PLLC as they were destroyed." D.E. 82, at ¶ 4.

Thus, the undersigned counsel is left with little to work with in continuing to prosecute and defend this action slated for trial in the immediate future, other than the public docket and files obtainable from Plaintiffs and Gnass directly.

---

[3] Gnass subsequently retained undersigned counsel to represent him in this matter and undersigned counsel have appeared on his behalf. D.E. 81.

This is, however, not the only reason for Plaintiffs' request. It further appears from what the undersigned counsel is able to review that Former Counsel for Plaintiffs and Gnass, among other things, did not serve interrogatories, requests for production, or other discovery requests on Sterling, despite Plaintiffs' repeated inquiries into the status of discovery and requests that Former Counsel serve the same. Ndalamba specifically prepared a set of interrogatories and specifically requested they be served on Sterling, and while there is a dearth of records, it appears these were never served.

Further, despite Plaintiffs providing documents to Former Counsel to produce in discovery, Sterling alleged these documents were not produced, and Plaintiffs have no way of confirming or refuting Sterling's allegations. Undersigned counsel also understands that neither side of this action has had the opportunity to take depositions. *See* D.E. 57 (discussing Sterling's inability to depose Plaintiffs and Gnass).

Given the foregoing unusual and exceptional circumstances, and while Plaintiffs' have no way of determining what discovery or fact-investigation adduced materials were in the possession of Former Counsel, there has not been adequate discovery in this case to facilitate a decision on the merits.

These extremely unusual circumstances also require Plaintiffs and Gnass to serve discovery to obtain a record of communications between their Former Counsel and Sterling's counsel, as well as from third-parties, and to essentially re-undertake limited discovery on an expedited schedule. Therefore, and for the

4

reasons discussed in detail *infra*, Plaintiffs and Gnass respectfully request that the Court extend the deadlines in the CMSO as follows:

| | |
|---|---|
| Discovery Deadline: | January 31, 2022 |
| Dispositive Motion Deadline: | February 14, 2022 |
| Meeting In Person to Prepare Joint Final Pretrial Statement: | May 16, 2022 |
| Joint Final Pretrial Statement: | May 17, 2022 |
| All Other Motions Including *Motions in limine:* | May 27, 2022 |
| Trial Briefs and Color-Coded Deposition Designations: | July 6, 2022 |
| Trial Term Begins: | July 13, 2022 |

## Argument

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4). "The 'good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Landi v. Home Depot United States*, No. 2:17-cv-701-FtM-38MRM, 2019 U.S. Dist. LEXIS 238926, at *6 (M.D. Fla. Dec. 10, 2018) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Further, the Court may extend deadlines on a motion made by a party after the time to act has passed if the failure to act was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect may arise "by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *See Landi*, 2019 U.S. Dist. LEXIS 238926, at *6 (citations omitted).

"The Supreme Court has identified four factors courts should consider [to find whether failure to act was excusable neglect]: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at *6-7 (internal quotations and citations omitted). However, the decision of whether a party has shown excusable neglect "is at bottom an equitable one." *Id.* at *6-7 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, (1993)).

"The Federal Rules of Civil Procedure . . . strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). "This is because the overall purpose of discovery is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Trahan v. Sandoz Inc.*, No. 3:13-cv-350-J-34MCR, 2014 U.S. Dist. LEXIS 196536, at *5 (M.D. Fla. July 22, 2014) (citing *United States v. P&G*, 356 U.S. 677, 682 (1958)).

This Court has previously recognized this preference for resolution on the merits rather than technicalities in permitting Plaintiffs and Gnass to amend their admissions. D.E. 77 at 8. (applying test set forth in *Perez v. Miami-Dade Cty.*, 297 F.3d 1255 (11th Cir. 2002)). In *Perez*, the Eleventh Circuit noted the test for

6

withdrawing admissions "emphasizes the importance of having the action resolved on the merits[.]" 297 F.3d, at 1265 (internal quotations and citations omitted).

Here, good cause supports extending the CMSO pursuant to both Rule 6 and Rule 16. With respect to Rule 16, Plaintiffs and Gnass have acted diligently in the prosecution and defense of this action. The fact that they are unable to review or utilize *any* records from their Former Counsel due to an information security incident puts them in a very difficult position in this case. This is compounded by what appear to have been potentially excusable neglect from Former Counsel.

Plaintiffs regularly communicated with Former Counsel, specifically directed him to serve discovery, provided him with responsive documents in response to Sterling's discovery requests, and even provided him with draft interrogatories to serve on Sterling. The failures in this case and the circumstances that led to them are extraordinary and cannot and should not be attributed to Plaintiffs or Gnass.

In addition, the excusable neglect factors support a finding of good cause with respect to Rule 6. First, Sterling will not be prejudiced by a brief reopening of discovery and extension of the relevant case deadlines. As previously discussed, Sterling has not already been subjected to discovery from Plaintiffs or Gnass and there is not a risk of duplicative or excessive discovery in this matter. Nor is having this case heard on its merits—as opposed to on technicalities or without adequate evidence—a proper ground to allege prejudice. *See Perez*, 297 F.3d, at 1268 ("the inconvenience in having to gather evidence [does] not rise to a level of prejudice

that justifies a denial of the [motion to withdraw admissions]); *Landi*, 2019 U.S. Dist. LEXIS 238926, at *8 ("The inquiry is whether prejudice results from the delay [due to amending a scheduling order], not from having to continue to litigate the case.") (internal quotations omitted).

Sterling has always known that she would need to defend Plaintiffs' case and prove her own on the evidence. *See* D.E. 77 at 10. Holding her to this burden does not prejudice her. Further, there is no preliminary injunction in place or other grounds that would result in prejudice to Sterling from a brief extension of deadlines in this case.

Also, to the extent Sterling may argue that she would be prejudiced because her Motion for Summary Judgment (D.E. 59) would be mooted, such argument is without merit. Sterling's Motion for Summary Judgment relies heavily on Plaintiffs' and Gnass's purported admissions made in discovery, which the Court has already permitted to be supplemented. *See* D.E. 77. This Court also stated that Sterling was not precluded from moving to reopen discovery as Plaintiffs now seek to. *Id.* at 10-11. Further, this Court recognized that the mere fact that dispositive motions have been filed does not preclude withdrawal of admissions. *Id.* at 10 (citing *In re Fancher*, 802 F. App'x 538, 541 (11th Cir. 2020)). It follows that simply being past the filing of dispositive motions should not preclude the reopening of discovery, particularly given the egregious circumstances here.

Finally, Sterling has repeatedly complained of her own discovery difficulties in her filings in this case, and reopening discovery will certainly not prejudice

8

Sterling with respect to her counterclaims. *See* D.E.s 57, 67. If anything, reopening discovery would benefit Sterling, not prejudice her.

Regarding the second factor, the requested delay will not negatively impact the judicial proceedings. To the contrary, permitting this matter to be decided on the merits is in the judicial interest. *See, e.g.*, *Trahan*, 2014 U.S. Dist. LEXIS 196536, at *5. Further, this case was filed July 8, 2020. Plaintiffs are not seeking an unlimited renewed discovery window, just a few months to obtain the necessary evidence to resolve this case on its merits. Granting the requested extension will not result in this case taking an inordinate amount of time to be heard.

As to the third and fourth factors, the unusual circumstances of this case support a finding of excusable neglect. Here, malicious actors have apparently destroyed *all* of Former Counsel's email communications and records regarding this matter, which puts Plaintiffs and Gnass in an extremely difficult position. They are facing a trial with no access to records or discovery, and no way of gleaning what communications occurred between Former Counsel and the opposing parties or third-parties related to this matter, with no deposition transcripts or other evidence adduced from discovery. The only way they can obtain these communications and records is through renewed discovery.

Also, as previously stated, Plaintiffs regularly communicated with Former Counsel, specifically directed him to serve discovery, provided him with responsive documents in response to Sterling's discovery requests, and even provided him with draft interrogatories to serve on Sterling.

The fact that Former Counsel did not address these and other issues due to his extraordinary personal tragedy and circumstances was not within the reasonable control of Plaintiffs or Gnass, who at all times have acted in good faith to diligently prosecute and defend this case. In addition, the ransomware attack on Former Counsel that has resulted in the loss of all of Former Counsel's files and emails related to this case was completely outside the reasonable control of Plaintiffs and Gnass, and has significantly compounded the other discovery issues.

Further, the finding of excusable neglect is ultimately an equitable question. Here, it would be inequitable given the extraordinary circumstances surrounding Former Counsel and would severely prejudice Plaintiffs and Gnass to compel them to proceed in this matter without having had an opportunity to participate in reasonable discovery and without having any access to documents and communications that are necessary for them to proceed.

When considered against the fact that this case was first filed on July 8, 2020, the lack of prejudice that an extension would cause Sterling, and the Court's preference for allowing matters to be decided on the merits, equity and the interests of justice weigh heavily in favor of an extension of the CMSO in these highly unusual circumstances.

Plaintiffs and Gnass well understand that "[m]otions for an extension of other deadlines established in [the CMSO], including motions for an extension of the discovery period, are disfavored." D.E. 22 at 4. Further, Plaintiffs and Gnass recognize that "[a] motion to extend an established deadline normally will be

10

denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in [the CMSO] will not be used for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline." *Id.*

Plaintiffs have conferred with opposing counsel, who does not agree to any of the relief sought herein. Further, the amendment of the CMSO will affect the dispositive motions deadline and trial date, and the parties may wish to use discovery conducted during the extended discovery period for summary judgment purposes.

Nonetheless, the specific and extraordinary circumstances of this case—Former Counsel's family tragedy and loss of his files and emails due to a ransomware attack—merit the requested extension to prevent severe prejudice to Plaintiffs and Gnass.

Given the foregoing, the factors in the CMSO weight in favor of granting the Motion, even if Plaintiffs and Gnass are incapable of complying with each factor.[4] Indeed, this Court has seemingly recognized that in certain circumstances, an attorney's inability to carry out his professional responsibilities may provide

---

[4] By its plain language, the CMSO does not require compliance with each factor. *See* D.E. 22 at 4 (stating that a "motion to extend an established deadline *normally* will be denied if the motion fails to recite") (emphasis added).

grounds for relief from the attorney's failure to comply with certain deadlines where such failure would preclude resolving the matter on the merits. *See* D.E. 77 at 6-7 (citing *Perez*, 297 F.3d , at 1266 (11th Cir. 2002)).[5]

In sum, given the highly unusual circumstances in this case—circumstances that were entirely outside of Plaintiffs' and Gnass's control and unrelated to the merits of their claims— there is good cause under both Rule 6 and Rule 16 to grant the limited extensions requested herein. Moreover, doing so is in the interests of justice such that this case can be resolved on its merits. Indeed, without such extensions, Plaintiffs and Gnass will be severely prejudiced and have no way of effectively prosecuting and defending this action, whereas Sterling will not be prejudiced if such extensions are granted.

WHEREFORE, Plaintiffs STARLINE MEDIA, INC. and DAVID NDALAMBA, and Counterclaim Defendant TYLER GNASS, respectfully request this Court issue an order extending the CMSO deadlines as follows:

| | |
|---|---|
| Discovery Deadline: | January 31, 2022 |
| Dispositive Motion Deadline: | February 14, 2022 |
| Meeting In Person to Prepare Joint Final Pretrial Statement: | May 16, 2022 |
| Joint Final Pretrial Statement: | May 17, 2022 |
| All Other Motions Including *Motions in limine:* | May 27, 2022 |
| Trial Briefs and Color-Coded Deposition Designations: | July 6, 2022 |
| Trial Term Begins: | July 13, 2022 |

---

[5] The Court further noted that Sterling would not necessarily be prejudiced by allowing Plaintiffs and Gnass to supplement their responses to the requests for admissions because Sterling was not precluded from moving to extend the discovery deadline.

and awarding such further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of October, 2021.

*/s/ Adam C. Losey*

Adam C. Losey, Esq.
Florida Bar No. 69658
Robert J. Rubin, Esq.
Florida Bar No. 113393
Ian T. Johnson, Esq.
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
rrubin@losey.law
ijohnson@losey.law
docketing@losey.law

## **CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.01(g)**

I hereby certify that prior to filing this motion, I conferred with opposing counsel and was unable to resolve the issues raised herein.

*/s/ Adam C. Losey*

Adam C. Losey, Esq.
Florida Bar No. 69658

**CERTIFICATE OF SERVICE**

 I hereby certify that on October 22, 2021, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658