## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA and STARLINE MEDIA, INC., | |
| Plaintiffs, | |
| v. | |
| ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP, | C.A. No. 6:20-cv-1210-GAP-GJK |
| Defendants. | |
| JOMY STERLING and STAR STATUS GROUP, | |
| Counterclaimants, | |
| v. | |
| DAVID NDALAMBA and TYLER GNASS, | |
| Counterclaim Defendants. | |

## PLAINTIFFS' AND COUNTERCLAIM DEFENDANT'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

Plaintiffs STARLINE MEDIA, INC. ("Starline"), DAVID NDALAMBA ("Ndalamba") (collectively, "Plaintiffs"), and Counterclaim Defendant TYLER GNASS ("Gnass"), by and through the undersigned counsel, hereby file this response to Defendants' Motion to Strike (the "Motion"), D.E. 68, and state as follows:

## Background

Plaintiffs filed the operative complaint in this matter on August 31, 2020 (the "Complaint"), alleging copyright infringement, trade secret misappropriation, and tortious interference of a contractual relationship against Defendants JOMY STERLING and STAR STATUS GROUP (collectively, "Sterling").[1] D.E. 24. On August 27, 2020, Sterling filed her first amended counterclaims against Ndalamba and Gnass (the "Counterclaim"), alleging defamation and trade libel. D.E. 20.

On August 2, 2021, Sterling moved for summary judgment on the Complaint and the Counterclaim (the "Motion for Summary Judgment"). D.E. 59. Sterling relied heavily on purported admissions by Plaintiffs and Gnass that allegedly resulted from untimely responses to Sterling's requests for admission. *See id*. Former counsel for Plaintiffs and Gnass moved to have responses to the request for admissions deemed timely served. D.E. 64. On October 7, 2021, this Court ordered that those requests deemed admitted be amended to Plaintiffs' and Gnass's responses that were served on September 2, 2021. D.E. 77.

On September 3, 2021, Plaintiffs and Gnass filed a response in opposition to the Motion for Summary Judgment (D.E. 66, the "Opposition"), as well as various exhibits in support, including a Declaration of David Ndalamba (D.E. 66-1, the "Ndalamba Declaration"), exhibits to the Ndalamba Declaration (D.E. 66-3, the "Ndalamba Exhibits"), a Declaration of Tyler Gnass (D.E. 66-4, the "Gnass

---

[1] Star Status Group is a Roblox developer group owned and controlled by Ms. Sterling. Ms. Sterling and Star Status Group are synonymous, as this Court earlier noted. *See* D.E. 60.

Declaration"), and exhibits to Gnass Declaration (D.E. 66-5, the "Gnass Exhibits").[2]

On September 17, 2021, Sterling filed the Motion, seeking to strike certain evidence supporting the Opposition. D.E. 68. A response to the Motion was originally due October 1, 2021, but the deadline was extended to October 8 based upon the pending mediation of the parties. D.E. 72.

On October 7, 2021, undersigned counsel was retained by Plaintiffs, and undersigned counsel immediately moved for a second extension of time until October 22, 2021 to respond to the Motion.[3] *See* D.E. 78. This Court granted the requested extension. D.E. 80. Plaintiffs and Gnass now file their response. For the reasons discussed *infra*, Plaintiffs and Gnass respectfully request that the Court deny the Motion.

## Argument

Evidentiary decisions, including motions to strike evidence, are within the sound discretion of the district court. *See Johnson v. Airbus Def. & Space Inc.*, No. 20-11424, 2021 U.S. App. LEXIS 15658, at *10 (11th Cir. May 26, 2021) (citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997)). However, courts should generally exclude evidence prior to trial "only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am.*, Inc., No. 8:04-

---

[2] Sterling assigned the contents of these documents a new numbering system in the Motion. For clarity, citations herein refer to the docket number, paragraph, and exhibit labels of the filings, not the identifiers assigned by Sterling in the Motion.

[3] Undersigned counsel subsequently agreed to represent Mr. Gnass in this matter and have appeared on his behalf. D.E. 81.

cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, at *3 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)) (discussing standard for exclusion in ruling on a motion in limine).

When ruling on motions in limine to exclude evidence, this Court has stated "if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz, LLP (In re Mirabilis Ventures, Inc.)*, No. 6:09-cv-271-Orl-31DAB, 2011 U.S. Dist. LEXIS 82758, at *15 (M.D. Fla. July 28, 2011) (Presnell, J.).

In the Motion, Sterling asserts four arguments in support of Sterling's position that the Court should strike certain evidence from the Opposition: (1) the evidence violates the Florida Wire Tap Act; (2) the evidence constitutes inadmissible hearsay; (3) the evidence violates Rule 56(c)(4)'s personal knowledge requirement or is not the best evidence under Fed. R. Evid. 1002; and (4) the evidence should be stricken pursuant to Rule 37(c) because it was not produced in discovery. For the reasons discussed *infra*, Sterling's arguments are without merit and Plaintiffs and Gnass respectfully request that the Court deny the Motion. In the alternative, Plaintiffs and Gnass respectfully request that the Court stay ruling on the Motion pending ruling on Plaintiffs' and Gnass's Motion to Amend Case Management and Scheduling Order, D.E. 83, the granting of which may render Sterling's grounds for striking moot or premature.

A.   Alleged Violations of the Florida Wire Tap Act Are Not a Basis to Strike Evidence in Federal Court.

Sterling first alleges that certain portions of the Ndalamba and Gnass Declarations should be stricken for allegedly violating the Florida Wiretap Act, Fla. Stat. §§ 934.01 *et seq*. But Sterling provides no authority demonstrating that Fla. Stat. § 934.06 is applicable to evidence offered in federal court. Critically, the relevant portion of this law states

> [w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority *of the state, or a political subdivision thereof*, if the disclosure of that information would be in violation of this chapter.

Fla. Stat. § 934.06 (emphasis added).

Proper application of a statute requires "follow[ing] the text [of a statute] even if doing so will supposedly 'undercut a basic objective of the statute[.]'" *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 969 (11th Cir. 2016) (quoting *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015)). The Florida legislature helpfully clarifies that "'State' means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any other possession or territory of the United States." Fla. Stat. Ann. § 934.02(22).

None of the cases cited by Sterling considered the applicability of the evidentiary prohibitions of § 934.06 in federal court. In *Stalley v. ADS All. Data Sys.*, 997 F. Supp. 2d 1259 (M.D. Fla. 2014), the Court was considering a putative

class action using the private right of action contained in Fla. Stat. § 934.10. The court in *Stalley* did not consider the evidentiary issue presented here. The remainder of Sterling's cited cases construing the meaning of "intercepting" a communication are from Florida state courts, where § 934.06 applies.

To Plaintiffs' knowledge, no federal court has considered the application of the § 934.06 in civil actions in federal court in a reported decision that Plaintiffs can locate. However, in the criminal context the Eleventh Circuit has noted "[a]s a general rule, 'federal law governs the admissibility of tape recordings in federal criminal cases, and complaints that the evidence was obtained in violation of state law are of no effect.'" *United States v. Glinton*, 154 F.3d 1245, 1252 (11th Cir. 1998) (quoting *United States v. Mathis*, 96 F.3d 1577, 1583 (11th Cir. 1996)).

The Federal Rules of Evidence control on questions of admissibility in a civil action based on federal law. District courts in other circuits have held that state wiretap statutes are not applicable in federal court. *See Roberts v. Americable Int'l*, 883 F. Supp. 499, 503-504 (E. Dist. Cal. 1995) (finding tapes of conversations obtained in conformance with federal wiretap laws but in violation of Cal. Penal Code § 632, which requires two party consent for recording, were admissible in federal court notwithstanding the state law); *Glinski v. City of Chi.*, Case No. 99 C 3063, 2002 U.S. Dist. LEXIS 1317, at *13 (N.D. Ill. Jan. 29, 2002) (holding Illinois Eavesdropping Act not applicable to federal civil cases in which federal law provides the rules of decision because of conflicts with federal wiretapping laws).

This case is based, at least in part, on a federal statute, namely the Copyright Act. Therefore, federal law regarding admissibility of evidence applies and Sterling's arguments based on Florida state law are insufficient to strike the evidence proffered by Plaintiffs and Gnass.

This is particularly poignant as at least one participant to the call was in Michigan, and Michigan law does not necessarily require consent of all parties to record a telephone call. *See e.g.*, *Sullivan v. Gray*, 324 N.W.2d 58 (Mich. 1982). Assuming Michigan law applies, consent of all parties was not required. Because Sterling has not shown that the proffered evidence is clearly inadmissible under applicable law, or that Florida law would govern regarding the conflict of law on necessary consents, the Motion should be denied.

With respect to state law claims, federal law should also control on questions of evidence admissibility. It is well established under the *Erie* Doctrine that federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *See, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "It is well established that . . . the *Erie* doctrine also applies to pendent state claims litigated in federal courts. Thus, when federal courts are sitting in diversity or pendent jurisdiction only substantive state law must be applied, while federal law governs matters of procedure." *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015) (internal quotations and citations removed). Laws in conflict with rules of

procedure or evidence prescribed by the United States Supreme Court for cases in the United States District Courts are of no force or effect. 28 U.S.C. § 2072.

Section 934.06 is plainly procedural and thus inapplicable in federal courts under the *Erie* Doctrine. It is codified in Title XLVII of the Florida Statutes, titled "Criminal Procedure and Corrections." Its prohibition speaks directly to admissibility of evidence, which is a procedural decision not a substantive right. This Court's powers to rule on evidentiary issues stems from its inherent power to manage trials–an aspect of the judicial process related to procedure rather than substance. *See, e.g.*, *Soto v. Geico Indem. Co.*, No. 6:13-cv-181-Orl-40KRS, 2014 U.S. Dist. LEXIS 98699, at *3 (M.D. Fla. July 21, 2014) (citing *Luce v. United States*, 469 U.S. 38, 41-42, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)).

Under the *Erie* doctrine, the Federal Rules of Evidence apply. Because the Florida state statutes cited by Sterling do not apply in this Court, such statutes cannot be used to strike evidence proffered by Plaintiffs and Gnass. Accordingly, Sterling has failed to show that the proffered evidence is clearly inadmissible under applicable law and, therefore, the Motion should be denied.

This Court is an arm of the United States federal government, not an arm of any state or subdivision thereof, whether Florida or Michigan. Thus, this Court is arguably outside the scope of the evidentiary prohibitions based on the text Fla. Stat. §§ 934.02 and 934.06, or at least would potentially be able to apply Michigan law regarding the recording, and the Florida statute should not provide a basis to strike evidence in federal court.

Moreover, to the extent that Gnass can testify to the contents of the phone call with Sterling, the evidence Sterling seeks to strike is admissible regardless of whether the call was recorded. Statements made by Sterling would not be hearsay because they are admissions of a party. *See* Fed. R. Evid. 801(d)(2). Thus, even assuming, *arguendo,* the Florida Wiretap Act applies—which it does not—the only piece of evidence that would be proper to strike thereunder is the actual recording of the call itself. Therefore, even if this Court finds the Florida Wiretap Act applies, the Motion should be denied as to the Ndalamba and Gnass Declarations.

B.    Any Alleged Hearsay is Subject to Exceptions and Admissible.

Hearsay consists of an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Subject to certain exceptions, hearsay is inadmissible. *See* Fed. R. Evid. 801-807.

"The hearsay bar does not pertain to statements used to show future effect upon the listener." *United States v. Bachynsky*, 415 F. App'x 167, 175 (11th Cir. 2011). Additionally, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys.*, 743 F. App'x 269, 273 (11th Cir. 2018) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012)).

Paragraph 8 of the Ndalamba Declaration and Exhibit H of the Ndalamba Exhibits are not hearsay because they are not offered to prove the truth of the matter asserted. *See* D.E. 66-1 at ¶ 8; 66-3 at 7. They are merely offered to show

9

that a conversation occurred between Taylor Sterling (Sterling's husband) and Gnass as context to subsequent events. Further, to the extent Gnass can testify at trial, the evidence in these portions of the Ndalamba Declaration will be reduced to admissible evidence and therefore is permissible in consideration of summary judgment. *Robertson*, 743 F. App'x, at 273.

Paragraph 32 of the Ndalamba Declaration is Ndalamba's direct statement about the scope of the Upwork contract. *See* D.E. 66-1 at ¶ 32. It is not a statement by another declarant and therefore not hearsay. With respect to Exhibit V of the Ndalamba Exhibits, this exhibit is not hearsay because it is not offered for the truth of the legal conclusion expressed therein, only as context for Ndalamaba's subsequently drawn legal conclusion. *See* D.E. 66-3 at 14.

Paragraph 35 of the Ndalamba Declaration contains direct statements regarding the time during which Starline performed work through the Upwork platform. *See* D.E. 66-1 at ¶ 35. Thus, it is not hearsay because it is not the statement of another declarant. Exhibit W of the Ndalamba Exhibits is not hearsay because it is a regularly kept business record of both Upwork and Starline. Both Upwork and Starline track time worked and billed in their commercial arrangements at or near the point such time is recorded. *See* D.E. 66-3 at 15. Both Upwork and Starline have knowledge of the hours billed through their respective billing tracking practices. Ndalamba, as a representative of Starline, is fully capable of certifying to the authenticity of the record. Further, should additional certification be required Upwork can provide such certification such that the

record would be admissible at trial. Therefore, Exhibit W of the Ndalamba Exhibits is admissible under Fed. R. Evid. 803(6).

Paragraph 37 of the Ndalamba Declaration is a statement by Ndalamaba regarding evidence proffered by Sterling and the legal effect thereof. *See* D.E. 66-1 at ¶ 37. Thus, it is not hearsay because it is not a statement by another declarant. To the extent Sterling claims ¶ 37 "relies on Exhibit V," as discussed above Exhibit V of the Ndalamba Exhibits is not offered for the truth of the conclusion provided therein, only as context for Ndalamaba's subsequent analysis and conclusions.

Paragraphs 60 and 61 of the Ndalamba Declaration are not hearsay because they constitute Ndalamba's opinion on why players chose not to play Crown Academy. *See* D.E. 66-1 at ¶¶ 60-61. These paragraphs are not the statements of another declarant and thus are not hearsay. To the extent ¶¶ 60 and 61 incorporate Exhibit AA of the Ndalamba Exhibits, this exhibit is not offered to prove the truth of the matter asserted in the reviews. *See* D.E. 66-3 at 17-19. It is offered only to show that negative player reviews were given, thus informing Ndalamba's ultimate belief as to why Crown Academy was not successful. Therefore, neither Ndalamba's statements in ¶¶ 60 and 61 nor Exhibit AA of the Ndalamba Exhibits are hearsay.

Exhibit X of the Ndalamba Exhibits is admissible because it is a regularly kept business record of Roblox corporation. *See* D.E. 66-3 at 15. Roblox collects and tracks payment information received directly from users and publishes it. To the extent any certification of the record is needed, such certification can be obtained from Roblox to render the record admissible at trial. Therefore, Exhibit

11

X of the Ndalamba Exhibits is admissible under Fed. R. Evid. 803(6) and should not be stricken.

Exhibit X of the Ndalamba Exhibits is further admissible because it constitutes a public record under Fed. R. Evid. 803(8). Exhibit X of the Ndalamba Exhibits is taken from information contained in Roblox's Form S-1 and Amendment to Form S-1 filed with the Securities and Exchange Commission ("SEC"). The SEC is a public office whose primary activity includes regulation of such securities disclosure documents. The SEC is under a legal duty to publish such filings. *See* 15 U.S.C. § 77f(d). Accordingly, the contents of such filings are public records and exempt from the hearsay prohibitions per Fed. R. Evid. 803(8).

Exhibit X of the Ndalamba Exhibits is further admissible because it constitutes a market report or similar commercial publication under Fed. R. Evid. 803(17). Exhibit X of the Ndalamba Exhibits is taken from information contained in Roblox securities filings and otherwise published by Roblox as part of earnings reports. These earnings reports and related financial disclosures (whether or not filed with the SEC) are generally relied upon by professionals in the stock trading and investment industries. Therefore, the contents of such reports, including Exhibit X of the Ndalamba Exhibits, are exempt from the hearsay prohibitions under Fed. R. Evid. 803(17).

Exhibit Y of the Ndalamba Exhibits is admissible because it constitutes a market report or similar commercial publication under Fed. R. Evid. 803(17). *See* D.E. 66-3 at 16. Exhibit Y of the Ndalamba Exhibits is taken from Roblox's

published developer resource manual. This publication is generally relied upon by software developers in working with Roblox. Therefore, Exhibit Y of the Ndalamba Exhibits is exempt from the hearsay prohibitions under Fed. R. Evid. 803(17).

Exhibit Z of the Ndalamba Exhibits is admissible because it is a regularly kept business record of Roblox corporation. *See* D.E. 66-3 at 16. Roblox collects and tracks user activity information received directly from users and discloses these records publicly in the form of badges. To the extent any certification of the record is needed, such certification can be obtained from Roblox to render the record admissible at trial. Therefore, Exhibit Z of the Ndalamba Exhibits is exempt from the hearsay prohibition under Fed. R. Evid. 803(6).

Paragraph 20 of the Gnass declaration is not hearsay to the extent consists of Gnass' statements and not the statements of another declarant. *See* D.E. 66-4 at ¶ 20. To the extent that Gnass refers to statements by Sterling, such statements are not hearsay as declarations of a party opponent. Fed. R. Evid. 801(d)(2). To the extent that Gnass refers to a conversation with Taylor Sterling in Exhibit K of the Gnass Exhibits, this conversation is not offered to prove the truth of the contents of the message from Taylor Sterling. *See* D.E. 66-5 at 6. Exhibit K of the Gnass Exhibits is merely offered to show that Gnass received a message from Taylor Sterling the day Gnass quit working for Sterling and to explain his subsequent conduct in cutting all communication with Jomy and Taylor Sterling. Therefore, ¶ 20 of the Gnass Declaration and Exhibit K of the Gnass Exhibits are not hearsay and should not be stricken.

13

C.    Ndalamba and Gnass Possess the Required Personal Knowledge for
Statements Made in Their Declarations.

Federal Rule of Civil Procedure 56(c)(4) states that affidavits in support or
opposition of summary judgment must be made upon personal knowledge. A
declaration should not be stricken for lack of personal knowledge where the
declarant was able to "see, hear, or otherwise perceive" the subject of the
statements contained in the declaration. *Pashoian v. GTE Directories*, 208 F.
Supp. 2d 1293, 1300 (M.D. Fla. 2002).

This knowledge may also come from the declarant's review of records or
documents, provided such documents would be admissible. *See Rager v.
Augustine*, 760 F. App'x 947, 951 (11th Cir. 2019). In *Rager*, the Eleventh Circuit
upheld the district court's denial of a motion to strike declarations which "were
based upon personal knowledge after reviewing official business records." *Id.* at
951-52; *see also In re Lynch*, 755 F. App'x 920, 924 (11th Cir. 2018) (upholding
denial of motion to strike affidavit when affidavit was based on affiant's review of
business records within the scope of Fed. R. Evid. 803(6)).

Sterling claims Ndalamba lacks personal knowledge of the matters in ¶¶ 11,
14-16, 20-22, 24, 46, and 49 of the Ndalamba Declaration. *See* D.E. 66-1. These
paragraphs contain Ndalamba's analysis of code and other evidence presented in
Exhibits to the Complaint. Sterling provides no basis for why Ndalamba lacks
personal knowledge of his own review the evidence in this case, which he has been
able to "see, hear, or otherwise perceive" prior to his declaration. *Pashoian*, 208

F. Supp. 2d at 1300. To the extent Ndalamba's analysis relies on the proffered evidence, such evidence could be authenticated and would be admissible at trial, or may be provided in the form of testimony by Ndalamba, Gnass, or Sterling. *See Rager*, 760 F. App'x, at 951-52. Therefore, these paragraphs should not be stricken.

Sterling claims Ndalamba lacks personal knowledge of the matters in ¶¶ 51, 52, 54, 55, and 56 of the Ndalamba Declaration. *See* D.E. 66-1. These paragraphs contain Ndalamba's thoughts on Sterling's earning from her Crown Academy game and her alleged losses because of the alleged defamation. Ndalamba's statements in these paragraphs consist of his own math and logic based on publicly available records of Roblox revenues and compensation, and Sterling's statements in this case. As discussed *supra*, these records and reports are admissible under multiple exceptions to the hearsay prohibitions, and Sterling's statements are admissible as declarations of a party opponent. Ndalamba therefore has personal knowledge based on his analysis of these records and admissions by Sterling, and these paragraphs should not be stricken. *See Rager*, 760 F. App'x, at 951-52.

Similarly, paragraph 60 of the Ndalamba Declaration contains Ndalamba's thoughts on why Crown Academy did not succeed, based on publicly posted commentary. *See* D.E. 66-1 at ¶ 60.  Ndalamba has personal knowledge of his own opinions and therefore ¶ 60 of the Ndalamba Declaration should not be stricken.

Paragraphs 5, 6, and 26 of the Gnass Declaration do not state that Gnass knew what Royale High game code looked like prior receiving it from Sterling. *See*

D.E. 66-4. Thus, Sterling's basis for striking these paragraphs is meritless because the declaration simply does not say what Sterling alleges it does.

Further, to Gnass' knowledge, the code received and subsequently used was from Royale High because Sterling told him so. Sterling's admission is a competent evidentiary basis for Gnass' statements in ¶ 5 that "a copy of a place file, and a screen shot of a code snippet, [received from Sterling were] both from the Royale High game." D.E. 66-4 at ¶ 5. Similarly, Gnass has personal knowledge, based on Sterling's statements to him, that Royale High was the source of the code used to create game assets as described in Gnass Declaration ¶ 6. *See* D.E. 66-4 at ¶ 6. Still similarly, Gnass had personal knowledge based on Sterling's representations that the code received and used to create character faces as discussed in ¶ 26 came from Royale High. *See* D.E. 66-4 at ¶ 26. Thus, Gnass had personal knowledge at the time that the code was Royale High code.

Further still, Gnass has subsequently had ample time to determine that the code received from Sterling was Royale High code. Even if Gnass didn't have sufficient knowledge at the time he received the file to declare that it was Royale High code, he has subsequently gained such knowledge prior to making his Declaration. Because Gnass had personal knowledge related to the statements in ¶¶ 5,6 and 26 at the time he made his declaration, the declaration is sufficiently supported. Thus, Gnass has the requisite personal knowledge and these paragraphs should not be stricken.

Paragraph 13 of the Gnass Declaration does not state that Gnass examined code on Trice's private GitHub when identifying stolen web server code. *See* D.E. 66-4 at ¶ 13. Gnass had access to the webserver code as provided to him by Trice as well as in shared development environments. Even considering Gnass' admission he never accessed Trice's private GitHub, there are multiple other methods by which Gnass could have obtained personal knowledge about the web server code. Therefore, Sterling fails to demonstrate that Gnass lacks personal knowledge related to Gnass Declaration ¶ 13 and it should not be stricken.

D.    Documents that Were Allegedly Not Disclosed Should Not be Stricken Because the Failure to Disclose Was Substantially Justified or Harmless.

Sterling seeks to strike certain exhibits and testimony based on those exhibits on the basis that such documents were not provided to Sterling in discovery. D.E. 68 at 11-13. Sterling also claims that testimony about the contents of such documents is not the best evidence under F.R.E. 1002. *Id.* Federal Rule of Civil Procedure 37(c)(1) prohibits a party from relying on evidence it failed to produce in discovery "unless the failure was substantially justified or is harmless."

"In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009). Prejudice does not exist where the disclosure is made well before the trial date and allows the non-disclosing party sufficient time to address the

17

disclosed evidence. *See In re Fancher*, 802 F. App'x 538, 541 (11th Cir. 2020) (discussing lack of prejudice in withdrawing admissions after dispositive motion deadline had passed).

Plaintiffs and Gnass recognize that this Court ordered certain documents responsive to Sterling's discovery requests be turned over by September 7, 2021. D.E. 63. Plaintiffs prepared these documents and provided them to former counsel on August 30, 2021. Plaintiffs and Gnass have been informed by former counsel that all his records associated with this matter have been destroyed, thus making it impossible for Plaintiffs and Gnass to conduct the forensic analysis necessary to refute or deny the claims that documents were not produced directly from their former counsel to counsel for Sterling.

Trial is still many months away, and Sterling will have ample time to address the disclosed documents. Thus, the late disclosure is ultimately harmless and therefore the proffered evidence should not be stricken. Further, striking this evidence would be detrimental to resolving this case on the merits, the importance of which this Court has seemingly acknowledged. D.E. 77 at 6 (citing *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

Plaintiffs and Gnass fulfilled their discovery obligations with respect to the materials Sterling now seeks to strike. Former counsel for Plaintiffs and Gnass did not complete certain of his discovery obligations due to an unfortunate family tragedy. *See* D.E. 64 at 1-2; D.E. 77 at 4. Plaintiffs and Gnass fully expected that their former counsel would produce the provided materials, and due to the loss of

all former counsel's files they cannot adequately address Sterling's claims of non-production. It would be contrary to the interests of justice to punish Plaintiffs and Gnass for justified reliance on their former counsel to produce provided documents. Therefore, this Court should deny Sterling's request to strike.

E.     Plaintiffs Are Moving for Limited Reopening of Discovery Which Would Render Sterling's Non-Production Arguments Moot.

This Court has the "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 U.S. Dist. LEXIS 8103, at *4 (M.D. Fla. Jan. 11, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

This Court recognized that Sterling was not precluded from moving to extend discovery based on the late responses to the requests for admission provided by Plaintiffs and Gnass. D.E. 77 at 10-11.

The undersigned counsel has filed a Motion to Amend Case Management and Scheduling Order (the "Motion to Amend CMSO") prior to this Response. *See* D.E. 83. For reasons set forth more fully therein, a limited reopening of discovery is necessary to resolve this case on the merits. If the Motion to Amend CMSO is granted and discovery is reopened, to the extent she does not have them already, Sterling will have ample opportunity to receive the documents she now seeks to strike and take depositions related thereto. Therefore, her basis to strike for non-production will be rendered moot.

Accordingly, Plaintiffs and Gnass request this Court deny Sterling's request to strike such pieces of evidence, or in the alternative request that this Court deny the Motion without prejudice to renew if necessary, or to otherwise refrain from ruling on the Motion until resolution of the Motion to Amend CMSO. The delay in resolution of the Motion to Strike will be minimal, will not harm either party, and is in the interest of judicial economy.

WHEREFORE, Plaintiff Starline Media respectfully requests this Court issue an order denying Defendants' Motion to Strike, D.E. 68, in its entirety and awarding any further relief deemed just and proper.

Respectfully submitted this 22nd day of October, 2021.

Adam C. Losey, Esq.
Florida Bar No. 69658
Robert J. Rubin, Esq.
Florida Bar No. 113393
Ian T. Johnson, Esq.
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
rrubin@losey.law
ijohnson@losey.law
docketing@losey.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2021, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658