UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA and STARLINE MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ELISHA TRICE, <br> JOMY STERLING, <br> and STAR STATUS GROUP, <br><br> Defendants. <br><br> JOMY STERLING and STAR STATUS GROUP, <br><br> Counterclaimants, <br><br> v. <br><br> DAVID NDALAMBA and TYLER GNASS, <br><br> Counterclaim Defendants. | C.A. No. 6:20-cv-1210-GAP-GJK |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY AGAINST DEFENDANT ELISHA TRICE**

Plaintiffs STARLINE MEDIA, INC. ("Starline") and DAVID NDALAMBA ("Ndalamba") (collectively, "Plaintiffs"), by and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 55(b) and Local Rule 1.10, hereby file this Motion for Default Judgment as to Liability Against Defendant ELISHA TRICE ("Trice"), and state as follows:

1

## BACKGROUND

1. On July 8, 2020, Plaintiffs filed their complaint, alleging causes of action against Trice for copyright infringement; breach of the non-disclosure agreement; and misappropriation of trade secrets in violation of Florida's Uniform Trade Secrets Act ("FUTSA"). *See* Doc. 1 (the "Complaint").

2. On July 16, 2020, Plaintiffs properly served Trice via personal service. *See* Doc. 37.

3. On August 31, 2020, Plaintiffs filed their amended complaint, alleging the following causes of action against Trice: Count I – Copyright Infringement; Count II – Breach of the Non-Disclosure Agreement; and Count IV – Misappropriation of Trade Secrets in Violation of FUTSA. *See* Doc. 24 (the "Amended Complaint").

4. To date, Trice has not appeared or defended in this action.

5. On November 16, 2020, Plaintiffs filed their Motion for Clerk's Default Against Trice. Doc. 38.

6. On November 16, 2020, the clerk entered default against Trice. Doc. 42.

7. Pursuant to Federal Rule of Civil Procedure 55(b)(1), and for the reasons discussed *infra*, Plaintiffs are entitled to the entry of default judgment as to liability against Trice.

## MEMORANDUM OF LAW

By their default, a defendant admits the well-pled allegations of the complaint for liability purposes. *Buchman v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the court must assume that the well-pled allegations of the complaint are true when determining whether the plaintiff adequately stated a claim for which relief may be granted. *See FTC v. Mobe Ltd.*, 6:18-cv-862-Orl-37DCI, Doc. 259, 2020 U.S. Dist. LEXIS 65335, at *5 (M.D. Fla. Mar. 26, 2020) (citation omitted).

Here, default has been entered against Trice and the well-pled allegations of the Complaint, which the Court must accept as true, establish this Court's jurisdiction over the claims and Trice, and establish that Plaintiffs have adequately pled their causes of action against Trice. In addition, Trice is neither a minor nor an incompetent person. *See* Doc. 62-8 at 1, 2.

### I. Jurisdiction

The well-pled allegations in the Amended Complaint establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. *See* Doc. 24 at ¶ 17. Further, the well-pled allegations in the Amended Complaint establish that this Court has personal jurisdiction over Trice. *See* Doc. 24 at ¶ 14.

### II. Default

As discussed *supra*, Plaintiffs properly served Trice with the Complaint and Trice failed to timely respond to the Complaint. *See* Docs. 1; 37. Thus, Trice was in

3

default and Plaintiffs were not required to serve Trice with the Amended Complaint, which did not assert any new causes of action against Trice. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); *G.W. Palmer & Co. v. Fla. Fresh Produce Corp.*, 2018 U.S. Dist. LEXIS 224635, at *5, 2018 WL 7374345 (M.D. Fla. Oct. 30, 2018) (finding that the plaintiff was entitled to clerk's default on the amended complaint after the defendants were served and failed to respond to the original complaint); *Poitevint v. Dynamic Recovery Servs.*, 2011 U.S. Dist. LEXIS 7943, at *4, 2011 WL 201493 (M.D. Fla. Jan. 20, 2011) (granting motion for entry of clerk's default and stating that the defendant "[s]ince [the defendant] was in default when the amended complaint was filed, [the plaintiff] was not required to serve the amended complaint upon it since it does not assert new claims against [the defendant]").

Therefore, the clerk appropriately entered default against Trice. *See* Fed. R. Civ. P. 55(a); Docs. 37; 38; 42.

**III. Liability**

a. Count I – Copyright Infringement

In Count I, Plaintiffs allege a cause of action against Trice for copyright infringement. "To prevail on the claim for copyright infringement, Plaintiffs must plead facts establishing that they own a valid copyright and that Defendants copied constituent elements of the copyrighted work that are original." *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, Case No. 6:16-cv-656-Orl-40KRS, 2017 U.S. Dist. LEXIS 193402, at *5 (M.D. Fla. Nov. 3, 2017), report and

4

recommendation adopted, 2017 U.S. Dist. LEXIS 192437, 2017 WL 5608939 (M.D. Fla. Nov. 21, 2017) (citation omitted).

Here, Plaintiffs adequately pled that they own a valid copyright. *See* Docs. 24 at ¶¶ 59, 60; 24-15; *see also* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). In addition, Plaintiffs adequately pled that Trice copied the copyrighted material. *See* Doc. 24 at ¶¶ 7-10, 20-28, 61.

Given the foregoing, Plaintiffs have adequately stated a claim of copyright infringement against Trice and are entitled to default judgment as to liability against Trice on Count I.

> b.  Count II – Breach of the Non-Disclosure Agreement

In Count II, Plaintiffs allege a cause of action against Trice for breach of Trice's non-disclosure agreement. In Florida, the "elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (applying Florida law). Here, Plaintiffs adequately pled that Trice entered into a valid non-disclosure agreement with Plaintiffs, that Trice materially breached that agreement by disclosing Plaintiffs confidential material, and that Plaintiffs were damaged as a result of Trice's breach of the non-disclosure agreement. *See, e.g.*, Doc. 24 at ¶¶ 5-10, 18-34, 40-43, 45, 70-72; *see also, e.g.*, Docs. 24-7; 24-13.

5

Given the foregoing, Plaintiffs have adequately stated a claim for breach of the non-disclosure agreement against Trice and are entitled to default judgment as to liability against Trice on Count II.

### c. Count IV – Misappropriation of Trade Secrets in Violation of FUTSA

In Count IV, Plaintiffs allege a cause of action against Trice for misappropriation of trade secrets in violation of FUTSA. "To prevail on a FUTSA claim, a plaintiff must demonstrate that (1) it possessed a 'trade secret' and (2) the secret was misappropriated." *Advantor Sys. Corp. v. DRS Tech. Servs.*, 678 Fed. Appx. 839, 853 (11th Cir. 2017) (citations omitted). "'Trade secret' means any information (including methods, techniques, or processes) that (a) derives independent economic value from not being generally known or readily ascertainable and (b) is the subject of reasonable efforts to maintain its secrecy." *Id.* (citations omitted). "'Misappropriation' generally means that the secret was acquired by someone who knows or has reason to know that the secret was improperly obtained or who used improper means to obtain it. *Id.* (citations omitted).

Here, the well-pled allegations of the Amended Complaint establish that the information at issue derived independent economic value from not being generally known and that Plaintiffs used reasonable efforts to maintain the information secrecy. *See, e.g.*, Doc. 24 at ¶¶ 2, 6, 18-23, 33, 82; *see also* Doc. 24-13. In addition, the well-plead allegations establish that Trice used improper means to obtain the

6

information and misappropriated the information in contravention of Trice's non-disclosure agreement. *See, e.g.*, Doc. 24 at ¶¶ 3-9, 18-19, 24-32, 38-44, 53.

Given the foregoing, Plaintiffs have adequately stated a claim for misappropriation of trade secrets in violation of FUTSA against Trice and are entitled to default judgment as to liability against Trice on Count IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to enter default judgment as to liability against Trice on Counts I, II, and IV, and grant such other and further relief as this Court deems just and proper.

Dated: October 22, 2021

Respectfully Submitted,

**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**Ian T. Johnson, Esq.**
Florida Bar No. 1026225
Primary: ijohnson@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-1605
*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

/s/ Adam C. Losey

**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**Ian T. Johnson, Esq.**
Florida Bar No. 1026225
Primary: ijohnson@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-1605
*Trial Counsel for Plaintiffs*