### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

STARLINE MEDIA, INC. and DAVID
NDALAMBA,

        Plaintiffs,

v.                                  Case No:   6:20-cv-1210-GAP-GJK

STAR STATUS GROUP, ELISHA
TRICE and JOMY STERLING,

        Defendants.

_____

### ORDER

This matter is before the Court on Plaintiffs' Motion to Amend the Case Management and Scheduling Order (Doc. 83).[1] Defendants oppose the Motion (Doc. 88).

Plaintiffs filed this case on July 8, 2020. The Court's original Case Management and Scheduling Order (the "CMO") set several deadlines—including for discovery (July 1, 2021) and dispositive motions (August 2, 2021).[2] Plaintiffs claim that their former counsel "had issues managing this case" because of "the impact of a personal tragedy." Doc. 83 at 3. Plaintiffs' former counsel also "was

---

[1] Counterclaim-Defendant Tyler Gnass ("Gnass") also joins the motion.

[2] Defendant Jomy Sterling filed a motion for summary judgment (Doc. 59) on August 2, 2021. That motion became ripe on September 17, 2021 (Doc. 69).

the victim of a cyber attack whereby all [of his] files and correspondence regarding th[is] matter have been deleted." *Id.* at 3 (citing Doc. 82 ¶ 4). Plaintiffs and Gnass have since retained new counsel who now seeks to extend the since-expired case deadlines and amend the CMO to push out all remaining dates.

The Court's scheduling order can be amended, but only for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). The burden to show good cause falls on the moving party. *Tic Park Ctr., 9 LLC v. Cabot*, No. 16-24569-Civ, 2018 WL 4828435, at *3-4 (S.D. Fla. Aug. 28, 2018). When a deadline has already passed, like the discovery deadline and the dispositive motion deadline here, a party must also show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015).

Plaintiffs and Gnass have not shown good cause to alter the schedule. The standard "is a rigorous one." *Howard v. Wilkinson*, No. 17-cv-1473, 2019 WL 10855186, at *1 (M.D. Fla. May 16, 2019). Despite its rigorous nature, Plaintiffs make little attempt to show that they were diligent in adhering to the schedule. Instead, they show the opposite: they pursued minimal discovery during the

case.[3] *See* Doc. 83 at 4. This lack of pursuit stems from a tragedy in the life of Plaintiffs' counsel. And while the Court is sympathetic to this tragedy, counsel's failure to send out discovery cannot, by itself, constitute good cause. *Estate of Reed v. Nat'l Specialty Ins. Co.*, 2020 WL 5547922, at *4 (S.D. Fla. July 29, 2020) (holding that "inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute 'good cause' under Rule 16(b)(4)") (citation omitted). In such a situation, the lawyer has a duty to "terminate [his] representation if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." *A.L. v. Jackson Cty. Sch. Bd.*, 635 F. App'x 774, 789 (11th Cir. 2015) (quoting R. Regulating Fla. Bar 4-1.16(a)). Plaintiffs' former counsel did not do so, and there no evidence was submitted to justify this failure to do so. And Plaintiffs' communications with their counsel—directing him to serve requests for production and the like—do not constitute diligence. *See Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2020 WL 1304909, at *2 (S.D. Fla. Mar. 19, 2020) (directing counsel to file an amended complaint did not constitute sufficient diligence to meet good cause standard).

---

[3] According to Defendants' response, Plaintiffs only served requests for production on Sterling on March 26, 2021 and served a subpoena on Roblox Corporation. Plaintiffs did not serve any notices of depositions.

The recent cyberattack against Plaintiffs' former counsel also does not support a finding of good cause. That attack happened sometime between the parties' mediation on October 1 and October 6. But that attack came months after the July 1, 2021 discovery deadline. Instead, this months-long delay in seeking to extend the Court's scheduling order warrants against finding diligence.

On the facts presented, the Plaintiffs and Gnass were not diligent in pursuing the deadlines in the scheduling order. And because of that finding, "the good cause inquiry ends." *Wilson v. Wal-Mart Stores, Inc.*, No. 07-CV-394, 2008 WL 11336714, at *2 (M.D. Fla. Oct. 22, 2008). Without good cause, the Court need not address whether Plaintiffs and Gnass have shown excusable neglect.[4]

It is therefore **ORDERED** that the Motion to Extend Case Management and Scheduling Order (Doc. 83) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 4, 2021.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[4] While the Court sees little prejudice that would befall Defendants if the schedule was extended, prejudice is immaterial to the good cause analysis. *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000); *see also Rosenbaum v. Becker & Poliakoff, P.A.*, 2009 WL 10667039, at *2 (S.D. Fla. July 2, 2009) (observing that "good cause is not shown" if the action "could have been made timely" even if "the opposing party were not to suffer prejudice").

Counsel of Record
Unrepresented Party