UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID NDALAMBA and
STARLINE MEDIA, INC.,

                                    Case No. 6:20-cv-1210-GAP-GJK

        Plaintiffs,

-vs-

ELISHA TRICE, JOMY STERLING,
and STAR STATUS GROUP,

        Defendants.
_____

JOMY STERLING, and STAR
STATUS GROUP,

        Counterclaimants.

-vs-

DAVID NDALAMBA and
TYLER GNASS,

        Counter Defendants.
_____

ORDER

This cause came on for consideration without oral argument on the following motion:

**MOTION:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY AGAINST DEFENDANT ELISHA TRICE (Doc. No. 85)

> **FILED:** October 22, 2021
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On August 31, 2020, David Ndalamba and Starline Media, Inc. filed an amended complaint against Elisha Trice, Jomy Sterling, and Star Status Group, asserting claims for copyright infringement, breach of a nondisclosure agreement, tortious interference with a contractual relationship, and misappropriation of trade secrets. Doc. No. 24. Ndalamba and his company Starline Media are lead programmers for the video game Royale High on the Roblox platform. *Id.* at ¶ 2. Ndalamba and Starline Media hired Trice to perform programming services related to developing Royale High and to work on external systems. *Id.* at ¶ 3. On June 19, 2019, Trice signed a nondisclosure agreement and "was provided access to the confidential portions of the game." *Id.* at ¶ 6.

After Trice's services were completed, Ndalamba and Starline Media allege that he stole aspects of Royale High and disclosed the confidential information to Sterling and Star Status Group. *Id.* at ¶¶ 7, 8. Trice, Sterling, and Star Status Group allegedly developed a game named Crown Academy "that uses the identical information in its development[,]"copyrighted material, and information protected by the nondisclosure agreement. *Id.* at ¶¶ 8, 9. Ndalamba and Starline Media allege Count I—Copyright Infringement against all Defendants; Count II—

Breach of the Non-Disclosure Agreement against Trice; Count III—Tortious Interference of a Contractual Relationship against Sterling and Star Status Group; and Count IV—Misappropriation of Trade Secrets/Violation of Florida's Uniform Trade Secrets Act against all Defendants. *Id.* at 9-13. Trice did not file a response to the amended complaint.

On August 27, 2020, Sterling and Star Status Group filed an amended counterclaim against Ndalamba and Tyler Gnass. Doc. No. 20. Sterling alleges that in October 2018, she engaged Gnass to develop Crown Academy. *Id.* at ¶ 12. Sterling "was forced to part ways with Gnass" because he "began to engage in conduct that violated the basic terms of the working relationship he had established with Ms. Sterling." *Id.* at ¶ 13.

Sterling alleges that Gnass engineered a scheme to make it appear that she stole video game code and other information from the team behind Royale High. *Id.* at ¶ 14. Sterling asserts that Ndalamba knew of the scheme and the two "publicly disclosed to others in the Roblox community false, defamatory, and disparaging statements about Ms. Sterling and her game, namely that she had stolen code and other assets from Royale High." *Id.* at ¶ 14-15. Sterling contends Gnass's and "Ndalamba's actions have irreparably damaged Ms. Sterling's reputation as a Roblox developer and have sabotaged the impending release of her

new game Crown Academy." *Id.* at ¶ 24. Sterling alleges claims against Ndalamba and Gnass for defamation and trade libel. *Id.* at 7-8.

On September 18, 2020, Sterling and Star Status Group filed an answer to the amended complaint. Doc. No. 30. Sterling and Star Status Group assert several affirmative defenses regarding the alleged copyrights, including that Ndalamba and Starline Media are not the owners of the copyrights, and that the copyrighted materials lack the required registrations, lack originality, and are not subject to copyright protection. *Id.* at 12, 13

On August 2, 2021, Sterling moved for summary judgment, arguing that Ndalamba and Starline Media do not own "any copyrights in and to Royale High's source code or related assets." Doc. No. 59 at 2-3, 17-18. Sterling also asserts that Trice was not subject to a nondisclosure agreement when Ndalamba provided Trice with access to a particular source code and this particular source code "consists of standard, publicly available, and widely used lines of code called node.js code." *Id.* at 7.

On October 22, 2021, Ndalamba and Starline Media filed a motion for default judgment against Trice (the "Motion"). Doc. No. 85. A default judgment entered against Trice could result in an inconsistent judgment if Sterling and Star Status Group prevail, and thus is inappropriate at this stage of the litigation. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., et al.*, No. 6:11-cv-1054-JA-

DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id.* The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments. *See Frow*, 82 U.S. at 554. "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Creation's Own Corp.*, 2011 WL 6752561, at *6. As Ndalamba and Starline Media assert common allegations and claims against Trice, Sterling, and Star Status Group, and Sterling and Star Status Group raise defenses that could also preclude Ndalamba and Starline Media from receiving relief from Trice, a default judgment against Trice at this stage risks offending the prohibition against inconsistent judgments.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 85) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on November 5, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

- 6 -

Copies furnished to:

Counsel of Record
Unrepresented Parties