# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA and STARLINE MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ELISHA TRICE, <br> JOMY STERLING, <br> and STAR STATUS GROUP, <br><br> Defendants. <br><br> JOMY STERLING and STAR STATUS GROUP, <br><br> Counterclaimants, <br><br> v. <br><br> DAVID NDALAMBA and TYLER GNASS, <br><br> Counterclaim Defendants. | C.A. No. 6:20-cv-01210-GAP-GJK |

## COUNTERCLAIM DEFENDANT TYLER GNASS'S MOTION TO ALLOW LIVE VIDEO TESTIMONY

Counterclaim Defendant TYLER GNASS ("Gnass"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 43, files this Motion to Allow Live Video Testimony, and states as follows:

### Background

On August 31, 2020, Plaintiffs DAVID NDALAMBA ("Ndalamba") and STARLINE MEDIA, INC. (collectively, "Plaintiffs") filed the operative complaint

1

in this matter (the "Complaint") against Defendants JOMY STERLING and STAR STATUS GROUP (collectively, "Sterling"), alleging causes of action against Sterling for copyright infringement, trade secret misappropriation, and tortious interference of a contractual relationship arising, in part, from actions that Sterling took while Gnass was employed by Sterling and about which Gnass has knowledge. Doc. 24.

On August 27, 2020, Sterling filed her first amended counterclaims (the "Counterclaim") against Ndalamba and Gnass, alleging causes of action for defamation and trade libel. Doc. 20.

On November 9, 2021, the Court entered a Notice of Date Certain for Trial, setting this case for trial commencing January 18, 2022. Doc. 92. All parties have listed Gnass as a witness likely to be called at trial. *See* Docs. 98 at 7; 98-5 at 1; 98-6 at 2.

There are compelling circumstances and appropriate safeguards in this case to permit Gnass to testify at trial via live video testimony. Therefore, Gnass respectfully requests that the Court take judicial notice of the threat posed by the COVID-19 pandemic and the Omicron variant and enter an order permitting Gnass to testify at trial via live video testimony.

**Argument**

Federal Rule of Civil Procedure 43(a) provides that at trial, "the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide

2

otherwise"; however, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also Toland v. Phoenix Ins. Co.*, 855 Fed. Appx. 486, 491 (11th Cir. 2021) ("The plain language of the rule gives the district court discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.") (citations and internal quotations omitted).

Courts in this Circuit have found that COVID-19 related concerns provide such compelling circumstances. Indeed, the Eleventh Circuit Court of Appeals has explicitly recognized that the ongoing global pandemic has "required courts to adjust hearing formats when possible to ensure the safety of court personnel and parties." *Toland*, 855 Fed. Appx. at 493 n.1. Similarly, in *Novello v. Progressive Express Ins. Co.*, the court found that there was good cause to permit virtual testimony "in the light of the ongoing COVID-19 pandemic and [the witness's] concerns about COVID-19—including his immunocompromised status and recent illness and surgery." 2021 U.S. Dist. LEXIS 85014, at *2, 2021 WL 1751351 (M.D. Fla. May 4, 2021); *see also Schleife v. Royal Caribbean Cruises, Ltd.*, 2021 U.S. Dist. LEXIS 84661, at *8-9, 2021 WL 2274327 (S.D. Fla. May 4, 2021) (taking judicial notice of the ongoing global pandemic and finding good cause to allow the witness to testify virtually at trial in light of the health concerns posed by same); *Donahue v. United States Dep't of Homeland Sec.*, 2021 U.S. Dist. LEXIS 234490, at *1-2 (D.D.C. Sept. 30, 2021) (finding that the witness's health circumstances and

particular vulnerability to COVID-19 satisfied the requirements for remote testimony under Rule 43).

The foregoing is also consistent with the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the "CARES Act") that authorizes the Judicial Conference of the United States to provide the Chief Judge of a United States district court with authority to permit certain criminal proceedings by video or audio conference. *See In re: National Emergency Declaration*, 8:20-mc-25, Doc. 9 (M.D. Fla. Feb. 24, 2021). Pursuant to the CARES Act, the Judicial Conference of the United States found that emergency conditions resulting from COVID-19 will materially affect the functioning of the federal courts. *See id.* That finding—that emergency conditions exist that materially affect the federal courts—remains in effect, and the Middle District of Florida has, accordingly, extended its authorization to use video conferencing through January 26, 2022. *Id.*

Here, there is good cause in compelling circumstances to permit Gnass to testify by live video. Gnass is a resident of Michigan and the sole caregiver for his wife, who has Lupus. *See* Declaration of Gnass attached as **Exhibit A**. Lupus is an autoimmune disease that most commonly affects the skin, joints, or internal organs, such as the kidneys and heart. *See What is Lupus*, LUPUS FOUNDATION OF AMERICA, available at (https://www.lupus.org/resources/what-is-lupus) (last checked Dec. 13, 2021). Significantly, at least one study has shown that people with Lupus are at increased mortality risk from COVID-19. *See Study Shows Increased COVID-19 Mortality Risk for People with Lupus*, LUPUS FOUNDATION OF AMERICA,

4

available at (https://www.lupus.org/news/study-shows-increased-covid19-mortality-risk-for-people-with-lupus) (last checked Dec. 13, 2021); *c.f. also Coronavirus (COVID-19) and lupus*, LUPUS FOUNDATION OF AMERICA, available at (https://www.lupus.org/resources/coronavirus-and-lupus) (last checked Dec. 13, 2021) (advising people with Lupus to take extra precautions to avoid exposure to the virus).

Indeed, Gnass's wife has specifically been advised by her doctor that she is at higher risk from COVID-19 due to her condition and to take all COVID-19 safety precautions and avoid gatherings. *See* **Exhibit A**. In addition, Gnass assists his wife with periodic and incapacitating migraines. *See* **Exhibit A**.

Given the ongoing COVID-19 pandemic and the rise of cases nationally, it would be unreasonably dangerous to require Gnass to travel from Michigan to Florida. *See* CDC Chart of Daily COVID-19 Cases attached hereto as **Exhibit B**, available at https://covid.cdc.gov/covid-data-tracker/#trends_dailycases (last checked Dec. 13, 2021). Further, the spread of the Omicron variant, which has already been detected in Michigan and Florida, exacerbates the threat of travel. *See Omicron Variant: What You Need to Know*, CENTERS FOR DISEASE CONTROL AND PREVENTION, available at (https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html) (last checked Dec. 13, 2021). Initial reports indicate that the COVID-19 vaccines are significantly less effective against the Omicron variant. *See Studies suggest sharp drop in vaccine protection vs. omicron — yet cause for optimism*, NPR, available at

5

(https://www.npr.org/sections/goatsandsoda/2021/12/08/1062352212/studies-suggest-sharp-drop-in-vaccine-protection-v-omicron-yet-cause-for-optimis) (last checked Dec. 13, 2021).

In addition, there are appropriate safeguards available in this case to justify permitting Gnass to testify by contemporaneous transmission. Specifically, Gnass is willing and able to testify live and on video. Such testimony will allow "the jury to observe and evaluate his demeanor and facial expressions during testimony." *See Novello*, 2021 U.S. Dist. LEXIS 85014, at *3-4, 2021 WL 1751351 (explaining how testifying by video provides appropriate safeguards). Also, all parties to this action will have an opportunity to question Gnass using the same video-streaming platform and technology, "ensuring that the method and opportunity for examination is the same." *Id.* Finally, Sterling has been provided advanced notice of Gnass's request, foreclosing any argument that Sterling lacked an opportunity to argue for Gnass's in-person appearance or was somehow surprised by or unable to prepare for Gnass's testimony by video.

**<u>REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.</u>**

WHEREFORE, Counterclaim Defendant TYLER GNASS respectfully requests this Court to take judicial notice of the threat posed by the COVID-19 pandemic and the Omicron variant and enter an order permitting Gnass to testify at trial via live video testimony and granting such further relief as this Court deems just and proper.

Respectfully submitted this 17th day of December 2021.

/s/ George R. Coe
**George R. Coe, Esq.**
Florida Bar No. 298440
Primary: gcoe@losey.law
Secondary: docketing@losey.law
**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**LOSEY PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
(407) 346-6574
*Trial Counsel for Plaintiffs and Gnass*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that prior to filing this motion, I conferred with opposing counsel and was unable to resolve the issues raised herein.

/s/ George R. Coe
**George R. Coe, Esq.**
Florida Bar No. 298440

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

*/s/ George R. Coe*
**George R. Coe, Esq.**
Florida Bar No. 298440
Primary: gcoe@losey.law
Secondary: docketing@losey.law
**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**LOSEY PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
(407) 346-6574
*Trial Counsel for Plaintiffs and Gnass*