# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STARLINE MEDIA, INC. and DAVID NDALAMBA,

    Plaintiffs,

v.           Case No: 6:20-cv-1210-GAP-GJK

STAR STATUS GROUP,
ELISHA TRICE and
JOMY STERLING

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. 103) and Defendant Jomy Sterling's Motion for Reconsideration (Doc. 105). The Court has also considered the parties' responses (Docs. 123, 126).

### I. Background

This case emerges from an online game called Roblox. Both Plaintiff David Ndalamba ("Ndalamba") and Defendant Jomy Sterling ("Sterling") operate games on the Roblox platform. Ndalamba claims that Sterling has appropriated his copyrighted source code and used it in her game. He also claims that Sterling tortiously interfered with a non-disclosure agreement ("NDA") that Ndalamba had entered into with Defendant Elisha Trice.

Sterling moved for summary judgment. *See* Doc. 59. The Court granted that motion in part. It held that summary judgment was warranted on Ndalamba's tortious interference claim because Ndalamba failed to point to evidence that would create a disputed issue of material fact as to whether Sterling knew about the NDA at issue. The Court denied summary judgment on all other points. Both Sterling and Ndalamba now move for reconsideration.

**II. Analysis**

There are "three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Pervision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Both parties here rely on the third ground for reconsideration. The Court addresses each party's request for reconsideration in turn.

   a. *Ndalamba's Motion for Reconsideration*

Ndalamba asks the Court to reconsider its ruling on his tortious interference claim because he had pointed to evidence that creates a disputed issue of material fact. Doc. 103 at 5. He claims that this constitutes a clear error.

The Court ruled for Sterling on this count because it appeared that Ndalamba had not provided sufficient evidence to survive summary judgment as

to whether Sterling knew about the NDA. The Court looked at the sole citation in Ndalamba's argument—a citation to a paragraph in Ndalamba's declaration. Doc. 97 at 16. That paragraph had no testimony that would show that Sterling knew about the NDA.

But now, on reconsideration, Ndalamba points to another paragraph in his opposition brief that cited a declaration submitted by Counterclaim-Defendant Tyler Gnass ("Gnass"). That declaration contains an assertion that conflicts with Sterling's assertion that she did not know about the NDA. While Gnass's assertion was not artfully discussed in the response, it would be a manifest injustice to not take into account a piece of evidence that was cited therein. Therefore, Ndalamba's motion will be granted.[1]

   b. *Sterling's Motion for Reconsideration*

Sterling asks the Court to reconsider its denial of her motion for summary judgment on Ndalamba's copyright infringement claim. First, Sterling claims that

---

[1] Sterling makes two arguments against reconsideration of Count III. First, she argues, without any support, that "the Court did not commit clear error when it granted [Sterling's] motion for summary judgment" on this count. Doc. 126 at 2. That argument fails; the Court's failure to consider evidence cited—however inartful the citation to it was—constitutes a manifest mistake and warrants reconsideration because there was conflicting evidence in the record that was cited to. Sterling also argues that summary judgment was still warranted because Ndalamba "failed to provide evidence that he sustained any actual damages due to a breach of the NDA." Doc. 126 at 2. That argument also fails. At summary judgment, the Court must make all inferences in "the light most favorable to the nonmoving party." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996). Here, a logical inference from the record is that the Ndalamba was damaged by the breach of the NDA. Sterling is a competitor of Ndalamba, and her alleged acquisition of data protected by the NDA would cause harm.

the Court mistakenly shifted the burden to her to show that no disputed issue of material fact exists. Sterling relies on Chief Justice Rehnquist's holding in *Celotex Corp. v. Catrett* that, where the non-movant would bear the burden of proof on an issue at trial, the moving party may simply "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325.

Not clear from that quote, however, is what a party must do to "point[] out" this lack of evidence. *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991) ("*Four Parcels*") (recognizing that Justice Rehnquist's opinion did not explain "how the moving party may show the court that the nonmoving party will be unable to prove its case."). In the Eleventh Circuit, "[e]ven after *Celotex*, it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Sanchez v. Healthcare Revenue Recovery Grp., LLC*, No. 16-81579-CIV, 2018 WL 1056956, at *4 (S.D. Fla. Jan. 22, 2018). The moving party may meet its burden by either "negating an element of the non-moving party's claim" or by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Clark*, 929 F.2d at 608. Once the moving party has met that

burden, the nonmoving party must "point to other portions of the record that would show that there was indeed a genuine issue of fact." *Id.* at 607-08.

Here, assuming Sterling made the required showing to demonstrate to the Court that the record lacked this source code, Ndalamba's response "show[ed] that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 115-17 (11th Cir. 1993).[2] On summary judgment, Sterling argued that Ndalamba did "not have any copies of the Crown Academy source code that show it consists of or otherwise incorporates Royale High source code." Doc. 59 at 19. This was an attempt to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. In response, Ndalamba pointed to record evidence of Crown Academy source code.[3] *See* Doc. 66 at 6-7; *id.* at 12. That citation demonstrated that

---

[2] The Court is skeptical as to whether Sterling carried her initial burden as well. A mere conclusion that Ndalamba does not have any Crown Academy source code is likely not sufficient to carry this initial burden, and Sterling did not point to any evidence in the record that "demonstrate[s] that the party bearing the burden of proof at trial will not be able to meet that burden." *Clark*, 929 F.2d at 608; *see also Four Parcels,* 941 F.2d at 1438 n.19. However, an assumption that Sterling carried her initial burden here makes no difference because Ndalamba shifts the burden back by pointing to the source code.

[3] At summary judgment, Sterling also argued that "there is absolutely no evidence that [Sterling's] Crown Academy source code contains any Royale High source code" based on declarations from "the two individuals who authored all of the Crown Academy source code." Doc. 59 at 19. This argument is contradicted by Ndalamba's declaration (which states that stolen materials "were used in the creation of the Crown Academy game") (Doc. 66-1 ¶ 3), Gnass's declaration (which states that Trice had "pulled the entire framework [for Crown Academy's web server] from Royale High," (Doc. 66-4 ¶ 13), and the recording between Gnass and Sterling (Doc.

Sterling was incorrect—meaning Sterling failed to carry her initial burden. Summary judgment was therefore not warranted.

In reply, Sterling then attempted to negate an element of Ndalamba's claim by arguing that there was no substantial similarity. Doc. 69 at 4-7. But that argument was wholly conclusory, and the Court sees no plain error in its reasoning. *See, e.g.*, Doc. 69 at 7 (arguing solely that "[a] review of the Crown Academy Source Code entered into the summary judgment record clearly shows it does not contain the Face ID Code"). At that point, Sterling took on the burden to show that an element was negated and failed to do so. Sterling attempts to bolster that argument now by attaching exhibits that purport to compare the source code line-by-line, but that argument comes too late. "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001). This new comparison chart does not provide a basis for reconsideration.[4]

Sterling is also incorrect that without a walkthrough of the side-by-side comparison of the source code, summary judgment must be granted in her favor.

---

66-5 at 16).

[4] Similarly, Sterling now asks the Court to "filter[] out" certain code that allegedly is not owned by Ndalamba and therefore cannot be protected by copyright. Doc. 105 at 15-16.

The Court reiterates that the substantial similarity test is a nuanced issue of fact, so summary judgment is warranted only "if *no* reasonable jury could differ in weighing the evidence." *Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000) (emphasis added); *see also Latimer v Roaring Toyz, Inc.*, 601 F.3d 1224, 1232 (11th Cir. 2010) (acknowledging that "summary judgment has traditionally been frowned upon in copyright cases" because "substantial similarity is an extremely close question of fact"). There is no proof in the record that no reasonable jury could conclude that this source code is not substantially similar. Instead, the Court has before it snippets of the source code and attestations from both sides that the source code is either similar or not similar. The source code is there; it will be up to the jury to compare it.[5]

Sterling also argues that the Court erred by considering the audio recording of Sterling where Sterling appears to admit that Crown Academy contains Royale High code. She argues that because this recording is not source code, the Court cannot rely on it when determining if a disputed issue of material fact exists as to

---

[5] Neither of Sterling's cited cases affects this conclusion. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821 (11th Cir. 1982) stemmed from a bench trial where the judge found substantial similarity, not a summary judgment motion. And *General Universal Systems v. Lee*, 379 F.3d 131 (5th Cir. 2004) involved a plaintiff that did not provide its own source code for comparison. Without it, the plaintiff would be unable to carry its burden at trial because there was nothing to compare. 379 F.3d at 146. Put differently, summary judgment was proper in *General Universal* there because the plaintiff failed to provide its source code for the comparison, not because the plaintiff failed to explain the comparison.

substantial similarity. Doc. 105 at 21. Sterling provides no support for this argument, and the Court is skeptical that the *only* evidence that can be used in considering substantial similarity is the source code itself. Regardless, this argument does not warrant reconsideration because it was never made at summary judgment. Her motion for reconsideration will be denied.[6]

### III.   Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiffs' Motion for Reconsideration (Doc. 103) is **GRANTED**. The Court's Order (Doc. 97) is **VACATED** to the extent it granted summary judgment on Count III of the Amended Complaint.

2. Defendant's Motion for Reconsideration (Doc. 105) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2022.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[6] Sterling's request that summary judgment should be entered in her favor on Ndalamba's trade secret misappropriation claim will be denied. Sterling has provided no basis for reconsideration on this count beside the already-rejected contention that Ndalamba failed to provide evidence that Sterling used Ndalamba's source code.