# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br>   Plaintiffs,<br><br>v.<br><br>ELISHA TRICE, JOMY STERLING, and STAR STATUS GROUP<br><br>   Defendants. | C.A. No. 6:20-CV-01210-GAP-GJK |
| JOMY STERLING and STAR STATUS GROUP<br>   Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID NDALAMBA and TYLER GNASS<br><br>   Counterclaim Defendants. | |

## RESPONSE TO SHOW CAUSE ORDER

Jomy Sterling d/b/a Star Status Group ("**Ms. Sterling**"), by and through her undersigned counsel, and her counsel hereby submit this response to the Show Cause Order at (Doc. 132) ("**Show Cause Order**").

I, undersigned counsel, take full responsibility for not providing certain emails to opposing counsel. Because it is now clear the position I took with respect

Page 1 of 8

to these emails was misguided, all I can do now is provide the Court with an explanation as to why I believed the position I took was justified in hopes of showing the Court that sanctions should not be imposed.

As the Court points out I stated in response to the motion to amend the CMSO at (Doc. 88) that "Ms. Sterling has already offered to provide successor counsel with such emails and documents in the event successor counsel needs them to prepare for upcoming pre-trial and trial activities." I believed that the phrase "such emails and documents" in this statement referred to emails and documents that no longer existed due to the ransomware attack **and** that successor counsel needed to prepare for pre-trial and trial activities. After making the above statement in support of the response to the motion to amend the CMSO, I truly believed I provided successor counsel with all such emails and documents.

With respect to the documents I offered to produce, I provided successor counsel with all of the documents the parties produced to each other during discovery, including all of the documents designated "highly confidential" that I referred to in footnote 1 at (Doc. 88), and all of the documents the parties received from Roblox. I also provided successor counsel with the password Roblox provided the parties in order to open a zip file Roblox provided. There was one zip file I became aware of after discovery ended but I could not produce because I did not download it from a Google Drive folder controlled by former counsel prior to the ransomware attack and did not have access to it after the ransomware attack as a result of the

link being compromised and the zip file being deleted by Russian hackers. *See* (Doc. 82, ¶ 4) ("I was the victim of a cyber attack whereby all of my files and correspondence regarding the matter have been deleted," including "[a]ll discovery I either received or sent.").

So there is no misunderstanding about this zip file and why I could not produce it, I provide the Court with the following context: On September 14, 2021, former counsel sent me an email containing a link to a zip file that resided in a cloud-based Google Drive folder that he controlled. I did not download the zip file when I first received the link, or at any time prior to the ransomware attack, because the link was sent to me after the motion to compel order deadline of September 7, 2021. I believed it was unnecessary to click the link and download the zip file because it was my understanding that Plaintiffs' failure to provide the zip file on or before September 7, 2021 in violation of a discovery court order precluded use of any documents contained within the zip file as evidence pursuant to Fed. R. Civ. P. 37(b) and/or (c). I also believed it was unnecessary to review the zip file because when I brought up non-production of the place files with former counsel prior to the filing of Ms. Sterling's motion to strike, he did not tell me I was wrong about that specific fact. I did not click the link or download the zip file after the ransomware attack because I was not going to click a link that led to a file that former counsel said no

longer existed, especially since clicking the link after the ransomware attack carried with it a very real risk of being compromised by Russian hackers myself.[1]

In any event, successor counsel confirmed to me on December 1, 2021 that Plaintiffs still have the documents they claim were contained in the now-deleted zip file that was stored in former counsel's Google Drive folder. On December 1, 2021, two days before the joint pretrial statement was due, successor counsel provided me with a link to a folder containing 16 PDFs.[2] Several of these PDFs are PDFs that Mr. Ndalamba appears to claim former counsel sent me on September 14, 2021 and purportedly contain source code from the place files Plaintiffs were required to produce to Ms. Sterling on or before September 7, 2021.[3] It should be noted here that the Court ordered Plaintiffs to produce the actual .rbxl files, not PDFs that Plaintiffs claim contain the content of those files. Ms. Sterling moved to compel the actual .rbxl files because she needed to inspect those files during discovery to confirm for herself their content and authenticity. So, even if I had the now-deleted zip file, I did not believe I was obligated to produce it based on my stated offer because Plaintiffs have the documents they claim were in that zip file. At the end of the day, Plaintiffs

---

[1] *See* https://www.komando.com/security-privacy/google-drive-malware-flaw/751102/ (last accessed on January 17, 2022).
[2] The parties were required to file a joint pretrial statement, including exhibit lists, on December 3, 2021. *See* (Doc. 95).
[3] Plaintiffs were ordered to produce the following place files on or before September 7, 2021: (1) the file called "ui.rbxl" that Mr. Gnass provided to Mr. Ndalamba as shown in "Starline Response 14897; (2) the file called "royalehigh_1_940838533.rbxl" that Mr. Gnass provided to Mr. Ndalamba as shown in "Starline Response 14897; and (3) the Royale High place file that Mr. Ndalamba provided to Mr. Trice on June 19, 2019 (see "Starline Response 14888"). (Doc. 57-1).

and successor counsel received from me all of the documents Plaintiffs did not have due to the ransomware attack and that they needed to comply with pre-trial obligations and/or to prepare for trial.

With respect to the emails I offered to produce, I filed many of the relevant emails between former counsel and myself on the public docket at (Doc. 88-1, pp. 7, 9, 11, 13, 15, 17-18, 20, 22-68, 70, 72-80, 82-83, 85, 87, 89-92, 94-110, 112-119, 121), and only refused to provide successor counsel a handful of emails former counsel sent me after September 7, 2021. My refusal to hand over the post-September 7, 2021 emails was based on a belief I felt was supported by the Court's orders at (Doc. 90) and (Doc. 97). I provide my thought process below to show that I did not think refusing to provide post-September 7, 2021 emails took an unfair or unprofessional advantage of the ransomware attack:

**Motion to Amend CMSO Order at (Doc. 90)** – In the CMSO Motion at (Doc. 83), Plaintiffs' successor counsel made it clear, at least to me, that it sought amendment to the CMSO in large part because they needed to "serve discovery to obtain a record of communications between Former Counsel and Sterling's counsel" (Doc. 83, p. 4).[4] According to the motion, without such discovery, there was "no way of gleaning what communications occurred between Former Counsel and the opposing parties or third-parties related to this matter." (Doc. 83, p. 9). Despite this stated

---

[4] This reason for modification of the CMSO was listed right before Plaintiffs' successor counsel saying "Therefore, and for the reasons discussed in detail *infra*, Plaintiffs and Gnass respectfully request that the Court extend the deadlines in the CMSO." (Doc. 83, pp. 4-5).

need for the communications between former counsel and myself, the Court denied the motion. (Doc. 90). I took this to mean that Plaintiffs and their successor counsel were not entitled to every email between former counsel and myself; just those emails that were lost in the ransomware attack **and** that Plaintiffs needed to comply with pre-trial obligations and to prepare for trial.

    **The Motion to Strike Order at (Doc. 97, p. 10)**: At (Doc. 84) in response to Ms. Sterling's motion to strike evidence concerning the place files Plaintiffs were required to produce on or before September 7, 2021, Plaintiffs argued that late disclosure of the place files (now apparently in the form of PDFs, not actual .rbxl files) and other documents subject to the motion to compel order would be ultimately harmless because Ms. Sterling would "have ample time to address the disclosed documents." (Doc. 84, p. 18). Despite this argument, the Court concluded that failure to produce the "royalehigh_1_940838533.rbxl" file in discovery was neither justified nor harmless. *See* (Doc. 97, p. 10). I took this to mean that failure to produce the file in discovery – no later than September 7, 2021 – was neither justified nor harmless regardless of whether the file (or a PDF copy of it) was provided after September 7, 2021 because any such production was out of time and in violation of a discovery court order, which put Ms. Sterling at a disadvantage. I assumed that if the issue of the production of the file after September 7, 2021 mattered to the Fed. R. Civ. P. 37(c) analysis, the Court would have allowed limited discovery on that issue, but it did not.

In sum, I believed I was justified in refusing to provide post-September 7, 2021 emails because regardless of what information these emails conveyed they were not going to change the fact that Plaintiffs failed to produce certain place files to Ms. Sterling on or before September 7, 2021, a discovery court order violation subject to consequences set forth in Fed. R. Civ. P. 37(b) and/or (c). I felt the Court agreed with this position based on the orders it issued at (Doc. 90) and (Doc. 97). Because I believed Plaintiffs did not need these emails to comply with pre-trial obligations or to prepare for trial (because they did not change the fact Plaintiffs failed to produce the place files on or before September 7, 2021), I did not believe I had to provide them to successor counsel based on my stated offer. In my mind, I was not attempting to take unfair and unprofessional advantage of the ransomware attack but attempting to protect Ms. Sterling from what I honestly thought at the time were unreasonable requests being made by successor counsel.

## CONCLUSION

WHEREFORE, Ms. Sterling and her counsel respectfully request that the Good Cause Order be discharged with no sanctions imposed.

**[SIGNATURE PAGE FOLLOWS]**

Page 7 of 8

DATED: January 17, 2022    Respectfully submitted

               Jomy Sterling AND
               Star Status Group
               By Their Attorney,
               /s/ Shaun P. Keough
               Shaun P. Keough (Trial Counsel)
               Florida Bar  # 1000985
               PARKER KEOUGH LLP
               3505 Lake Lynda Dr. Suite 200
               Orlando, FL 32817
               Tel.: (321) 262-1146
               Fax.: (617) 963-8315
               E-mail: skeough@parkerkeough.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court using the Court's CM/ECF System which will electronically serve a copy on January 17, 2022 on all counsel of record.

               BY: /s/ Shaun P. Keough
               Shaun P. Keough (Trial Counsel)
               Florida Bar  # 1000985