# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STARLINE MEDIA, INC. and DAVID
NDALAMBA,

       Plaintiffs,

v.                                                      Case No:   6:20-cv-1210-GAP-GJK

ELISHA TRICE and
JOMY STERLING

       Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Amend their Exhibit List (Doc. 154). In ruling on this motion, the Court also considered Defendant's Response in Opposition (Doc. 164).

This case is set for trial on April 4, 2022. On November 15, 2021, the Court issued an Amended Case Management and Scheduling Order directing the parties to submit a joint final pretrial statement, including exhibit lists, by December 3, 2021. *See* Doc. 95. The parties timely submitted the Pretrial Statement with their exhibit lists. *See* Doc. 98. Plaintiffs now move to amend their Exhibit List to include three computer files, one screenshot, and Plaintiff David Ndalamba's ("Ndalamba") Application for Supplemental Copyright Registration. Defendant

Elisha Trice ("Trice") opposes the motion in part with respect to the screenshot and Ndalamba's Application.

A motion for leave to amend after a deadline set out in the Court's scheduling order will only be granted upon a showing of "good cause" pursuant to Rule 16(b). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16(b)).

Plaintiffs advise that they provided the application and the screenshot to Defendant's counsel on February 8, 2022, and February 22, 2022, respectively. However, Plaintiffs do not explain why they failed to include this information on their exhibit list before the December 3rd deadline.[1] Plaintiffs argue that Sterling would not be prejudiced by this late disclosure. But Plaintiffs do not provide any explanation for their lateness or detail why they could not meet the deadline despite their diligence here. Therefore, Plaintiffs failed to demonstrate good cause and their request will be denied as to the screenshot and Ndalamba's Application. *See Arch Specialty Ins. Co. v. Balzebre*, No. 10-23775-Civ, 2013 WL 12065564, at *1–2

---

[1] With respect to the application, Plaintiffs briefly argue that the fact that Ndalamba waited until February 7 to file the application justifies their late disclosure. But they fail to explain why the application could not be submitted prior to the deadline.

(S.D. Fla. Jan. 9, 2013) (denying motion to amend exhibit list where moving party declined to explain why they omitted certain items from their exhibit list until five weeks after the submission deadline).

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion to Amend their Exhibit List (Doc. 154) is **GRANTED** in part with respect to the three computer files described in Plaintiffs' Motion. Doc. 154 at 3–4. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 8, 2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party