UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STARLINE MEDIA, INC.
and DAVID NDALAMBA,

        Plaintiffs,

Case No: 6:20-cv-1210-GAP-GJK

ELISHA TRICE and
JOMY STERLING,

        Defendants.

## RESPONSE IN OPPOSITION TO RENEWED MOTION TO ALLOW LIVE VIDEO TESTIMONY

JOMY STERLING d/b/a STAR STATUS GROUP ("Sterling") submits this Response in Opposition to Counterclaim Defendant, TYLER GNASS' ("Gnass") Renewed Motion to Allow Live Video Testimony. For the reasons outlined below, Gnass' Motion should be denied.

## MEMORANDUM OF LAW

### I. PRELIMINARY STATEMENT

Counterclaim Defendant Tyler Gnass petitions this Court to allow him to appear for trial via live video testimony rather than testify in person. Gnass cites his wife's illness and the COVID-19 pandemic as reasons to permit video testimony in spite of the immense importance of live, in-person testimony. *See*

Fed. R. Civ. P. 43. While the Counterclaim Plaintiffs are sympathetic to Mr. Gnass' wife's illness, precedent shows that the reasons provided are insufficient to allow video testimony, as set forth by Federal Rule of Civil Procedure 43. Thus, Mr. Gnass' Motion should be denied.

## II. ARGUMENT

The Federal Rules of Civil Procedure "prefer live, in-person testimony." *Arrastia-Cardoso v. United States*, No. 2:20-cv-517-FtM-38MRM, 2020 LEXIS 231150 (M.D. Fla. 2020). While the Rules allow for video testimony, the exception to the "live, in-person testimony" rule should only be invoked in "compelling circumstances and with appropriate safeguards" and "is the rare exception to the in-person rule." *Id.* Further, "[g]ood cause and compelling circumstances require the 'most persuasive showings.'" *Id.* (citing Fed. R. Civ. Pro. 43(a), Advisory Committee Note to 1996 Amendment); *see Ballesteros v. Wal-Mart Stores E., LP,* No.: 2:19-cv-881-SPC-NPM, 2021 LEXIS 129008 (M.D. Fla. 2021) (finding that allowing out of court testimony is a "permissive exception to the in-person rule" that is not "applied willy-nilly."); *see also Cunningham v. Cunningham,* No.: 3:16-cv-1349-J-34JBT, 2017 LEXIS 215266 (M.D. Fla. 2017) (finding that the "importance of live, in-person testimony is well-recognized.").

Here, the reasons provided do not rise to the level of "most persuasive" to defeat the importance of in-person testimony. *Arrastia-Cardoso*, at *2. Thus, Mr. Gnass' Motion must be denied.

### A. Lupus

While the Counterclaim Plaintiffs sympathetic to Mr. Gnass' wife's illness, that alone does not defeat the importance of in-person testimony. Given the claims against Mr. Gnass and the posture of this case, it will be most important that the jury be able to judge the credibility of the witnesses in person and not over video. *See Diamond Resorts Int'l, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019) (citing Fed. R. Civ. Pro. 43(a), Advisory Committee Note to 1996 Amendment) (noting that the "very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.").

In his Motion, Mr. Gnass first relies on a study for the assertion that "people with Lupus are at increased mortality risk from COVID-19." Doc. 163 at P. 4. However, the study cited is more specific than represented by Mr. Gnass. The first sentence of the website cited by Mr. Gnass states that "[p]eople with lupus who are hospitalized due to acute respiratory distress syndrome (ARDS) – a severe complication of COVID-19 – have twice the risk of poor outcomes, including death, compared to people without lupus, new research shows." *See Study Shows*

*Increased COVID-19 Mortality Risk for People with Lupus*, LUPUS FOUNDATION OF AMERICA, available at (https://www.lupus.org/news/study-shows-increased-covid19mortality-risk-for-people-with-lupus) (last checked Mar. 9, 2022). Contrary to Mr. Gnass' claims, it is not simply COVID-19 that may cause a higher mortality rate, but rather people that are hospitalized with ARDS that have twice the risk of "poor outcomes."

As to Mr. Gnass' concerns regarding COVID-19, the Middle District has previously explained the steps taken to fight the spread of COVID-19 in denying a petition to allow remote testimony. Specifically, the Court found that the "precautions begin with a temperature check at the front door for every person who walks into the building." *Arrastia-Cardoso*, at \*2 – \*3. Hand sanitizer is available "just about everywhere in the courthouse." *Id.* There are also plexiglass barriers to protect parties, witnesses, and Court personnel, which may be moved around the courtroom as needed. *Id.* Finally, gloves and disposable microphone covers are also part of a protection system that has "proven successful in hearings and trials conducted over the last several months." *Id.*

Thus, given the importance of in-person, live trial testimony, especially from the Counterclaim Defendant facing allegations of defamation and trade libel, and the sufficient precautions provided by the Middle District, Mr. Gnass has not

provided good cause that meets the "most persuasive" standard. *See Arrastia-Cardoso*, at *2 – *3. As such, his Motion must be denied.

### B. The Actions of Mr. Gnass's Wife

A brief review of Mr. Gnass' wife's social media shows behavior that is inconsistent with the relief requested in Mr. Gnass' Motion. Specifically, in Mr. Gnass's Declaration, he states that Mrs. Gnass' doctor advised her to "take all COVID-19 safety precautions and to avoid large gatherings." However, a brief review of Mrs. Gnass' Twitter account shows that, as of October 22, 2021, she had purchased tickets, and was excited to see, the band Coldplay at Soldier Field in Chicago, Illinois on May 28, 2022—over one month after trial is to commence in this case. Mr. Gnass' Motion provides no "good cause" as to why Mrs. Gnass, herself, can travel herself from Michigan to Illinois to attend a music concert in a stadium with a capacity of 61,500, but Mr. Gnass cannot travel to Florida to testify in person at his trial. As Mr. Gnass has not met his burden to provide good cause, his Motion must be denied.

### III. REQUESTED RELIEF

Based on the reasons set forth above, Defendants, JOMY STERLING and STAR STATUS GROUP requests that this Court deny Plaintiffs' Motion to Allow Video Testimony.

Dated: March 10, 2022

    Respectfully submitted,

    /s/ *Thomas H. Stanton*
    **Thomas H. Stanton, Esq.**
    tstanton@stantoniplaw.com
    Florida Bar No. 127444
    STANTON IP LAW FIRM, P.A.
    201 E. Kennedy Blvd., Suite 825
    Tampa, FL 33602
    PH: 813.421.3883
    *Attorney for Defendant/Counter Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, I caused a true copy of the foregoing to be served upon counsel for Plaintiff by email:

    By: /s/ Thomas H. Stanton
    Thomas Stanton, Esq.
    Stanton IP Law Firm, P.A.
    201 E. Kennedy Blvd. Suite 825
    Tampa, FL 33602
    tstanton@stantoniplaw.com
    813.421.3883
    Florida Bar Member – 127,444