VERSION 1

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

STARLINE MEDIA, INC. and DAVID
NDALAMBA,

            Plaintiffs,

v.

                                         Case No:   6:20-cv-1210-GAP-GJK

JOMY STERLING

            Defendant.

_____

### COURT'S PROPOSED INSTRUCTIONS TO THE JURY (VERSION 1)[1]

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in

deciding this case.

When I have finished, the lawyers will give their closing arguments. You

will then go to the jury room and begin your discussions, sometimes called

deliberations.

---

[1] The Court will discuss these instructions with the parties at a charge conference during
trial.

VERSION 1

### Instruction No. 1
### Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

VERSION 1

### Instruction No. 2
### Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.      Did the witness impress you as one who was telling the truth?

2.      Did the witness have any particular reason not to tell the truth?

3.      Did the witness have a personal interest in the outcome of the case?

4.      Did the witness seem to have a good memory?

5.      Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.      Did the witness appear to understand the questions clearly and answer them directly?

7.      Did the witness's testimony differ from other testimony or other evidence?

### Instruction No. 3
### Impeachment of Witnesses (Inconsistency)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

VERSION 1

### Instruction No. 4
### Burden of Proof

In this case it is the responsibility of Plaintiffs and Counterclaim Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' and Counterclaim Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs and/or Counterclaim Plaintiffs.

VERSION 1

## Instruction No. 5
## Explanation of the Case

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiffs David Ndalamba and Starline Media, Inc., claim that Defendant Jomy Sterling d/b/a Star Status Group infringed Plaintiffs' copyrights, tortiously interfered with Plaintiffs' non-disclosure agreement with Elisha Trice, and misappropriated Plaintiffs' trade secrets. Defendant denies those claims. In addition, Defendant has brought a counterclaim against Plaintiff David Ndalamba and Counterclaim Defendant Tyler Gnass, arguing that they are guilty of defamation and trade libel.

VERSION 1

### Instruction No. 6
### Burden of Proof

In this case it is the responsibility of the party bringing any claim to prove every essential part of the party's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, you should find for the Defendant or Counterclaim Defendants as to that claim.

VERSION 1

**Instruction No. 7**
**Burden of Proof — Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

VERSION 1

### Instruction No. 8
### Copyright—General

To establish infringement, Plaintiffs must prove two things:

First, you must find that Plaintiffs owned a valid copyright.

And second, you must find that Defendants copied the work's original

components.

### Instruction No. 9
### Copyright—Validity

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works – and it possesses at least a minimal degree of creativity.

For original works created after 1977, the work is automatically copyrighted at the moment of creation – even if the work is never registered with the United States Copyright Office. But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate. Specifically, the copyright registration creates a rebuttable presumption of validity. This means that the presumption shifts Plaintiffs' burden of proving validity to Defendant to prove that the claimed copyright is invalid.

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

- a portion of the work that isn't original to the author;

VERSION 1

- a portion of the work that's in the public domain; and

- an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work.

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

If you find that Plaintiffs are seeking copyright protection in:

- a portion of a work that isn't original to the author;

- a portion of the work that's in the public domain; or

- an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work, you should exclude that material from the protected matter Plaintiffs' copyright-infringement claim can be based on.

**Merger Doctrine**

Copyright law provides that an author can usually copy unprotected matter but not copy the manner another author selected for expressing a particular matter. But there's an exception to this prohibition if there's only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter. Defendants claim that this exception applies in this case.

This exception is called the "merger doctrine" because when there is only one way of expressing unprotected matter, the expression is said to have "merged" with

VERSION 1

the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or events. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited range of words. The merger doctrine can also apply to non-literal elements of a literary work, such as when it's necessary to recount factual events in the same order as another work to present historical facts accurately and intelligibly.

VERSION 1

## Instruction No. 10
## Copyright—Ownership

Now that I've explained validity, we'll move to the issue of ownership.

Plaintiffs must prove ownership of a copyright in the Royale High code by a preponderance of the evidence. Plaintiffs can prove ownership by evidence showing that Plaintiffs:

- are authors (or creators) of the work and didn't transfer to another the exclusive rights being asserted, or

- acquired legal ownership by transfer of the copyright in the exclusive right[s] Defendants allegedly infringed.

Plaintiffs claim ownership of the Royale High code as authors of the work – the creator of the original expression in a work that is entitled to copyright protection.

### Instruction No. 11
### Copyright — Infringement

If you're persuaded that Plaintiffs own a valid copyright, you can consider whether Defendant improperly copied Plaintiffs' copyrighted material. It is Plaintiffs' burden to show that Defendants infringed on Plaintiffs' valid copyright.

In this case, Plaintiffs claim that Defendant infringed Plaintiffs' copyright in the Royale High code by copying parts of it and including the copied material in Defendant's work, Crown Academy.

There are two ways in which Plaintiffs can prove a claim of copyright infringement.

First, Plaintiffs can show direct evidence that Defendant actually copied the copyrighted material. For example, Plaintiffs could introduce believable eyewitness testimony or an admission by Defendant.

Or second, Plaintiffs can show indirect or circumstantial evidence that Defendant copied Plaintiffs' work. In general, the two elements of indirect infringement are (1) access and (2) substantial similarity.

Plaintiffs can show that Defendant had "access" to Plaintiffs work by showing that Defendant had a reasonable opportunity to see the work. It isn't necessary to show that Defendant actually saw Plaintiffs' work before creating Defendant's own work if the evidence reasonably establishes that Defendant could

VERSION 1

have seen it and could have copied it.

But you can't base a finding that Defendant had access to Plaintiffs' work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

If Plaintiffs can't show that Defendant had access to Plaintiffs' work before Defendant created an alleged copy, Plaintiffs can still establish a rebuttable presumption of copying by showing that the material Defendants allegedly copied is so strikingly similar to Plaintiffs copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if Plaintiffs' work and Defendant's work are so strikingly similar that a reasonable person would assume Defendants copied from Plaintiffs' work and that there is no possibility of independent creation, coincidence, or prior common source, then Plaintiffs are entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar."

An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially

similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless Defendants proves that it didn't happen.

If Plaintiffs shows (1) that Defendants had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to Defendant to prove that her work is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

VERSION 1

### Instruction No. 12
### Copyright — Infringement — Software

For a claim of copyright infringement for software, you must apply the same elements as in any other copyright-infringement claim, which include proof of access to the copyrighted work and substantial similarity. But even if you find that Defendant's software is substantially similar to Plaintiffs' software, not all similarity supports a claim of infringement. And even if Defendant's software is literally (or even nonliterally) similar to Plaintiffs' software, that isn't necessarily enough to establish copyright infringement. You must determine whether there is "substantial similarity" between Defendant's allegedly infringing program and the original elements of Plaintiffs' software that the law protects.

To do that, you'll need to filter Plaintiffs' copyrighted computer program to decide what part of Plaintiffs' copyrighted software program is protected by the law and what part is not protectable.

You'll need to break down the allegedly infringed program – Plaintiffs' copyrighted work – into its structural parts so you can consider the individual elements of Plaintiffs' copyrighted work. Then you'll need to determine which of the elements that Plaintiffs claim have been infringed are protected by the law. The law doesn't protect the following elements, and you should filter these out:

1. elements that are only an idea;

2. elements required based only on logic and efficiency;

3. elements required because of hardware or software, computer-industry programming, and practices or elements taken from the public domain; or

4. other elements of the program component under consideration that the law doesn't protect.

Once you've applied this filter to eliminate items from consideration that aren't legally protectable, you're entitled to include in your consideration for copyright infringement both those items in Defendant's software (if any) that are literally similar as well as those elements that aren't literally an exact copy of the copyrighted work.

But even if you find that Defendants intentionally included literal and nonliteral copies of Plaintiffs' copyrighted software, that similarity must relate to Plaintiffs' copyrighted software or components of software that are legally protectable.

In alleged copyright infringement for software, some parts of the software are required because of external factors. These external factors include:

1. the need for the computer program to perform certain functions in a specific computing environment;

2. the mechanical specifications of the computer on which a program is intended to run; and

3. compatibility requirements of other programs that the program is designed to perform in conjunction with.

So if you find that Defendants have copied a portion of Plaintiffs' software, but that Defendants used those elements because of external factors such as

compatibility, the external considerations may mean there's no infringement.

VERSION 1

**Instruction No. 13**
**Copyright—Defense—Independent Creation**

As a defense, Defendant asserts that she created her work independently – without copying Plaintiffs' copyrighted work.

If you find by a preponderance of the evidence that Defendant created her work independently, you should find in Defendant's favor.

VERSION 1

### Instruction No. 14
### Copyright—Damages

If you find that Plaintiffs have failed to prove their copyright-infringement claim or that Defendant has proven her affirmative defense by a preponderance of the evidence, you won't consider the question of damages. If you find that Plaintiffs have proven by a preponderance of evidence that Defendant has infringed Plaintiffs' copyright, and Defendant has not proven a defense, then you must determine whether Plaintiffs have proven damages.

VERSION 1

**Instruction No. 15**
**Copyright — Actual Damages**

Plaintiffs are entitled to recover any actual damages suffered because of the infringement found. "Actual damages" means the amount of money adequate to compensate Plaintiffs for any losses caused by the infringement. In this case, Plaintiffs claim their actual damages are measured by:

1. a reasonable license fee that Defendants should have paid for the use found to be an infringement;

2. the profits Plaintiffs should have received for sales lost because of the infringement; or

3. other measure specific to the case.

Plaintiffs have the burden of first proving to a reasonable probability a causal connection between Defendants' alleged act(s) of infringement and any loss claimed. If Plaintiffs do so, Defendants must show that the claimed loss would have occurred even if there had been no infringement by Defendant.

### Instruction No. 16
### Copyright—Disgorgement

In addition to actual damages, Plaintiffs are also entitled to Defendant's profits that are attributable to the infringement you found, but only to the extent they are not already taken into account in calculating Plaintiffs' actual damages. An award of Defendant's profits may not include any amounts that were accounted for in calculating Plaintiffs' actual damages to avoid double recovery.

In calculating Defendant's profits, you should determine the gross revenues received by Defendant that were attributable to the infringement you found, and then subtract the deductible expenses incurred by Defendant, any portions of the gross revenues attributable to factors other than infringement, and any amount already taken into account in calculating actual damages. Plaintiffs have the burden of proving, by a preponderance of the evidence, Defendant's gross revenue attributable to the infringement you found, and a causal relationship between the infringement and Defendant's profits. Defendant has the burden of proving, by a preponderance of the evidence, any deductible expenses incurred and any portions of the revenue that are attributable to factors other than infringement.

VERSION 1

### Instruction No. 17
### Trade Secret Misappropriation

Plaintiffs claim that they had a trade secret and that Defendant misappropriated that trade secret.

To prove that Plaintiffs had a trade secret, Plaintiffs must prove that:

1. Plaintiffs had Royale High code that:

    a. derived actual or potential independent economic value from not being generally known to other persons who could obtain value from its disclosure or use; and

    b. was not readily ascertainable by proper means by other persons.

2. Plaintiffs took reasonable steps, under the circumstances, to maintain the secrecy of the Royale High code.

If you find that Plaintiffs proved that they had a trade secret, then Plaintiffs must further establish that the trade secret was misappropriated by proving that:

    a. *Acquisition Theory, § 688.002(2)(a):* Defendant acquired Plaintiffs' trade secret and Defendant knew or had reason to know the trade secret was acquired through improper means, such as theft, breach of a duty to maintain secrecy, inducing a breach of duty to maintain secrecy, or espionage through electronic or other means.

    b. *Disclosure Theory, § 688.002(2)(b)(1):* Defendant disclosed or used Plaintiffs' trade secret without Plaintiffs' express or implied consent and

- 25 -

Defendant used improper means to acquire knowledge of the trade secret, such as theft, breach of a duty to maintain secrecy, inducing a breach of duty to maintain secrecy, or espionage through electronic or other means.

c. *Disclosure Theory, § 688.002(2)(b)(2)(a)):* Defendant disclosed or used Plaintiffs' trade secret without Plaintiffs' express or implied consent at a time when Defendant knew or had reason to know that Defendant's knowledge of Plaintiffs' trade secret came from or through a person who had used improper means to acquire that trade secret, such as theft, breach of a duty to maintain secrecy, inducing a breach of duty to maintain secrecy, or espionage through electronic or other means.

d. *Disclosure Theory, § 688.002(2)(b)(2)(b)):* Defendant disclosed or used Plaintiffs' trade secret without Plaintiffs' express or implied consent at a time when Defendant knew or had reason to know that Defendant acquired the trade secret under circumstances where Defendant had a duty to maintain its secrecy or limit its use.

e. *Disclosure Theory, § 688.002(2)(b)(2)(c)):* Defendant disclosed or used Plaintiffs' trade secret without Plaintiffs' express or implied consent at a time when Defendant knew or had reason to know that Defendant's knowledge of Plaintiffs' trade secret was acquired from or

through a person who owed a duty to Plaintiffs to maintain its secrecy or limit its use.

f. *Accident or Mistake Theory, § 688.002(2)(b)(3)):* Defendant disclosed or used Plaintiffs' trade secret without Plaintiffs' express or implied consent, and before a material change in Defendant's position, Defendant knew or had reason to know that the information was a trade secret and that knowledge of the trade secret had been acquired by accident or mistake.

VERSION 1

### Instruction No. 18
### Trade Secret — Damages

If Plaintiffs has not proved their claim for misappropriation of trade secrets, your verdict must be for Defendant on this claim, and you do not consider damages.

If Plaintiffs have proven their claim for misappropriation of trade secrets, you must decide the issue of damages.

To the extent that it is not duplicative (that is, double counting), you may award either:

(1) the amount

(i) of Plaintiffs' actual damages suffered as a result of Defendant's misappropriation of the Royale High code; and (ii) Defendant's unjust enrichment that is a result of Defendant's misappropriation of the Royale High code, even if that amount is more than the actual damages suffered by Plaintiffs;

OR

(2) the amount of a reasonable royalty for Defendant's unauthorized disclosure or use of the Royale High code.

If you choose to award Plaintiffs damages, you must choose to award damages based on either (1) actual damages plus unjust enrichment or (2) a reasonable royalty.

## Exemplary Damages

If you find that Defendant have engaged in willful and malicious misappropriation of Plaintiff's trade secret information, you may award "exemplary" damages, that is, damages meant to make an example of Defendant. Exemplary damages may be awarded in an amount not more than two (2) times the amount awarded for compensatory damages (i.e. the amount awarded for either actual damages plus unjust enrichment or for a reasonable royalty).

VERSION 1

### Instruction No. 19
### Tortious Interference

You must also determine whether Defendant intentionally interfered with a contract between Plaintiffs and Elisha Trice; and, if so, whether such interference was a legal cause of loss or damage to Plaintiffs.

A person interferes with a contract between two other persons if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.

Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.

If you find for Defendant, you will not consider the matter of damages. But, if you find for Plaintiffs, you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiffs for the loss and damage that was caused by the intentional interference.

### Instruction No. 20
### Tortious Interference — Punitive Damages

Plaintiffs claim that punitive damages should be awarded against Defendant for her tortious interference. Punitive damages are warranted against Defendant if you find by clear and convincing evidence that Defendant was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss or damage to Plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against Defendant. If clear and convincing evidence does not show such conduct by Defendant, punitive damages are not warranted against Defendant.

"Intentional misconduct" means that Defendant had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiffs and, despite that knowledge, she intentionally pursued that course of conduct, resulting in loss or damage.

"Gross negligence" means that Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

If you decide that punitive damages are warranted against Defendant then you must decide the amount of punitive damages, if any, to be assessed as punishment against Defendant and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should decide any disputed factual issues by the greater weight

VERSION 1

of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

In determining the amount of punitive damages, if any, to be assessed, you should consider the following:

(1).   the nature, extent and degree of misconduct and the related circumstances, including the following:

    (A).   whether the wrongful conduct was motivated solely by unreasonable financial gain;

    (B).   whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant;

    (C).   whether, at the time of loss or damage, Defendant had a specific intent to harm Plaintiffs and the conduct of Defendant did in fact harm Plaintiffs, and

(2).   the financial resources of Defendant.

However, you may not award an amount that would financially destroy Defendant. You may in your discretion decline to assess punitive damages.

VERSION 1

### Instruction No. 21
### Election of Foreperson
### Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and tell the marshal you have a verdict. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.