## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA and STARLINEMEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br><br> JOMY STERLING d/b/a STAR STATUS GROUP, <br><br> Defendants | Case No. 6:20-cv-1210-GAP-GJK |

### DEFENDANTS' JOMY STERLING D/B/A STAR STATUS GROUP RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

COMES NOW, the Defendant, JOMY STERLING d/b/a STAR STATUS GROUP (collectively referred to as "Defendants" hereinafter), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 50(a), hereby files this, their Motion for Judgment as a Matter of Law, and states as follows.

1

## INTRODUCTION

Plaintiffs initiated this action against Defendant's alleging claims for copyright infringement, violation of trade secrets, and tortious interference with a non-disclosure agreement. The Plaintiffs claim that (1) use of Royale High code in development of the Crown Academy game infringed on a copyright owned by Mr. Ndalamba; (2) use of Royale High code in the development of Crown Academy is a violation of a trade secret; and (3) Ms. Sterling tortiously interfered with a non-disclosure agreement between the Plaintiffs and Eli Trice. The Plaintiffs' have failed to provide sufficient evidence to support these claims and, as such, judgment must be granted in Ms. Sterling's favor.

## EVIDENCE PRESENTED DURING PLAINTIFFS' CASE IN CHIEF

1. During his testimony, Mr. Ndalamba testified that Plaintiffs' Exhibit 8 contained a copyright registration for "the code that exists in the Royale High game." April 4, 2022 Transcript, 36: 14 – 15.

2. Mr. Ndalamba presented and testified that he owned three valid copyright registrations—one for cloud formations, one for nodeJS, and one entitled Royale High. *See* Exhibit 8.

3. Although Mr. Ndalamba testified that he is just claiming a copyright for the code he drafted, the Plaintiff did not present any testimony or evidence, as in

the deposit copy of the code, that demonstrates what portions of the code were drafted by him and covered by the copyright.

4. For example, Mr. Ndalamba testified that he recognized a portion of code in Plaintiffs' Exhibit 87(a) because he wrote it. April 4, 2022 Transcript, 45:24 – 46:14 – 15.

5. However, Mr. Ndalamba could not distinguish between what portions of the code were copyright and which portions were trade secrets. April 4, 2022 Transcript, 118:25 – 119:9.

6. Further, using the code in Exhibit 87(a), Mr. Ndalamba explained that he recognized his code by the naming convention. April 4, 2022 Transcript, 64:10 – 23.

7. However, he also testified that the name of the file provides no benefit as it can be called anything. *Id.*

8. However, despite testifying that he submitted a deposit copy for his copyright registration, he never offered testimony or evidence that any of that code was covered by his copyright. April 4, 2022 Transcript, 118:25 – 119:9.

9. Additionally, Mr. Ndalamba presented two images of ruffled skirts from Royale High and Crown Academy. April 4, 2022 Transcript, 71:19 – 20.

10. However, Mr. Ndalamba testified that he did not create the ruffled skirt in Royale High, thus the exhibit does not offer any evidence to prove his claims. April 4, 2022 Transcript, 101:24 – 102:1.

11. Mr. Ndalamba also showed images of a shop design with code that he claimed was from Royale High. April 4, 2022 Transcript, 52:23 – 53:3.

12. However, Mr. Ndalamba he did not create the visual aspects of the shop. April 4, 2022 Transcript, 98:11 – 16.

13. Mr. Ndalamba also admitted to live streaming the code on Twitch in October 2019 and admitted the videos remain viewable on the internet to this day. April 4, 2022 Transcript, 94:19 – 20.

14. To prove their tortious interference claim, Mr. Ndalamba testified that the basis for this claim was that he received a place file from Mr. Gnass that was passed by Mr. Trice to Ms. Sterling. April 4, 2022 Transcript, 99:5 – 17.

15. Mr. Ndalamba testified he had no other knowledge of how the file was received except from Mr. Gnass' testimony. 100:18 – 24.

16. However, Mr. Gnass testified that Ms. Sterling had no knowledge of the transfer of files. Mr. Gnass testified that Ms. Sterling never asked him or Mr. Trice to obtain a Royale High place file. April 4, 2022 Transcript, 126:19 – 20.

17. However, Mr. Gnass, the lead coder for Crown Academy at the time, testified that he had no reason to believe that Jomy received a Royale High place file from Mr. Trice. April 4, 2022 Transcript, 121:23 – 122:6.

18. The only evidence offered that Ms. Sterling had knowledge was the sending of the Royale High file to Mr. Gnass on December 14, 2019. Even taken in the best light, Ms. Sterling could not have willfully and intentionally interfered with a non-disclosure agreement she did not know about.

## ARGUMENT

### I.   STANDARD OF REVIEW

Under Rule 50(a) of the Federal Rules of Civil Procedure, a Court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. Pro. 50(a). The standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). However, in doing so, the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence. *Id.* (citing *Lytle v. Household Mfg.*,

*Inc.*, 494 U.S. 545, 554-555 (1990). Rule 50(a) allows the court to take away from the jury's consideration cases or issues when the facts are sufficiently clear that the law requires a particular result. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F. 3d 802, 805 (11th Cir. 1999). "A Motion for directed verdict will be granted only if, viewing the evidence in its entirety and drawing all reasonable inferences in favor of the nonmoving party, no reasonable jury could reach a contrary verdict." *Smith v. United States*, 894 F.2d 1549, 1552 (11th Cir. 1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court in Anderson further acknowledged that "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 243. If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding in his favor, summary judgment may be granted. *Id.* at 254-55.

## II. PLAINTIFFS HAVE FAILED TO PROVE COPYRIGHT INFRINGEMENT

### A. Plaintiffs Failed to Prove Code Covered by the Copyright Registration

At trial, the Plaintiff has the burden of proving ownership of a valid copyright. *Bateman v. Mnemonics, Inc.*, 79 F. 3d 1532, 1541 (11th Cir. 1996). To satisfy this first element, a plaintiff must prove the work is original and that the statutory

6

formalities were followed. *Id.* While a copy of the certificate of registration is usually prima facie evidence of ownership, this process is complicated when computer code is the subject as numerous elements of computer code are not protectable under copyright law. *See Computer Assocs. Int'l v. Altai*, 982 F. 2d 693, 703 (2nd Cir. 1992) (quoting the House Report of 17 U.S.C. Section 102(b) that it "is intended to make clear that the expression adopted by the programmer is the copyrightable element in a computer program, and that the actual processes or methods embodied in the program are not with the scope of copyright law."). Because of this, it is unclear what the Plaintiff alleges is covered under his Registration. *See InDyne, Inc. v. Abacus Tech. Corp.*, 876 F. Supp. 2d, 1278, 1284 (Fla. M.D. 2012) (finding that "'the mere fact that a work is copyrighted does not mean that every element of the work may be protected' because not all copying is actionable." *Citing MiTek Holding, Inc. v. ARCE Eng'g Co.*, 89 F. 3d 1548, 1553 – 54 (11th Cir. 1996)).

Importantly, Ms. Sterling is not challenging the validity of the Registration at this stage. Instead, she is challenging what is covered under a valid copyright registration. *See Ferdman v. CBS Interactive, Inc.*, 342 F. Supp, 3d 515, 527 (S.D. NY 2018) (finding Plaintiff's argument of a valid registration "not relevant, because Defendant is not challenging the validity of the copyright registration. Defendant is instead disputing whether the photographs that are the subject of this lawsuit are actually included in the registration."). Thus, it is still the Plaintiffs' burden to prove

7

what is covered under the copyright. *See InDyne*, 876 F. Supp 2d at 1560 ("Moreover, before its conclusion, the Eleventh Circuit reiterated that '[t]he burden is on the copyright owner to demonstrate the significance of the copied features.'"); *see also Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 143 n.26 (5th Cir. 2004) (noting, without reaching the issue of who carries the burden of proof, that the Eleventh Circuit in *MiTek* held that the plaintiff carries the burden when applying the *Altai* test); *Liberty Am. Ins. Grp., Inc. v. Westpoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1290 (M.D. Fla. 2001) (noting that plaintiff failed to provide any case law supporting the contention that filtration analysis was bore by the defendant as an affirmative defense when plaintiff is seeking an injunction); Scott, Scott on Information Technology Law § 2.51[B][5] ("The burden is on the plaintiff to provide a complete *Altai* analysis."); *MiTek*, 89 F. 3d at 1553 – 54 (11th Cir. 1996) (clearly stating that "the ultimate burden is on the copyright holder to prove infringement.")

Here, the Plaintiffs have failed to offer any evidence of what is covered by the copyright registration. They rely on Plaintiffs Exhibits 2, 3, 4, 10, 12, 13, 14, 16, 19, 20, 41, and 87(a) as evidence of Royale High code that was authored by Mr. Ndalamba. However, there is no evidence or testimony that shows these images or lines of code were covered by Mr. Ndlamba's copyright. *Supra* Para. 2 – 17. Therefore, Ms. Sterling must prevail on the Plaintiffs' copyright claim.

## B. The Jury Cannot Perform the *Altai* Three-Prong Test

Here, the Plaintiff has not provided evidence that would allow the jury to perform the *Altai* Test. The *Altai* test requires the jury to perform three steps: abstraction, filtration, and comparison. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 706-07 (2d Cir. 1992). However, the Plaintiff has not provided sufficient evidence to allow the jury to perform the requisite test. During abstraction, the code is separated into protectable expression and unprotected ideas. *See InDyne*, 876 F. Supp 2d at 1560. Then, filtration requires the separation of protectable and non-protectable material. *Id.* Finally, the codes would be compared for a "core protectable expression." *Id.* The Plaintiff has not provided evidence to allow a jury to complete this test, which is especially important when Mr. Ndalamba did not author the entire game and many elements are standard code that have to be used to allow the game to work on the Roblox platform.

Instead, the Plaintiff relies on oral testimony from Mr. Ndalamba to prove code is covered by the Registration. However, at no point did Mr. Ndalamba testify that any of the code was covered by his registration. That evidence is not sufficient to allow the jury to perform the abstraction-filtration-comparison test. This case is very similar to *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 1996 U.S. Dist. LEXIS 16631 (Fla. S. D. 1996). In that case, the Plaintiff offered primarily oral testimony to prove the chain of title for the right to broadcast a copyrighted film.

Just like in this case, the testimony was unclear to explain exactly why he was entitled to relief and the witnesses' testimony was vague, confusing, and imprecise. *Id.* at 15. Thus, given the lack of evidence in the record outside of the witness' testimony, the Court found in favor of the defendant. *Id.* at 16. Given the similarities between the cases, this Court should grant Ms. Sterling's Motion for Directed Verdict as to the copyright infringement claims.

### III. PLAINTIFFS HAVE FAILED TO PROVE MISAPPROPRIATION OF TRADE SECRET

The Plaintiff bears the burden of demonstrating that it has a protectable trade secret. *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). When bringing a trade secret claim, "the plaintiff bears the burden of demonstrating both the specific information it seeks to protect is secret and that it has take reasonable steps to protect this secrecy." *Id.* Here, there is a complete lack of testimony as to what the trade secret is in this case, other than a general reference to computer code.

Additionally, the evidence shows Mr. Ndalamba did not protect his alleged trade secret. For example, Mr. Ndalamba sent code to Mr. Trice prior to him executing a non-disclosure agreement. This would not be covered by the non-disclosure agreement. Mr. Ndalamba also live streamed his code for the world to see—and the videos remain on the internet to this day. *Supra* Para.13. The failure to

protect the alleged trade secret is fatal to the Plaintiffs' case. *See* Fla. Stat. § 688.002(4).

As it relates to the Plaintiffs' trade secret claims, the Copyright Office has specific procedures to protect trade secrets in computer programs for which registrations are sought. *See* 37 C.F.R. § 202.20(c)(2)(vii). Such procedures provide for redactions, inter alia, in order to protect trade secret material. *Id.* Failure to abide by such procedures-by, for instance, depositing copies without redaction-renders the deposited material publicly accessible and vitiates a trade secret claim. *See*, e.g., *KEMA, Inc. v. Koperwhats*, 658 F. Supp. 2d 1022, 1031 (N.D. Cal. 2009) (concluding that deposit of unredacted source code with the Copyright Office defeated a trade secret claim based on such material); see also *Synopsys, Inc. v. ATopTech, Inc.*, No. C 13-cv-2965 (SC), 2013 U.S. Dist. LEXIS 153089, 2013 WL 5770542, at *7 (N.D. Cal. Oct. 24, 2013) (noting that placing a copy of a work on deposit with the Copyright Office can render such work accessible to the public, thereby vitiating a trade secret claim). Therefore, the Plaintiffs' claim of misappropriation of trade secret must fail.

### IV. PLAINTIFFS HAVE FAILED TO PROVE TORTIOUS INTERFERENCE

Under Florida law, the tort of contractual interference occurs when the defendant (1) has knowledge of (2) an enforceable contract between the plaintiff and a third party and (3) intentionally and (4) unjustifiably interferes with the plaintiff's

11

rights under that contract, (5) thereby causing the plaintiff injury. *Advantor Sys. Copr. V. DRS Tech. Services*, 678 Fed. Appx. 839, 847 (11th Cir. 2017).

As Mr. Ndalamba testified, the only web-server backend file that he gave to Mr. Trice, that allegedly went to Ms. Sterling on October 3, 2019, Mr. Gnass testified that Ms. Sterling did not know about the non-disclosure agreement until December 14, 2019. Therefore, knowledge would not have been possible. *Supra* Para 16 – 17. Any documents provided before signing the non-disclosure agreement were expressly carved out of the agreement. Additionally, the Plaintiffs provided no evidence that Ms. Sterling intentionally interfered with Mr. Trice's non-disclosure agreement.

Finally, as it relates to damages, Mr. Ndalamba testified that the released version of Crown Academy he analyzed has no Royale High code in it. Therefore, discouragement of profits would not apply since any alleged infringement occurred before any release of Crown Academy. As such, the Plaintiffs' claims must fail.

**WHEREFORE**, Ms. Sterling requests this Court enter judgment in her favor as the Plaintiffs' have failed to provide sufficient evidence that a jury could find in their favor.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on April 6, 2022, a copy will be electronically filed the foregoing with the Clerk of the Court using CM/ECF.

*/s/ Thomas H. Stanton*

Thomas H. Stanton

Florida Bar No. 127444

Stanton IP Law Firm, P.A.

201 E. Kennedy Blvd. Suite 1900

Tampa, FL 33602

813.421.3883

tstanton@stantoniplaw.com

*Counsel for Defendants*
