**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| DAVID NDALAMBA and STARLINE MEDIA, INC., | |
| Plaintiffs, | |
| v. | |
| ELISHA TRICE, and JOMY STERLING d/b/a STAR STATUS GROUP, | C.A. No. 6:20-cv-1210-GAP-GJK |
| Defendants. | |
| JOMY STERLING d/b/a STAR STATUS GROUP, | |
| Counterclaimant, | |
| v. | |
| DAVID NDALAMBA and TYLER GNASS, | |
| Counterclaim Defendants. | |

## PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY AGAINST DEFENDANT ELISHA TRICE

Plaintiffs STARLINE MEDIA, INC. ("Starline") and DAVID NDALAMBA ("Ndalamba") (collectively, "Plaintiffs"), by and through their undersigned counsel and pursuant to Florida Rule of Civil Procedure 55(b) and Local Rule 1.10, hereby file this Renewed Motion for Default Judgment as to Liability Against Defendant ELISHA TRICE ("Trice"), and state as follows:

## PRELIMINARY STATEMENT

1.      On July 8, 2020, Plaintiffs filed their complaint, alleging causes of action against Trice for copyright infringement; breach of the non-disclosure agreement; and misappropriation of trade secrets in violation of Florida's Uniform Trade Secrets Act ("FUTSA") arising from Trice's acquisition, disclosure, and use of Plaintiffs' software code.  *See* Doc. 1 (the "Complaint").

2.      On July 16, 2020, Plaintiffs served Trice via personal service. *See* Doc. 37.

3.      On August 31, 2020, Plaintiffs filed their amended complaint, alleging the following causes of action against Trice: Count I – Copyright Infringement; Count II – Breach of the Non-Disclosure Agreement; and Count IV – Misappropriation of Trade Secrets in Violation of FUTSA arising from Trice's acquisition, disclosure, and use of Plaintiffs' software code. *See* Doc. 24 (the "Amended Complaint").

4.      To date, Trice has not appeared or defended in this action.

5.      On November 16, 2020, Plaintiffs filed their Motion for Clerk's Default Against Trice. Doc. 38.

6.      On November 16, 2020, the clerk entered default against Trice. Doc. 42.

7.      On October 22, 2021, Plaintiffs filed their Motion for Default Judgment as to Liability Against Defendant Elisha Trice. Doc. 85.

8.     On November 5, 2021, the Court entered an order denying this motion on the basis that a default judgment entered against Trice could result in inconsistent judgments if Defendant JOMY STERLING ("Sterling") prevailed at trial on a defense that would preclude Plaintiffs from receiving relief from Trice. Doc. 91 at pp. 4-5.

9.     From April 4, 2022 through April 6, 2022, the Court held a jury trial on Plaintiffs' claims against Sterling. *See* Docs. 189, 190, 196. The jury returned its verdict on April 6, 2022. Doc. 200.

10.    The verdict found that Sterling did not copy Plaintiff's copyright (Sec. I., 2.), found that Sterling did not tortiously interfere with Defendant Trice's contract with Plaintiffs (Sec. II., 1) and that Sterling did not misappropriate Royale High code (Sec. III., 5).  Significantly, the jury found that Plaintiffs did own and protect their trade secrets in the Royale High code (Sec. III., 1-4).  Sterling did not contest Plaintiffs' copyright rights in the code that Ndalamba wrote and the question of the existence of the copyright was not submitted to the jury.

11.    Nothing in the jury's verdict is inconsistent with the entry of judgment against Defendant Trice.

12.    Pursuant to Federal Rule of Civil Procedure 55(b)(1), and for the reasons discussed *infra*, Plaintiffs are entitled to the entry of default judgment as to liability against Trice.

## MEMORANDUM OF LAW

By default, a defendant admits the well-pled allegations of the complaint for liability purposes. *Buchman v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the court must assume that the well-pled allegations of the complaint are true when determining whether the plaintiff adequately stated a claim for which relief may be granted. *See FTC v. Mobe Ltd.*, 6:18-cv-862-Orl-37DCI, Doc. 259, 2020 U.S. Dist. LEXIS 65335, at *5 (M.D. Fla. Mar. 26, 2020) (citation omitted).

Here, default has been entered against Trice and the well-pled allegations of the Complaint, which the Court must accept as true, establish this Court's jurisdiction over the claims and Trice, and establish that Plaintiffs have adequately pled their causes of action against Trice.

### I.    Jurisdiction

The well-pled allegations in the Amended Complaint establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. *See* Doc. 24 at ¶ 17. Further, the well-pled allegations in the Amended Complaint establish that this Court has personal jurisdiction over Trice. *See* Doc. 24 at ¶ 14.

### II.    Default

As discussed *supra*, Plaintiffs properly served Trice with the Complaint and Trice failed to respond to the Complaint. *See* Docs. 1; 37. Thus, Trice was in default and Plaintiffs were not required to serve Trice with the Amended Complaint, which did not assert any new causes of action against Trice. *See* Fed.

R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); *G.W. Palmer & Co. v. Fla. Fresh Produce Corp.*, 2018 U.S. Dist. LEXIS 224635, at \*5, 2018 WL 7374345 (M.D. Fla. Oct. 30, 2018) (finding that the plaintiff was entitled to clerk's default on the amended complaint after the defendants were served and failed to respond to the original complaint); *Poitevint v. Dynamic Recovery Servs.*, 2011 U.S. Dist. LEXIS 7943, at \*4, 2011 WL 201493 (M.D. Fla. Jan. 20, 2011) (granting motion for entry of clerk's default and stating that "[s]ince [the defendant] was in default when the amended complaint was filed, [the plaintiff] was not required to serve the amended complaint upon it since it does not assert new claims against [the defendant]"). In addition, Trice is neither a minor nor an incompetent person. *See* Doc. 62-8 at 1, 2.

Therefore, the clerk appropriately entered default against Trice. *See* Fed. R. Civ. P. 55(a); Docs. 37; 38; 42.

## III.   Liability

### a.   Count I – Copyright Infringement

In Count I, Plaintiffs allege a cause of action against Trice for copyright infringement. "To prevail on the claim for copyright infringement, Plaintiffs must plead facts establishing that they own a valid copyright and that Defendants copied constituent elements of the copyrighted work that are original." *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, Case No. 6:16-cv-656-Orl-40KRS, 2017 U.S. Dist. LEXIS 193402, at \*5 (M.D. Fla. Nov. 3, 2017), report and

recommendation adopted, 2017 U.S. Dist. LEXIS 192437, 2017 WL 5608939 (M.D. Fla. Nov. 21, 2017) (citation omitted).

Here, Plaintiffs adequately pled that they own a valid copyright. Specifically, Plaintiffs pled that they are the sole owners of original work and that the United States Copyright Office accepted Plaintiffs' applications for copyright registration. *See* Doc. 24 at ¶¶ 59, 60. Plaintiffs also attached a copy of their certificates of registration, which were made within five years after the first publication of Plaintiffs' work. *See* Doc. 24-15; 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). In addition, Plaintiffs adequately pled that Trice copied Plaintiffs' copyrighted material. *See* Doc. 24 at ¶¶ 7-10, 20-28, 61. Therefore, Plaintiffs have established their claim for copyright infringement against Trice through their well-pled allegations.

Further, there is no risk of inconsistent judgments. The jury did not find that Plaintiffs' copyright was invalid or that Trice did not copy Plaintiffs' copyrighted work. *See* Doc. 200. Nor did the jury find that Sterling had established any affirmative defenses to Plaintiffs' claim for copyright infringement. Therefore, default judgment against Trice for copyright infringement is not precluded by the jury's verdict.

Given the foregoing, Plaintiffs are entitled to default judgment as to liability against Trice on Count I.

b.  Count II – Breach of the Non-Disclosure Agreement

In Count II, Plaintiffs allege a cause of action against Trice for breach of Trice's non-disclosure agreement. In Florida, the "elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (applying Florida law). Here, Plaintiffs adequately pled that Trice entered into a valid non-disclosure agreement with Plaintiffs, that Trice materially breached that agreement by disclosing Plaintiffs' confidential material, and that Plaintiffs were damaged by Trice's breach of the non-disclosure agreement. *See, e.g.*, Doc. 24 at ¶¶ 5-10, 18-34, 40-43, 45, 70-72; *see also, e.g.*, Docs. 24-7; 24-12; 24-13. Specifically, the non-disclosure agreement between Plaintiffs and Trice (the "NDA") required Trice to maintain Plaintiffs' confidential information in the strictest of confidence and provided that any breach of the NDA would cause irreparable harm for which damages and equitable relief may be sought. *See* Doc. 24-13. Trice breached this agreement by sharing Plaintiffs' confidential software code with Sterling, amongst others, and by using Plaintiffs' confidential software code in the development of a competing game. *See, e.g.*, Doc. 24 at ¶¶ 7-9, 32, 40-42, 45, 70-72. Therefore, Plaintiffs have established their claim for breach of contract against Trice through their well-pled allegations.

Further, there is no risk of inconsistent judgments. The jury did not find that the NDA was invalid or that Plaintiffs' software code was not confidential. *See* Doc. 200. To the contrary, the jury found that Plaintiffs' software code was a trade

secret. *See* Doc. 200 at 3-4. Therefore, default judgment against Trice for breach of the NDA is not precluded by the jury's verdict.

Given the foregoing, Plaintiffs are entitled to default judgment as to liability against Trice on Count II.

      c.  <u>Count IV – Misappropriation of Trade Secrets in Violation of FUTSA</u>

In Count IV, Plaintiffs allege a cause of action against Trice for misappropriation of trade secrets in violation of FUTSA. "To prevail on a FUTSA claim, a plaintiff must demonstrate that (1) it possessed a 'trade secret' and (2) the secret was misappropriated." *Advantor Sys. Corp. v. DRS Tech. Servs.*, 678 Fed. Appx. 839, 853 (11th Cir. 2017) (citations omitted). "'Trade secret' means any information (including methods, techniques, or processes) that (a) derives independent economic value from not being generally known or readily ascertainable and (b) is the subject of reasonable efforts to maintain its secrecy." *Id.* (citations omitted). "Misappropriation" generally means that the secret was (1) acquired by someone who knows or has reason to know that the secret was improperly obtained or who used improper means to obtain it; or (2) disclosed or used the secret without consent and used improper means to acquire knowledge of the secret or knew or had reason to know that knowledge of the secret was derived through improper means or under circumstances giving rise to a duty to maintain secrecy. *See* Fla. Stat. § 688.002(2).

Here, the well-pled allegations of the Amended Complaint establish that Plaintiffs' software code derived independent economic value from not being generally known and that Plaintiffs used reasonable efforts to maintain the secrecy of their software code. *See, e.g.*, Doc. 24 at ¶¶ 2, 6, 18-23, 33-36, 82; *see also* Doc. 24-13. Indeed, the jury found that Plaintiffs' software code derived independent economic value from not being generally known and that Plaintiffs used reasonable efforts to maintain the secrecy of their software code. *See* Doc. 200 at 3.

In addition, the well-pled allegations establish that Trice used improper means to obtain Plaintiffs' software code. *See, e.g.*, Doc. 24 at ¶¶ 3-9, 18-19, 24-32, 38-44, 53. The well-pled allegations also establish that Trice owed a duty to Plaintiffs to maintain the secrecy of Plaintiffs' software code and that Trice acquired, disclosed, and used Plaintiffs' software code without authorization and in contravention of the NDA. *See id.* Therefore, Plaintiffs have established their claim for trade secret misappropriation against Trice through their well-pled allegations.

Further, there is no risk of inconsistent judgments. As previously stated, the jury found that Plaintiffs' software code was a trade secret. *See* Doc. 200 at 3. Significantly, the jury did not find that Trice had properly acquired, disclosed, or used Plaintiffs' software code or that Sterling had established any affirmative defenses that would be applicable to Trice. *See id.* at 3-4. Rather, the jury found only that Sterling, herself, did not misappropriate Plaintiffs' software code. This

finding is not inconsistent with a finding that Trice misappropriated Plaintiffs' software code through his illicit acquisition, disclosure, or use.

Given the foregoing, Plaintiffs are entitled to default judgment as to liability against Trice on Count IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting default judgment as to liability against Trice on Counts I, II, and IV, and provide Plaintiffs fourteen days from the date of the Court's order to seek damages related to Trice's liability and granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of April 2022.

*George Coe*

**George R. Coe, Esq.**
Florida Bar No. 298440
Primary: gcoe@losey.law
Secondary: docketing@losey.law
**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**LOSEY PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
(407) 346-6574
*Trial Counsel for Plaintiffs and Gnass*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2022, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

*George Coe*

**George R. Coe, Esq.**
Florida Bar No. 298440