UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID NDALAMBA, and STARLINE MEDIA, INC.<br>　　Plaintiffs,<br><br>v.<br><br>ELISHA TRICE, JOMY STERLING, d/b/a STAR STATUS GROUP<br><br>　　Defendants. | C.A. No. 6:20-CV-01210-GAP-GJK |
| JOMY STERLING d/b/a STAR STATUS GROUP<br>　　Counterclaim Plaintiffs,<br><br>v.<br><br>DAVID NDALAMBA and TYLER GNASS<br><br>　　Counterclaim Defendants. | |

### AMENDED JOMY STERLING D/B/A STAR STATUS GROUP'S MOTION FOR FEES AND COSTS

### (As to Transcripts Citations Only)

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 17 U.S.C. § 505, Jomy Sterling d/b/a Star Status Group (collectively, the "**Ms. Sterling**") hereby respectfully requests leave to file a supplemental motion for fees and costs pursuant to Local Rule 7.01(c) on Count I (Copyright Infringement); Count II (misappropriation of

Trade Secrets); and Count III (Tortious Interference) of Plaintiffs' Amended Complaint at (Doc. 24). Ms. Sterling estimates her attorneys' fees and costs to be approximately $150,000.00 – $200,000.00.

Ms. Sterling is entitled to her costs and a reasonable attorneys' fee award under Fed. Civ. R. P. 54(d) and 17 U.S.C. § 505 because she is the "prevailing party" on Plaintiffs' claims. (Doc. 200). Additionally, each of the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) weighs in favor of a reasonable attorneys' fees award. Specifically, Ms. Sterling is entitled to a reasonable attorneys' fee award under 17 U.S.C. § 505 because: (1) Ms. Sterling's success on Plaintiffs' copyright claim was total and complete, (2) Plaintiffs' copyright claim against Ms. Sterling was frivolous and objectively unreasonable, (3) Plaintiffs' motivation for bringing the claim is at most questionable, and (4) an award of attorneys' fees to Ms. Sterling will further the goals of the Copyright Act.

## **LEGAL STANDARDS**

Fed. R. Civ. P. 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

17 U.S.C. § 505 states: "In any civil action brought under this title, the court in its discretion may allow the recovery of full costs by or against any party…Except as otherwise provided by this title, the court may also award a reasonable attorney's fees to the prevailing party as part of the costs." A reasonable attorney's fee award under 17

U.S.C. § 505 includes "out-of-pocket expenses incurred by the attorney with are typically charged to a client in the course of providing legal services, such as photocopying, paralegal expenses, travel costs and telephone costs." *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 U.S. Dist. LEXIS 112730, at *38 (S.D. Fla. June 6, 2008).

Successful plaintiffs and defendants are equally entitled to recover costs and attorneys' fees under Section 505. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Factors to be considered by the court in determining whether to award fees include frivolousness, motivation, objective unreasonableness of the losing party's factual and legal positions, and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 535. However, a finding of bad faith or frivolity is not required for an award. *Id.* at 520-21. Indeed, "[w]hile the court may consider culpability, the court is not required to do so." *Lil' Joe Wein Music*, 2008 U.S. Dist. LEXIS 112730, at *12-13 (citing *Fogerty v. Fantasy, Inc.*, 94 F.3d 553, 558 (9th Cir. 1998)); *accord Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987).  In determining whether to award fees to a prevailing party under Section 505, the court should not consider whether the losing party can afford to pay the fees, but must rather consider whether the imposition of fees will further the goals of the Copyright Act. *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999). Last, "[w]hile the award of attorneys' fees under Section 505 lies within the discretion of the district court, where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees is very

strong." *Lil' Joe Wein Music*, 2008 U.S. Dist. LEXIS 112730, at *13 (citing *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005)); *accord Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. 1987).

## ARGUMENT

**1. Ms. Sterling Was Completely Successful on Plaintiffs' Copyright Claim.**

It is undisputed that Ms. Sterling's success on Plaintiffs' copyright claim was total and complete. The jury unanimously concluded that Ms. Sterling did not engage in any copyright infringement. (Doc. No. 200). This factor strongly supports an award of attorneys' fees and costs to Ms. Sterling. *See Lil' Joe Wein Music*, 2008 U.S. Dist. LEXIS 112730, at *13-14 (citing *Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996)).

**2. Plaintiffs' Copyright Claim Was Objectively Unreasonable.**

Plaintiffs' copyright claim was objectively unreasonable, if not frivolous. It is undisputed that Plaintiffs had the burden of proving both originality and substantial similarity. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344 – 345 (1991). Yet, not once prior to or during the litigation did Plaintiffs have any evidence that Crown Academy consisted of or used any copyrightable elements owned by Plaintiffs. This is even after Plaintiffs received complete Crown Academy game files from Ms. Sterling and Roblox, the platform that hosts both Crown Academy and Royale High.

A. **<u>Plaintiffs Knew Crown Academy Did Not Contain Royale High Code Prior to Filing a Lawsuit</u>**

Prior to filing the lawsuit, it is undisputed that Mr. Ndalamba knew that Crown Academy did not use or contain any Royale High materials, let alone materials owned by Mr. Ndalamba or his company Starline Media Inc. Trans. 55:9 – 17, April 4, 2022; Specifically, Mr. Ndalamba admitted that his only source of any information relating to any alleged infringement by Ms. Sterling came from Tyler Gnass—who testified that he did not have any reason to believe Ms. Sterling engaged in any copyright infringement at any time before the litigation began. Def.'s Exhibit 6; Trans. 106:16 – 22, April 4, 2022; Trans. 121:19 – 25, April 5, 2022; Trans. 128:16 – 129:16, April 5, 2022. In fact, even the owner of Royale High, Launcelot DeVault, testified that nothing had been published as of January 2020, which was approximately six months prior to the filling of this lawsuit. Trans. 74:24 – 76:4, April 5, 2022. Mr. Ndalamba even acknowledged his belief, that Crown Academy did not have Royale High code, in communications with Crown Academy programmer Max Gartung dated May 2020—two months before the lawsuit was filed. Def.'s Exhibits 15; Trans. 31:25 – 33:2, April 5, 2022. Despite not having a good faith basis to conclude Crown Academy contained any protectable Royale High source code prior to filing the copyright claim, Plaintiffs filed the claim against Ms. Sterling anyway and litigated it for nearly two years.

B. **Plaintiffs Knew Crown Academy Did Not Contain Code After Discovery in this Case**

During the discovery period, Ms. Sterling provided Mr. Ndalamba three Crown Academy game files: one from November 2019 (JS000142), one from December 2019 (JS000143), and one from August 2020 (JS000144). (Doc. 88). Additionally, Mr. Ndalamba received approximately 710 Crown Academy game files from Roblox. (Doc. 88). Mr. Ndalamba testified that he conducted an analysis of both the place files produced by Ms. Sterling and the Roblox files. Trans. 24:25 – 25:3, April 5, 2022. He testified that he did not find any code in the place files that contained the published Crown Academy game. Trans. 42:19 – 24, April 5, 2022. Despite receiving these files and having some of these files listed on Plaintiffs' exhibit list for trial, Plaintiffs provided no actual comparison evidence at trial showing that the Crown Academy game files contained any source code that Plaintiffs purportedly authored and that were covered by the copyright registrations of record. Plaintiffs did not provide this evidence because no such evidence exists. Plaintiffs knew or, at the very least, should have known during the discovery period of this litigation, of the lack of evidence to support their copyright claim, yet continued to litigate it through the conclusion of a jury verdict on that claim.

C. **Plaintiffs Attempt to Claim Rights Over Materials Not Owned**

To make matters worse, Plaintiffs, in a disingenuous attempt to show substantial similarity between Crown Academy and Royale High, showed the jury screenshots of

elements of Royale High Mr. Ndalamba does not own—he admitted he does not own the Royale High shop user interface or structure (a screenshot of which he tried to use for a comparison). Trans. 26:14 – 27:4, April 5, 2022; Trans. 53:8 – 17, April 5, 2022. He also does not own skirts found in the Royale High game (another screenshot of which he also tried to use for comparison). Trans. 107:19 – 24, April 4, 2022. Mr. Ndalamba claimed to own these elements throughout the litigation only to admit he does not own them at trial during cross examination. The fact that Mr. Ndalamba used screenshots of elements he does not own to try to prove an element of his copyright claim shows the claim was an objectively unreasonable claim, if not completely frivolous.

### D. **Plaintiffs Knew They Were Not Entitled to Statutory Damages**

Despite knowing that Plaintiffs' were unable to recover statutory damages, they continued to litigate this matter and relied on this theory to support their demands for damages. To recover statutory damages, the Plaintiffs were required to show a valid copyright registration within 3 months of the alleged infringement, at the least. However, the allegations in the Complaint, the Amended Complaint, and that were asserted at every point in this case claim any alleged infringement occurred in October – December of 2019. At the time, no copyright registration existed. Plaintiffs did not receive a copyright registration until May 12, 2020—approximately 5 months after the alleged infringement.

Even more, throughout this litigation Plaintiffs have had multiple chances to change course. Plaintiffs brought on new counsel, received Crown Academy place files from Ms. Sterling in discovery, and received several hundred Crown Academy place files from Roblox. At every turn, Plaintiffs were reminded there was no evidence to support the Plaintiffs repeated demands for statutory damages, yet proceeded with forcing Ms. Sterling to defend against this theory. As such, Ms. Sterling is entitled to recovery of attorneys' fees and costs.

### 3. Plaintiffs' Motivation in Filing and Pursuing the Copyright Claim Was, At Best, Questionable.

Plaintiffs' motive for filing and pursing the copyright claim is, at best, questionable. The purpose of the Copyright Act is to protect creative works from misuse. *See ABKCO Music, Inc. v. Sagan*, 500 F. Supp. 3d 199, 211 (S.D. N.Y. 2020). As previously discussed, (a) Mr. Ndalamba knew or had reason to know prior to filing suit that Crown Academy did not contain or use any materials owned by Plaintiffs, Def.'s Exhibits 6 & 15; Trans. 106:16 – 22, April 4, 2022; (b) Mr. Ndalamba admitted his only attempt to resolve this issue informally was to reach out to Ms. Sterling via Twitter (of which he could not testify to any specific discussion in that conversation) prior to filing a lawsuit, Trans. 50:20 – 51:1, April 7, 2022; (c) Mr. Ndalamba knew or had reason to know that Ms. Sterling did not direct or engage in any copyright infringement prior to filing suit Trans. 121:19 – 25, April 5, 2022; Trans; 128:16 – 129:16, April 5, 2022; (d) Mr. Ndalamba received approximately 710 Crown Academy game files during liti-

gation but did not provide any comparison evidence at trial; (e) Mr. Ndalamba continued to press for statutory damages and attorney's fees on the copyright claim until the eve of trial knowing full well such damages and fees were unavailable to Plaintiffs; and (f) Mr. Ndalamba repeatedly demanded six figures in damages knowing that Crown Academy was publicly released in August 2020 containing no source code or assets owned by Plaintiffs, Def.'s Exhibits 6 & 15; Trans. 75:12 – 76:4, April 5, 2022. These facts show that Plaintiffs, despite having a losing copyright claim against Ms. Sterling, continued to litigate the case only because they were interested in a financial windfall that would destroy Ms. Sterling as a competitor. *See Lil' Joe Wein Music, Inc. v. Jackson*, 2008 U.S. Dist. LEXIS 112730, at *21 (S.D. Fla. June 6, 2008) (finding that "the questionable motivation" of Plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an award); *see also Cohen v. Va. Elec. & Power Co.,* 617 F. Supp. 619, 623 (E.D. Va. 1985) (finding that if a Plaintiff has a losing cause of action yet continues to litigate, "there is no reason why the discretion of the Court should not be exercised to award fees") and *Dawes-Ordonez v. Forman*, 418 Fed. Appx. 819, 820 (11th Cir. 2011) (finding that plaintiff demonstrated questionable motives and an unreasonable course of action in not providing any notice of the alleged infringement and taking no steps to resolve the dispute out of court). Additionally, Mr. Ndalamba testified his intentions in bringing this lawsuit go far beyond the protection of a creative work. Specifically, Mr. Ndalamba testified that he knew filing this lawsuit would hurt Ms. Sterling's reputation in the industry and harm

the success of Crown Academy upon its release. Trans. 62:8 – 63:8, April 7, 2022. Yet, despite this knowledge and knowledge of the complete lack of evidence to support his claims of copyright infringement, Mr. Ndalamba continued with filing a lawsuit. Trans. 66:4 – 66:13, April 7, 2022.

### 4. A Fee Award Will Advance Considerations of Compensation and Deterrence.

Awarding fees to Ms. Sterling will further the interests of the Copyright Act by deterring other plaintiffs from bringing objectively unreasonable actions without making an adequate pre-suit investigation. *See Mitek Holdings*, 198 F.3d at 842-43; *see also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. May 5, 2006) (attorney's fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences for losing."). Further, the imposition of fees is warranted to make sure a copyright claim, like the instant claim, based on evidence of elements not even owned by a plaintiff is not filed. Such claims constitute pure harassment and do nothing other than to chill the free flow of ideas and the creation of creative works, which runs counter to the interests of the Copyright Act.

## CONCLUSION

WHEREFORE, Ms. Sterling is entitled to her full costs and a reasonable attorneys' fee award pursuant to Fed. R. Civ. P. 54 and 17 U.S.C. § 505. Accordingly, Ms. Sterling requests leave to file a supplemental motion under Local Rule 7.01(c) setting forth the amount of her reasonable attorneys' fees and costs.

## Local Rule 3.01(g) Certification

I hereby certify that Ms. Sterling's counsel conferred with opposing counsel in an effort to resolve or narrow the issues raised by the instant motion, but we were unable to do so.

DATED: May 27, 2022

Respectfully submitted,

/s/ Thomas Stanton
Thomas H. Stanton, Esq.
tstanton@stantoniplaw.com
Florida Bar No. 127444
STANTON IP LAW FIRM, P.A.
201 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
PH: 813.421.3883

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          */s/ Thomas H. Stanton*
                                          Thomas H. Stanton
                                          Florida Bar No. 127444
                                          Stanton IP Law Firm, P.A.
                                          201 E. Kennedy Blvd. Suite 1900
                                          Tampa, FL 33602
                                          813.421.3883
                                          tstanton@stantoniplaw.com
                                          *Counsel for Plaintiff*