# EXHIBIT A

# Fee and Cost Request of Losey PLLC in
# *Ndalamba v. Trice*, 6:20-CV-1210-GAP-GJK, (M.D. Fla)

## Report of John A. Boudet

John A. Boudet, Esq.

July 27, 2022

## Table of Contents

1. Introduction ...................................................................................................3
2. Opinions .......................................................................................................4
   a. The Number of Hours for which Losey PLLC.................................4
   Seeks Recovery Is Reasonable. ...............................................................4
   b. The Hourly Rates Sought by Losey PLLC ........................................5
   Are Reasonable. .......................................................................................5
   c. Losey PLLC's Requests Are Reasonable Lodestar Amounts for Attorneys' Fees...........................................................................................................6
3. Qualifications................................................................................................6
4. Documents ...................................................................................................7
5. Prior Testimony............................................................................................7
6. Compensation ..............................................................................................8

## 1. Introduction

I have been retained by the law firm of Losey PLLC, counsel for David Ndalamba, Starline Media, Inc. and Tyler Gnass in the action *Ndalamba v. Trice*, 6:20-CV-1210-GAP-GJK, (M.D. Fla) concerning the fees and costs requested by the Losey firm in Plaintiffs' and Counterclaim Defendants' Motion for Attorneys' Fees and Costs filed on February 28, 2022, Docket Entry ("DE") 158. Specifically, I have reviewed the $62,329.00 in fees requested by the Losey firm in connection with litigating the four motions and the Order to Show Cause identified by the Court in its February 14, 2022 Order:

    A. Defendant's Motion to Strike (DE 68);

    B. Plaintiffs' Motion for Extension of Time to Complete Discovery (DE 102);

    C. Defendant's Motion in Limine (DE 106)

    D. Plaintiffs' Motion for Sanctions (DE 141); and

    E. The Court's Order to Show Cause (DE 132).

I have also reviewed the Losey firm's request for $3,682.50 incurred in fees for compiling the Motion for Attorneys' Fees and Costs.

## 2. Opinions

### a. *The Number of Hours for which Losey PLLC Seeks Recovery Is Reasonable.*

The Court's February 14, 2022 Order granted the Plaintiffs' and Counterclaim Defendants' Motion for Sanctions, confirmed the Order to Show Cause and instructed Defendants' Counsel to pay the reasonable fees and expenses of Plaintiffs' and Counterclaims Defendants' counsel for the following five filings: Defendant's Motion to Strike (DE 68), Plaintiffs' Motion for Extension of Time to Complete Discovery (DE 102), Defendant's Motion in Limine (DE 106), Plaintiffs' Motion for Sanctions (DE 141), and the Court's Order to Show Cause (DE 132). As presented in the Motion for Attorneys' Fees and Costs, Losey PLLC seeks recovery for 141.2 hours of attorney time and 14.9 hours of paralegal time that Losey PLLC billed to its client for litigating those matters. It is my opinion that the 141.2 hours of attorney time and 14.9 hours of paralegal time is a reasonable amount of time to litigate the specified matters in light of the complex factual and legal issues involved. Among other complications, prior counsel for the Plaintiffs/Counterclaim Defendants was the victim of a ransomware attack that made ready access to the facts regarding what had been produced in discovery unavailable. In addition, as found by the Court in its February 14, 2022 Order, counsel for the Defendant/Counterclaim Plaintiff persistently claimed to have produced documents that had not been produced and denied receiving documents that, in fact, had been produced. Unraveling these misrepresentations,

4

marshalling the facts necessary to prove those misrepresentations, and persuasively presenting those facts to the Court required considerable time and effort by Plaintiff's counsel. In addition, accusations of professional misconduct against opposing counsel are not to be made lightly. Such matters require an extraordinary level of care and attention to detail by counsel to ensure that every fact alleged and every argument presented is fully supported.

Losey PLLC also seeks to recover 10.5 hours of attorney time and 1.8 hours of paralegal time incurred in preparing the Motion for Attorneys' Fees and Costs. The amount of time requested by the Losey firm is reasonable for the preparation of a motion for fees and costs, including preparing and reviewing redacted billing entries.

### b. <u>The Hourly Rates Sought by Losey PLLC Are Reasonable.</u>

In the Motion for Attorneys' Fees and Costs, Losey PLLC seeks to recover rates ranging from $545 to $325 per hour for attorneys and $125 to $150 for paralegals. These rates are the same rates that Plaintiff agreed to and that Losey has been paid by the Plaintiff in this case and for other work in Central Florida. Based on the experience and qualifications of the attorneys involved in this case, it is my opinion that the rates sought by Losey PLLC are reasonable and within the range of rates generally charged in Central Florida for attorneys with similar experience, qualifications and reputation in federal litigation matters. Likewise, the rates charged by Losey PLLC for paralegals is reasonable and within the range

of rates generally charged for comparably experienced litigation paralegals in Central Florida.

### c. *Losey PLLC's Requests Are Reasonable Lodestar Amounts for Attorneys' Fees.*

A reasonable fee pursuant to the lodestar calculation is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Westgate Resorts, Ltd. v. Castle Law Group, P.C.* 2019 U.S. Dist. LEXIS 152220, at *33-34, 2019 WL 4228551 (M.D. Fla. Aug. 21, 2019). As discussed above the hourly rates sought by Losey PLLC are reasonable for this litigation and consistent with rates charged in Central Florida by attorneys with similar qualifications and experience. The number of hours expended and sought by the Losey firm are also reasonable. Pursuant to the lodestar method multiplying the hours expended by the rate leads to the conclusion that Losey PLLC's request for $62,329.00 for litigating the matters that were the subject of the sanctions and $3,682.50 for the preparation of the Motion for Attorneys' Fees and Costs are reasonable.

### 3. Qualifications

I am a shareholder and Chair of Complex Litigation at GrayRobinson, P.A. I have been a full-time litigator and trial lawyer in private practice in Orlando since 1985. I have been a member of the Bar of the Middle District of Florida since 1986. I have litigated hundreds of cases in the Middle District of Florida and have served as lead trial counsel in numerous cases in this Court. Prior to joining GrayRobinson, I was a partner in the Roetzel & Andress firm in Orlando from

6

2008-2015, and an Equity Shareholder in the Orlando office of Greenberg Traurig from 1996-2008. I obtained my law degree with honors from Florida State University College of Law in 1985.

I am familiar with actions such as this case and with the fees customarily charged by attorneys in this community for services like those rendered in this case. I am also familiar with Florida and federal law on attorneys' fees. I am regularly involved in reviewing and setting hourly rates for attorneys and paralegals at my firm. I have made and defended against claims for fee awards in both state and federal court. I have hired and managed numerous attorneys on behalf of clients and have retained local or separate counsel for litigation. I am familiar with paying and billing for attorney's fees as one who provides legal services in this community and one who manages and receives such legal services. I do not have a curriculum vitae, but a copy of my biography from GrayRobinson's website is attached as Exhibit 1 to this report.

### 4. Documents

In addition to my education and professional experience, a list of the documents that I considered is attached as Exhibit 2 to this report.

### 5. Prior Testimony

I have not testified as an expert witness during the previous 4 years as at trial or by deposition.

7

## 6. Compensation

I am being compensated for my time in this matter at a rate of $600 per hour.

July 27, 2022

John A. Boudet, Esq.
GrayRobinson, P.A.
301 E. Pine St., Suite 1400
Orlando, FL 32801

# EXHIBIT 1

# GRAYROBINSON



## John A. Boudet
**Shareholder**
**Chair, Complex Litigation Group**

john.boudet@gray-robinson.com
407.843.8880

### Focus
- Litigation
- Personal Injury
- Product Liability and Toxic Tort
- Intellectual Property and Technology
- Class Action Defense Law
- Construction

John is chair of the firm's complex litigation group. John has a diverse national practice focusing on complex litigation, including class actions, product liability, business torts, construction, intellectual property, commercial litigation, and other high-stakes litigation. His clients include businesses of all types, from small enterprises to multinational companies. He has also represented a number of prominent individuals including professional athletes, entertainers and Fortune 500 executives. As a trial lawyer for more than 30 years, John has served as lead counsel in a number of high profile cases in both federal and state courts, achieving a national reputation in the presentation of complex technical, scientific and economic evidence.

John first gained national recognition for his representation of E.I. du Pont de Nemours and Company, whom he represented for more than a decade in a series of highly publicized cases involving a recalled agricultural pesticide. He served as lead counsel in dozens of product liability cases throughout the U.S. and Latin America, successfully trying numerous cases to verdict as first-chair trial counsel. John's diverse experience includes a wide variety of cases, including construction, business torts, products liability, intellectual property, RICO claims, securities fraud, probate litigation and personal injury cases, representing both plaintiffs and defendants in jury and non-jury cases. He also has considerable experience in the management and coordination of complex and multi-district litigation, class actions and mass torts involving a variety of industries, including chemicals, tobacco, medical products, building products and consumer products. Prior to joining the firm, John was a Principal Shareholder in the international law firm of Greenberg Traurig, where he served as co-chair of that firm's global products liability and mass torts practice group.

John grew up in Orlando. After graduating from Bishop Moore High School, he attended Florida State University and went on to earn his law degree, with honors, from Florida State University College of Law. John has received numerous professional accolades including being named 2019 Orlando Products Liability Defense Lawyer of the Year, by *Best Lawyers In America* magazine. John has held an "AV/Preeminent" rating by Martindale Hubbell for more than 30 years and is listed in *Florida*

GRAYROBINSON

*Trend's* Legal Elite, *Best Lawyers in America*, *Orlando Magazine's* Best Lawyers in Orlando and Florida *Super Lawyers* magazine. John and his wife, Devon, live in Orlando. They have four sons.

### Education
- **Florida State University, B.S.** (1982)
- **Florida State University College of Law, J.D.** (*with honors*, 1985)
    - National Moot Court Team
    - Student Body Attorney General

### Admissions
- Florida
- U.S. Court of Appeals, 11th Circuit
- U.S. Court of Appeals, 2d Circuit
- U.S. District Court, Middle District of Florida
- U.S. District Court, Northern District of Florida
- U.S. District Court, Southern District of Florida
- U.S. Supreme Court

### Representative Matters
- Trial counsel for a Fortune 100 product manufacturer in a six-month long products liability trial in Honolulu, Hawaii, involving 11 consolidated cases and claimed damages in excess of $50 million
- Trial counsel for a Fortune 100 chemical manufacturer in a RICO jury trial in Miami-Dade County, Florida, involving claims of more than $100 million in environmental damage to properties located in Latin America
- Trial counsel for a Fortune 500 energy company in jury trial in U.S. District Court involving state and federal whistleblower claims exceeding $10 million alleging violations of the Foreign Corrupt Practices Act (FCPA) arising from construction of electrical power plant in Guatemala
- Trial counsel for a software developer in copyright infringement jury trial against global software distributor in U.S. District Court
- Trial counsel for a Fortune 100 manufacturer in a product liability trial in state court in Charlotte County, Florida; the case involved alleged damages of more than $15 million for personal injuries, property damage and fraud
- Trial counsel for a global chemical manufacturer in environmental damage, product liability and fraud jury trial in U.S. District Court involving claimed damages in excess of $10 million
- Trial counsel for prime contractor of V.A. health care facility in Miller Act construction claim brought by an electrical subcontractor in U.S. District Court
- Trial counsel for an individual plaintiff/shooting victim in excessive force/wrongful shooting jury trial in Seminole County, Florida, resulting in substantial compensatory and punitive damage award
- Trial counsel for a plaintiff-homeowner in fraud, breach of warranty and deceptive trade practices claim in Seminole County, Florida, against national pest-control firm
- Lead counsel for Japan-based global technology company in prosecution of multi-million dollar fraud action in Northern District of California

GRAY ROBINSON

- Lead counsel for lessor of commercial equipment lease in successful prosecution of multi-million dollar breach of contract claim in Southern District of New York
- Lead counsel for largest U.S. real estate brokerage firm in defense of tortious interference and unfair trade practices claim involving acquisition of Florida-based brokerage
- Lead counsel for UK-based real estate developer in defense of dozens of federal and state securities fraud actions involving sales of resort hotel condominiums
- Lead counsel for global manufacturer of nutritional supplements in patent infringement, Lanham Act and tortious interference litigation in Florida and Hawaii federal courts
- Lead counsel for major Wall Street investment firm in a series of tortious interference and lender liability cases arising from defaulted municipal bonds in South Florida
- Lead counsel for School Board of Orange County, Florida, in successful defense of a voting rights suit challenging results of $500+ million sales tax referendum
- Lead counsel for chair and CEO of a Fortune 100 company in a series of RICO cases in which the chair was named as an individual defendant; succeeded in obtaining dismissals of all claims
- Lead counsel for global rental car company in a multimillion-dollar claim by its European booking agent in U.S. District Court in Orlando, Florida; the case involved claims for breach of contract, tortious interference, conspiracy, breach of fiduciary duties, and theft of trade secrets
- Lead counsel for Florida-based homebuilder in multidistrict mass-tort product liability litigation in New Orleans, Louisiana, involving Chinese drywall
- Lead counsel for U.S.-based generic drug manufacturer in RICO class action involving claims arising from the development and sale of generic versions of branded prescription drug
- Represented a national real estate developer in defense and settlement of multiple state and federal consumer fraud class actions in Las Vegas, Nevada, involving cancellation of $500 million+ condominium project
- Lead counsel for one of the world's leading high technology firms in a multimillion-dollar product defect, fraud and breach of contract suit involving the computer system for a national transportation network
- Lead counsel for Israel-based producer of biomaterial in multijurisdictional litigation involving alleged pesticide contamination
- Lead counsel for national real estate company in defense of multiple class actions involving properties located on a former U.S. Army bombing range
- Lead counsel for product manufacturer in defense of action brought by national media company under Florida's Sunshine in Litigation Act
- Lead counsel for global medical device manufacturer in national class action involving claims for fraud and false advertising in marketing of medical testing devices
- Lead counsel for prominent professional athlete in defense of highly publicized civil sexual assault claim and prosecution of defamation counter-claim
- Counsel for Dutch-based chemical manufacturer in multiple wrongful death cases involving benzene exposure and leukemia
- Represented a major pharmaceutical manufacturer in multiple wrongful death cases involving a recalled bronchial inhaler used for the treatment of severe asthma attacks
- Represented a national food services company in wrongful death actions brought in connection with a highly publicized double homicide in U.S. District Court in Tampa, Florida

GRAY**ROBINSON**

- Represented a large phosphate mining company in a class action land contamination/toxic torts case in Polk County, Florida
- Represented a Fortune 100 electronics manufacturer in multiple product liability cases involving motor vehicle fires associated with electrical component
- Represented a global electronics manufacturer in product safety/recall investigation involving failure of vendor-supplied computer components
- Represented a UK-based manufacturer of telecommunications equipment in product safety/recall investigation involving electrical fires associated with severe power fluctuations
- Represented a national retailer in implementation and coordination of nationwide recall of children's jewelry containing excess levels of lead
- Represented a major tobacco manufacturer in multiple Engle progeny and secondhand smoking/environmental tobacco litigation cases

### Awards and Recognitions
- AV Preeminent® rated by *Martindale-Hubbell,* 1994-present
- *Best Lawyers in America,* 2010-2022
    - Lawyer of the Year, Product Liability Litigation - Defendants, 2021
    - Lawyer of the Year, Product Liability Litigation – Defendants, 2019
    - Commercial Litigation
    - Litigation - Real Estate
    - Mass Tort Litigation / Class Actions - Defendants
    - Product Liability Litigation - Defendants
- Florida *Super Lawyers*, 2011-2022
- *Florida Trend*, Legal Elite
    - Commercial Litigation, 2013-2016, 2019
- *Orlando Magazine*, Best Lawyers, 2010-2016, 2019-2021
- *Orlando Magazine*, Lawyer of the Year, Product Liability Litigation–Defendants, 2019-2021
- Leadership Orlando, Class of 1991

### Professional Associations and Memberships
- The Florida Bar
    - Trial Lawyers Section
- Orange County Bar Association
- Orange County Hispanic Bar Association, Founding Member

### Civic
- AdventHealth Cardiovascular Institute, Board of Directors (Current)
- Museum of Florida History, Board of Directors (Current Member, Past President)
- Mennello Museum of American Art, President, Board of Directors (Past)
- North Orlando Little League, President (Past)
- Central Florida Coalition for the Homeless, Board Member (Past)

**Languages**
- Fluent in Spanish

# EXHIBIT 2

Facts and Data Considered

In addition to my education and professional experience I considered the following documents, including documents from the docket of *Ndalamba v. Trice,* 6:20-CV-1210-GAP-GJK, (M.D. Fla):

1. Docket Report for *Ndalamba v. Trice,* 6:20-CV-1210-GAP-GJK, (M.D. Fla)
2. Amended Counterclaim filed on 8/27/2020 (DE 20)
3. Amended Complaint filed 8/31/2020 (DE 24)
4. Answer filed on 9/18/2020 (DE 30)
5. Defendant's Motion to Strike filed on 9/17/2021 (DE 68)
6. Response to Motion to Strike filed on 10/22/2021 (DE 84)
7. Order on Motion for Summary Judgment filed on 11/29/2021 (DE 97)
8. Motion for Extension of Discovery Deadline filed on 12/13/2021 (DE 102)
9. Defendants' Motion in Limine filed on 12/17/2021 (DE 106)
10. Defendants' Opposition to Motion for Extension of Time filed on 12/24/2021 (DE 118)
11. Order Granting Motion for Extension of Time to Complete Discovery filed on 1/10/2022 (DE 131)
12. Order to Show Cause filed on 1/10/2022 (DE 132)
13. Response to Order to Show Cause filed on 1/17/2022 (DE 134)
14. Plaintiffs' Response to Motion in Limine filed on 1/21/2022 (DE 135)
15. Transcript of Motion Hearing held on January 10, 2022

16. Motion for Leave to File Reply in Support of Motion in Limine filed on 1/24/2022 (DE 139)

17. Plaintiffs' Motion for Sanctions filed on 1/25/2022 (DE 141)

18. Response to Motion for Sanctions filed on 2/3/2022 (DE 146)

19. Sterling's Reply in Support of Motion in Limine filed on 2/3/2022 (DE 147)

20. Order on Motion in Limine filed on 2/10/2022 (DE 150)

21. Order Granting Sanctions filed on 2/14/2022 (DE 151)

22. Transcript of hearing held on February 9, 2022

23. Motion for Attorneys' Fees filed on 02/08/2022 (DE 158)

24. Response to Motion for Attorneys' Fees filed on 3/11/2022 (DE 173)

25. Billing Records in Composite Exhibit A to Declaration of George Coe

26. Biographies of George Coe, Adam Losey, Robert Rubin and Ian Johnson from losey.law website

27. *Westgate Resorts, Ltd. v. Castle Law Group, P.C.*, 2019 U.S. Dist. LEXIS 152220; 2019 WL 4228551, 6:17-cv-1063-Orl-31DCI (M.D. Fla., Aug. 21, 2019)

28. *Trove Brands LLC v. JH Studios, Inc.*, 2022 WL 827789, 8:19-cv-1809-KKM-AAS (M.D. Fla. Mar. 3, 2022)

29. *Pass-A-Grille Beach Community Church, Inc. v. City of St. Pete Beach*, 2022 WL 1242482, 8:20-cv-1952-TPB-SPF (Apr. 11, 2022)

30. *Flowers v. Eastern Account Sys. Of Connecticut, Inc.*, 2022 WL 1523693, 8:21-cv-1210-KKM-JSS (Apr. 28, 2022)

31. *Poblano v. Russell Cellular, Inc.*, 2022 WL 2373839, 8:19-cv-00265-KKM-AAS (Jun. 14, 2022)